UNITED STATES DISTRICT COURT
DISTRICT OF NORTHER CALIFORNIA
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

HELEN and MARTIN YACK on behalf of themselves    x
and all others similarly situated,

     Plaintiffs, **CV 07 5858**

             **COMPLAINT**

-- against --

             Jury Trial Demanded *PJH*

WASHINGTON MUTUAL INC., SUNLAN-020105,
LLC; SHERIFF'S DEPARTMENT, COUNTY OF LOS
ANGELES, CALIFORNIA; CLERK'S OFFICE,
COUNTY OF BUTTE, CALIFORNIA;

             X

     Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

*[FILED NOV 19 2007, RICHARD W. WIEKING, CLERK U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA — FILE BY FAX — E-filing]*

  Plaintiffs Helen and Martin Yack, individually and on behalf of all others similarly situated, allege as follows:

## NATURE OF THE CASE

  1. Plaintiffs bring this class action against Washington Mutual Inc. ("Washington Mutual") and Sunlan-020105 ("Sunlan") under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (the "FDCPA"); 42 U.S.C. §407(a) of the Social Security Act; California Business & Professional Code § 17200, et seq.; Cal. Civ. Code Civ. Proc. §704.080 and for common law fraud and unjust enrichment on behalf of themselves and all other similarly situated persons who were injured by actions of the defendant.

  2. Plaintiffs also bring this action for declaratory and injunctive relief against the Sheriff's Department of the County of Los Angeles and the Clerk's Office for the County of Butte, California based on (i) violations of plaintiff's due process rights under the

United States California Constitutions in implementing and maintaining a restriction on exempt funds in plaintiffs' checking account for several months in violation of both federal and state law; (ii) executing and enforcing an attachment procedure with regard to exempt funds which is in violation of 42 U.S.C. §407 and thus void under the Supremacy Clause to the Constitution; and (iii) violating 42 U.S.C. §1983 by executing and enforcing an attachment procedure with regard to exempt funds which is in violation of 42 U.S.C. §407; and (iv) executing and enforcing an attachment procedure with regard to exempt funds which is in violation of §§695.030, 699.710, 703.030(b), and 704.080 of the California Code of Civil Procedure.

3. As set forth below, among other violations, defendants froze the checking account of plaintiffs at defendant's bank, despite the fact that the money in the account came exclusively from Social Security and exempt pension funds and was prohibited from being touched under both federal and California law. As a result, plaintiffs were denied use of these exempt funds which were essential to plaintiffs' subsistence from November 17, 2006 until February 15, 2007 -- a period of almost three months.

## PARTIES

4. Plaintiff Helen and Martin Yack reside at 130 Canyon Highlands Drive, Oroville, California 95966-3662.

5. Defendant Washington Mutual, Inc. is, upon information and belief, a Washington corporation with its principal place of business located at 1301 2d Avenue, Seattle, Washington.

6. At all relevant times, Washington Mutual, Inc., together with its subsidiaries, has operated as a consumer and small business banking company in the United States, offering deposit and other retail banking products and services, including checking and interest-bearing checking accounts, personal checking, savings, money market deposit, and time deposit accounts to consumers. As of December 31, 2006, the company operated 2,225 retail banking stores in 36 states.

7. Defendant Sunlan-020105, LLC is a California Limited Liability Corporation with its principal place of business at 8102 E. Santa Cruz Avenue, Orange, California 92869.

8. Defendant Los Angeles County Sheriff's Office is located at 9355 Burton Way, Beverly Hills, California.

9. Defendant County of Butte Clerk's Office is located at 655 Oleander Avenue, Chico, California.

10. Venue is proper in this District under 28 U.S.C. §1391(b), in that all defendants reside in this state, and defendant Washington Mutual resides in this District.

## PLAINTIFFS' CLASS ACTION ALLEGATIONS

11. Plaintiffs bring this action as a class action on behalf of the following persons:

(i) all Washington Mutual account holders who had money received from Social Security or SSI which was deposited in their accounts at Washington Mutual and was either frozen, deducted, executed upon, levied, attached, garnished or otherwise removed or restricted in violation of 42 U.S.C. §407(a);

(ii) all Washington Mutual account holders who had money received from a pension or other source which was exempt from attachment or deduction but was

nevertheless frozen, deducted, executed upon, levied, attached, garnished or otherwise removed or restricted in violation of state or federal law;

(iii) all Washington Mutual account holders with accounts in the State of California which received money from Social Security, SSI or other source, where an amount in that account which is exempt under 42 U.S.C. §407(a) and Cal. Civ. Code §704.080 was either frozen, deducted, executed upon, levied, attached, garnished or otherwise removed or restricted, and who Washington Mutual charged or attempted to charge a legal processing fee;

(iv) all Washington Mutual account holders with accounts in the State of California which received money from Social Security, SSI or other source, where an amount in that account which is exempt under Cal. Civ. Code §704.080 was either frozen, deducted, executed upon, levied, attached, garnished or otherwise removed or restricted;

(v) all judgment debtors of Sunlan-020105 who, despite having money in bank accounts which was exempt under federal or state law from attachment, levy or other legal process, had their bank accounts frozen by Sunlan, and were forced to raise and pursue exemptions despite the fact that Sunlan was told that some or all of the amounts frozen could not be executed upon under either federal or state law;

(vi) all persons in Butte County, Los Angeles County or elsewhere in California who have bank or checking accounts which contain funds which are exempt from execution, attachment, levy, garnishment or other legal process under 42 U.S.C. §407(a), Cal. Civ. Code §704.080, §§695.030, 699.710, and 703.030(b) without making a claim but were nevertheless subject to attachment by California local and/or state authorities.

12. Excluded from the Class are the Defendants, officers and directors of the

Defendants, members of their immediate families and their legal representatives, heirs,

successors or assigns and any entity in which Defendants have or had a controlling interest.

13. The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiffs at this time and can only be determined through appropriate discovery, Plaintiffs believe there are tens of thousands of members of the Class throughout California.

14. Plaintiffs' claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of the federal and state laws complained of herein.

15. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since the damages suffered by members of the Class may be small, the expense and burden of individual litigation makes it virtually impossible for the Class members to seek redress on an individual basis for the wrongful conduct alleged. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class are the following:

(a) Whether Washington Mutual routinely and systematically violated 42 U.S.C. §407(a);

(b) Whether Washington Mutual routinely and systematically violated Cal. Civ. Code §704.080;

(c) Whether Washington Mutual routinely and systematically violated 15 U.S.C. 1692 of the Fair Debt Collection Practices Act by engaging in collection practices which were prohibited by state and federal law;

(d) whether Washington Mutual systematically violated §17200 of California's Unfair Competition Law;

5

    (e) whether Sunlan-02015 routinely violated federal and state law by unlawfully attaching exempt funds and maintaining such attachments despite knowledge that most or part of the funds sought were not subject to levy;

    (f) whether the Los Angeles County Sheriff's Office, the Butte County Clerk's Office and other state and local California officials have routinely pursued and executed the levy and attachment of funds in bank or checking accounts which are exempt from execution, attachment, levy, garnishment or other legal process under 42 U.S.C. §407(a), Cal. Civ. Code §§704.080, 695.030, 699.710, and 703.030(b), and have allowed the maintenance of such attachments in violation of federal and California law;

    (g) whether Defendants were unjustly enriched by their actions; and

    (h) whether the members of the Class have sustained damages as a result of the actions of Defendants complained of herein.

## FACTS

16. Plaintiffs Helen and Martin Yack have been continuous customers of Washington Mutual since about 1993.

17. Since approximately 1990, Martin Yack has been receiving Pension Benefits from the Bay Area Painter Pension Fund.

18. Since approximately 1990, Martin Yack has also been receiving Social Security benefits from the Social Security Administration.

19. After being told that their Social Security and pension benefits would be safe and available when needed through direct deposit, the Yacks agreed to have the pension and Social Security benefits directly deposited to their checking account at Washington Mutual.

20. Thereafter, every month, Martin Yacks' Social Security and pension benefits were directly deposited into the Yack's checking account at Washington Mutual.

6

21. The above amounts were the Yack's sole source of income, and virtually the only amounts which were deposited into the Yack's checking account at Washington Mutual.

22. In or about 2000, Helen Yack spent over a month in Stanford Medical Center due to medical problems, and had surgery on her pancreas.

23. At some point thereafter, Martin Yack was treated for prostate cancer, and suffered a subsequent heart attack.

24. The Yacks paid some of their medical bills with a credit card, but had difficulty paying their credit card bills.

25. At some point thereafter, their credit card company hired defendant Sunlan-020105, a debt collector, in an attempt to recover these outstanding amounts.

26. Thereafter, Sunlan obtained a judgment against the Yacks in Butte County Superior Court in the amount of $10,383.61.

27. Sunlan then got the Clerk's Office in Butte County to prepare a Writ of Execution in the amount of the judgment, and issued a copy of the Writ of Execution to the Sheriff's Office in the County of Los Angeles.

28. Pursuant to the Writ of Execution, a Notice of Levy was mailed to Washington Mutual on November 17, 2007.

29. On November 20, 2006, Washington Mutual withdrew the remaining $237.00 in the Yacks' account and delivered it to the Los Angeles County Sheriff pursuant to the Notice of Levy.

30. On November 20, 2006, Washington Mutual also withdrew a "legal processing fee" of $75 from the Yacks' account in connection with the levy.

31. Before transferring such funds, Washington Mutual was aware that the money in the Yack's checking account came from funds which were exempt from attachment under both federal and state law.

32. Moreover, the Yacks and their attorney had advised Washington Mutual that the funds in the Yack's account were exempt from levy or attachment under both federal and state law.

33. Under 42 U.S.C. §407(a), the bank has an obligation to insure that funds from Social Security such as those in the Yack's account are not subject to attachment, levy or any other legal process which interrupts the beneficiary's use of moneys received as benefits. Washington Mutual failed to comply with this statute in withdrawing all the funds from the Yacks' checking account, and in charging the Yacks' a fee for a levy which was improper under both federal and California law. .

34. Under Cal. Civ. Code Civ. Proc. §704.080, the bank has an obligation to insure that certain minimum amounts of Social Security and public benefits payments in its customers' bank and checking accounts are not subject to any procedure for enforcement of a money judgment without the customer being required to make a claim of exemption. Washington Mutual failed to comply with this statute in withdrawing all the funds from the Yacks' checking account, and in charging the Yacks' a fee for a levy which was improper under federal and California law.

35. Upon information and belief, Washington Mutual regularly permits the attachment, freezing and/or withdrawal of funds which are deposited into customers' accounts from Social Security or other sources despite their being statutorily exempt from attachment, levy or any other procedure for enforcement of a money judgment.

36. Upon information and belief, contrary to the requirement that banks prevent attachment of Social Security payments or other statutorily-exempt funds in the first instance, Washington Mutual routinely requires California account-holders to file exemptions in Court and will not release the attached funds until it is ordered to release such funds. This is often months later, as happened in the case of the Yacks.

37. Thus, on November 24, 2006, the Yacks filed a claim of exemption noting that the fees which were the subject of the levy were exempt under 42 U.S.C. §407(a), Cal. Civ. Code Civ. Proc. §704.080, and §704.115.

38. Under California law, where parties are required to file a claim of exemption, §703.550 of the California Code of Civil Procedure gives a judgment creditor up to ten days from service of the notice of claim of exemption to file an opposition to the claim of exemption.

39. On December 6, 2006, Sunlan-020105, through its attorneys Kenosian & Miele, filed a Notice of Opposition to the Yacks' Claim of Exemption.

40. Under §703.550 of the California Code of Civil Procedure, a California court has up to 20 days from the date that the judgment creditor's opposition to the claim of exemption is filed to have a hearing on the propriety of the attachment of the exempt funds. Moreover, under §703.590, the Court may extend the time in which the hearing is to held.

41. Even after a California court determines that a levy or attachment is improper, §703.610 of the California Code of Civil Procedure prohibits the levying officer from releasing the attached funds "until an appeal is waived" or "the time to file an appeal has expired."

42. In the case of the funds withdrawn from the Yacks' account, the Superior Court of California for the County of Butte did not hold a hearing on the attached funds until February 9, 2007, when the Court finally found that the Yacks' "funds are exempt from levy under CCP §704.080(b)(2) and CCP §704.115(b)."

43. The Order releasing the attached funds was not issued until February 15, 2007.

44. An article published in The Wall Street Journal on April 28, 2007 described Washington Mutual's treatment of the Yacks, and indicated that the practice of freezing statutorily exempt Social Security benefits was common in the banking industry.

### AS AND FOR A FIRST CLAIM FOR RELIEF
(Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., Against All Washington Mutual and Sunlan-020105)

45. Plaintiffs repeat and reallege Paragraphs 1 through 44f the Complaint as if fully set forth herein.

46. Washington Mutual and Sunlan are debt collectors within the meaning of 15 U.S.C. § 1692a for purposes of the amount purportedly owed by the Yacks for medical services.

47. In freezing the Yack's account and levying funds which were exempt from levy under both 42 U.S.C. §407(a) and Cal. Civ. Code §704.080, Washington Mutual and Sunlan have violated §1692e and §1692f of the FDCPA.

48. In charging a levying fee to the Yack's account for levying funds which were exempt from levy under both 42 U.S.C. §407(a) and Cal. Civ. Code §704.080, Washington Mutual violated §1692e and §1692f of the FDCPA

10

49. As a result of defendants' actions, plaintiffs have sustained damages in an amount to be determined at trial.

### AS AND FOR A SECOND CLAIM FOR RELIEF
(Anti-Attachment Provision of the Social Security Act, 42 U.S.C. § 407 et seq., Against All Defendants)

50. Plaintiffs repeat and reallege Paragraphs 1 through 49 of the Complaint as if fully set forth herein.

51. In freezing the Yack's account and levying funds which were contained therein, defendants violated 42 U.S.C. §407(a) of the Social Security Act.

52. As a result of defendants' actions, plaintiffs have sustained damages in an amount to be determined at trial.

### AS AND FOR A THIRD CLAIM FOR RELIEF
(Violation of § 704.080 of the California Civil Code Against Washington Mutual)

53. Plaintiffs repeat and reallege Paragraphs 1 through 52 of the Complaint as if fully set forth herein.

54. In freezing the Yack's account and levying funds which were contained therein, Washington Mutual violated §704.080 of the California Civil Code.

55. As a result of Washington Mutuals' actions, plaintiffs have sustained damages in an amount to be determined at trial.

### AS AND FOR A FOURTH CLAIM FOR RELIEF
(Violation of Cal. Civil Code 1788.10 et seq.)

56. Plaintiffs repeat and reallege Paragraphs 1 through 55 of the Complaint as if fully set forth herein.

57. Washington Mutual and Sunlan are debt collectors within the meaning of Cal. Civil Code 1788.10 et seq.

58. In freezing the Yack's account and levying funds which were exempt from levy under both 42 U.S.C. §407(a) and Cal. Civ. Code §704.080, Washington Mutual and Sunlan have violated Cal. Civil Code 1788.17.

59. In charging a levying fee to the Yack's account for levying funds which were exempt from levy under both 42 U.S.C. §407(a) and Cal. Civ. Code §704.080, Washington Mutual violated Cal. Civil Code 1788.17.

60. As a result of defendants' actions, plaintiffs have sustained damages in an amount to be determined at trial.

### AS AND FOR A FIFTH CLAIM FOR RELIEF
(Unfair Business Practices, Cal. Bus. & Prof. Code § 17200, et seq., Against Washington Mutual and Sunlan-020105)

61. Plaintiffs repeat and reallege Paragraphs 1 through 55 of the Complaint as if fully set forth herein.

62. By reason of defendants' violation of §704.080 of the California Civil Code, §1692e and §1692f of the FDCPA, and 42 U.S.C. §407(a) of the Social Security Act, Washington Mutual and Sunlan-020105 have engaged in a pattern of unfair and deceptive business practices under California Business & Professional Code § 17200.

63. As the result of Washington Mutual and Sunlan-020105 violations of California Business & Professional Code § 17200, et seq., plaintiffs and other members

of the Class with bank accounts in California are entitled to injunctive relief, restitution, costs and reasonable attorneys' fees.

64. Moreover, to the extent a class is not certified on the California Unfair Competition Law claim, plaintiffs bring the claim as a representative action on behalf of the general public pursuant to § 17204 of the California Civil Code.

### AS AND FOR A SIXTH CLAIM FOR RELIEF
**(Due Process And Supremacy Clause Claim Against Los Angeles County Sheriff's Office And Butte County Clerk's Office)**

65. Plaintiffs repeat and reallege Paragraphs 1 through 59 of the Complaint as if fully set forth herein.

66. In pursuing and executing the levy and attachment of funds in bank or checking accounts which are exempt from execution, attachment, levy, garnishment or other legal process under 42 U.S.C. §407(a), Cal. Civ. Code §§704.080, 695.030, 699.710, and 703.030(b), and allowing the maintenance of such attachments for several months, the Los Angeles County Sheriffs Office and the Butte County Clerk's Office have violated the Yacks' due process rights under the federal and California Constitutions.

67. Upon information and belief, the Los Angeles County Sheriffs Office, the Butte County Clerk's Office and other local and state officials in California routinely require beneficiaries of Social Security payments to affirmatively prove their right to an exemption under the procedures set forth in California Code Of Civil Procedure §§703.510-703.600, notwithstanding the exempt nature of such funds without making any such claim of exemption under 42 U.S.C. §407(a) and Cal. Civ. Code §§704.080.

13

68. In forcing account-holders to go through the exemption process set forth in California Code Of Civil Procedure §§703.510-703.600, the Los Angeles County Sheriffs Office, the Butte County Clerk's Office and other local and state officials in California routinely violate the due process rights of Social Security recipients and the recipients of other benefits subject to exemption without making any claim.

69. Moreover, to the extent that California law can be interpreted as requiring judgment debtors with accounts containing funds exempt under 42 U.S.C. §407(a) to affirmatively prove their right to an exemption under the procedures set forth in California Code Of Civil Procedure §§703.510-703.600, then California Code of Civil Procedure §§703.510-703.600 as applied in these cases is in direct conflict with 42 U.S.C. §407(a) and thus void under the Supremacy Clause of the United States Constitution.

### AS AND FOR A SEVENTH CLAIM FOR RELIEF
### (42 USC §1983 Claim Against Los Angeles County Sheriff's Office And Butte County Clerk's Office)

70. Plaintiffs repeat and reallege Paragraphs 1 through 69 of the Complaint as if fully set forth herein.

71. By reason of the above, defendants the Los Angeles County Sheriffs Office and the Butte County Clerk's Office have violated 42 U.S.C. §1983.

**WHEREFORE**, Plaintiffs respectfully pray for relief and judgment as follows:

    (i)    Determining that this action is a proper class action, certifying Plaintiffs as class representatives under Rule 23 of the Federal Rules of Civil Procedure;

(ii)  Awarding compensatory, statutory and punitive damages in favor of Plaintiffs and the other Class Members against the Defendants for all damages sustained as a result of the Defendants' wrongdoing, in an amount to be established at trial, including interest thereon;

(iii) Enjoining Defendants from engaging in any future conduct that violates the California Unfair Competition Law, Cal. Civil Code §17200;

(iv)  Declaring that requiring judgment debtors with accounts containing funds exempt under 42 U.S.C. §407(a) to affirmatively prove their right to an exemption under the procedures set forth in California Code Of Civil Procedure §§703.510-703.600 violates 42 U.S.C. §407(a), and thus is improper under the Supremacy Clause of the United States Constitution.

(v)   Declaring that requiring judgment debtors with accounts containing funds exempt under 42 U.S.C. §407(a) and §704.080 of the California Code of Civil Procedure to affirmatively prove their right to an exemption under the procedures set forth in California Code Of Civil Procedure §§703.510-703.600 violates the due process clause of the federal and California Constitutions;

(vi)  Enjoining defendants from requiring judgment debtors with accounts containing funds exempt under 42 U.S.C. §407(a) and §704.080 of the California Code of Civil Procedure to affirmatively prove their right to an exemption under the procedures set forth in California Code Of Civil Procedure §§703.510-703.600; and

(vii) Awarding such other and further relief as the Court deems just and appropriate.

Dated: November 16, 2007

_____
Martin Yack

_____
Helen Yack

15