JAMES F. McCABE (CA BAR NO. 104686)
ADRIANO HRVATIN (CA BAR NO. 220909)
SARAH E. GRISWOLD (CA BAR NO. 240326)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522
Email: jmccabe@mofo.com

Attorneys for Defendant
WASHINGTON MUTUAL BANK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HELEN and MARTIN YACK, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WASHINGTON MUTUAL, INC.; SUNLAN-020105, LLC; SHERIFF'S DEPARTMENT, COUNTY OF LOS ANGELES, CALIFORNIA; CLERK'S OFFICE, COUNTY OF BUTTE, CALIFORNIA; and DOES 1-10,<br><br>Defendants. | Case No. C-07-5858 PJH<br><br>**DEFENDANT WASHINGTON MUTUAL BANK'S REQUEST FOR ADMINISTRATIVE RELIEF FROM RESPONDING TO PLAINTIFFS' AMENDED COMPLAINT** |

## INTRODUCTION

After Plaintiffs failed to appear for the initial case management conference on February 28, 2008, and for an April 3 hearing on an order to show cause why the case should not be dismissed, the Court issued an order on April 4 dismissing this suit for failure to prosecute. On the same day, Plaintiffs' counsel Dean Paik addressed a letter to the Court. Mr. Paik represented that "we have recently been retained to represent the plaintiffs" and that "we did not know in advance" of the show cause hearing that resulted in the case's dismissal. Based on Mr. Paik's representations, the Court vacated its dismissal order and scheduled a second case management conference. Defendant Washington Mutual Bank (incorrectly sued as Washington Mutual, Inc.) believes, however, that Mr. Paik's representations were misleading, at least by omission. Contrary to counsel's representations, it appears that Plaintiffs' New York counsel, Paul Grobman (who is not admitted in this district), may have been representing Plaintiffs for several months, since the time this case was first filed, and it is unclear when Mr. Paik was first engaged. Washington Mutual brings this request for administrative relief from responding to Plaintiffs' complaint until several threshold facts, which strike to the integrity of this Court's orders, are resolved.

## STATEMENT

This action derives from Plaintiff Helen Yack's failure to pay a credit card debt initially owed to a non-party. According to the amended complaint, Ms. Yack's credit card provider enlisted a third-party debt collector, defendant Sunlan-020105, to recover the unpaid credit card balance. Sunlan obtained a judgment against Ms. Yack for approximately $10,000 in Butte County Superior Court. A writ of execution was issued to the Sheriff's Office for the County of Los Angeles. Pursuant to the writ, a notice of levy was mailed to Washington Mutual Bank, where Ms. Yack and her husband Martin Yack held a joint checking account. Plaintiffs allege the bank froze their account, collected a legal process fee of $75, withdrew the amount remaining in the account ($237) and delivered the funds to the Sheriff. (Docket No. 5 at ¶¶ 31–37.)[1]

---

[1] Should this case be litigated, Plaintiffs' allegations will be shown to be misleading at best, and false at worst. Washington Mutual's offer of proof is as follows: on receipt from the
(Footnote continues on next page.)

Plaintiffs complain that defendants in varying ways violated several federal and state statutes related to debt-collection practices in connection with the attempted execution of the judgment in favor of Sunlan. Plaintiffs claim that the funds in their joint checking account consisted of Social Security direct deposits and pension benefits exempt from levy but that they were still denied use of these funds for three months. (*See id.* ¶¶ 3, 40–50.)[2]

On November 19, 2007, Plaintiffs filed the complaint that commenced this action. The Court's copy of the complaint indicates that it was filed by fax. (Docket No. 1.) When the complaint was filed, the Court's Clerk immediately issued an initial case management scheduling order. On November 20, a correction to the complaint was sent by fax from 212.682.7060, and filed with the Clerk. (*Id.*) Plaintiffs did not list any counsel on their complaint — they purported to act *in propria persona*. Washington Mutual is informed that the customary practice of fax-and-file services is to fax to whoever engaged them any papers thereafter issued by the Clerk's office once the complaint is filed.

An initial case management conference was held on February 28, 2008. Plaintiffs neither filed the required case management statement nor appeared at the conference. On February 29, the Court issued an order directing Plaintiffs to appear on April 3 to show cause why their claims should not be dismissed for failure to prosecute and for failure to serve any defendant. The order warned that the case would be dismissed if Plaintiffs failed to appear. (Docket No. 4.)

---

(Footnote continued from previous page.)

Sheriff of a notice of levy on November 20, 2006, the bank froze the balance in Plaintiffs' account, but delivered no funds to the Sheriff. Instead, the bank provided the Sheriff with notice that since the account was jointly held by a non-debtor (Mr. Yack), it would not deliver funds until the Sheriff had completed a statutory procedure notifying Mr. Yack of the levy. Eight days later, the bank revised its notice to the Sheriff, stating that all funds in the account were exempt from levy. The bank explained that since the account contained Social Security direct deposits, and the balance was below the automatic exemption threshold provided by California Code of Civil Procedure Section 704.080, the bank would not deliver any property to the Sheriff. Washington Mutual will prove that the freeze on Plaintiffs' account was lifted on the same day, November 28, and that all funds — including the legal process fee — were credited back to the account at that time.

[2] *But see* n.1.

On March 6, 2008, Plaintiffs filed an amended complaint. (Docket No. 5.) The amended pleading is nearly identical to the original complaint. The amended complaint, however, lists as Plaintiffs' counsel Dean Paik, of San Francisco, and Paul Grobman, of New York. Mr. Grobman's fax number (212.682.7060) appears on the caption page of the amended complaint and confirms that he prepared Plaintiffs' original "in pro per" complaint: the same fax number is found in the original complaint's fax header. (*Compare* Docket No. 1 *with* Docket No. 5.)

Once again, on April 3, Plaintiffs failed to appear — in person or through counsel — at the order to show cause hearing. On April 4, the Court issued an order dismissing the case. The dismissal order noted that an amended complaint had been filed on March 6, bearing the names of Mr. Paik and Mr. Grobman. The Court observed, however, that counsel had not filed a substitution of attorney, contacted the Court nor attempted to meet any deadline previously imposed by the Court. (Docket No. 8.)

On April 4, 2008, Mr. Paik wrote to the Court alleging that "[w]e have recently been retained to represent" Plaintiffs. (Declaration of James F. McCabe in Support of Defendant Washington Mutual Bank's Request for Administrative Relief from Responding to Plaintiffs' Amended Complaint ("McCabe Decl.") Ex. A.) He stated that "we did not know in advance of the [show cause] hearing, and, in fact, first learned that the Court had scheduled the hearing after it had occurred." According to Mr. Paik, "[c]onfusion arose from the fact that we did not know of the Court's February 29, 2008 order to show cause." (*Id.*)

On April 7, 2008, the Court vacated its dismissal order and scheduled a case management conference for May 15. The order directed that Mr. Paik file a substitution of counsel by April 11, which he did on April 9. (*See* Docket Nos. 9, 10 and 12.)

Before defense counsel were aware of the proceedings regarding the Court's order to show cause, they requested that Mr. Paik agree to an extension of the time to respond or otherwise plead to Plaintiffs' amended complaint. On April 17, 2008, Mr. Paik agreed to extend the response deadline to May 2, 2008. (McCabe Decl. ¶ 4.) Before filing this request, counsel

1  for Washington Mutual spoke by telephone with Mr. Paik, and renewed Washington Mutual's
2  request that Plaintiffs dismiss the complaint.[3]  Mr. Paik declined to do so.  (*Id.* ¶ 3.)

### ARGUMENT

Washington Mutual seeks to be excused from responding or otherwise pleading to the complaint until the Court has an opportunity to inquire whether its reinstatement of the complaint was procured on the basis of a less-than-candid recitation of the facts by Plaintiffs' counsel.

*First*, Mr. Paik's April 4 letter states that "[w]e have recently been retained to represent" Plaintiffs, but does not make clear that "we" refers only to Mr. Paik's firm, Cohen & Paik LLP. Mr. Grobman plainly provided Plaintiffs with legal services prior to the filing of the amended complaint, and indeed, obviously wrote the original complaint.  He presumably did not list himself as counsel on the original complaint since he is not admitted to practice in California.

*Second*, Mr. Paik's letter also states:  "*[w]e did not know in advance of the [order to show cause] hearing.*"  Once again, "we" is ambiguous.  Mr. Paik may not have known of the hearing, but what about Mr. Grobman?  His use of a fax-and-file service gives rise to the implication that he: (i) received the *original* initial case management scheduling order; (ii) was on notice of the *first* case management conference at which Plaintiffs failed to appear; and (iii) had a case number with which he could check the docket on PACER to ascertain the case's status.

*Third*, even if Mr. Paik *actually* did not know of the Court's deadlines, he *should have* known.  An attorney substituting into a case is charged with knowledge of the proceedings that have taken place prior to his appearance as counsel.  *See* Schwarzer, et al., California Practice Guide, *Fed. Civ. Proc. Before Trial*, ¶ 17:347 (2008) (citing *Aetna Life Ins., Co. v. Alla Medical Services, Inc.*, 855 F.2d 1470, 1477 (9th Cir. 1988)).  The amended complaint was filed almost a

---

[3] On April 2 and 3, 2008, Washington Mutual's counsel asked Mr. Paik to dismiss the case voluntarily because Plaintiffs lack standing to assert their claim.  Plaintiffs filed a petition in bankruptcy after the events underlying this suit.  That petition operated to transfer the claim to the bankruptcy trustee.  However, the claim did not revert to Plaintiffs on discharge, since Plaintiffs did not schedule the claim in their bankruptcy petition.  The claim is thus still held by the bankruptcy trustee.  Counsel for Washington Mutual provided Mr. Paik with Plaintiffs' bankruptcy petition, the discharge order and citations to the controlling authorities.  Mr. Paik declined to dismiss the complaint.  (McCabe Decl. ¶ 1.)

month before the April 3 order to show cause hearing.  Mr. Paik's retention was not so "recent" as to excuse the required review of the case's docket to learn of any pending deadlines or orders.

## CONCLUSION

Mr. Paik's April 4 letter failed to advise the Court of a number of matters which may have been material to its decision to reinstate the complaint.  Washington Mutual thus requests that no defendant be required to respond or otherwise plead to the complaint until the Court has been provided:

(1) a declaration from Mr. Grobman indicating when he first provided advice or services to Plaintiffs related to the subject matter of this lawsuit and whether he received the case management scheduling order issued on November 19;

(2) if Mr. Grobman denies having received the scheduling order, a declaration from a knowledgeable person at the service that fax-filed the complaint and its correction indicating whether its records can support or refute that denial; and

(3) a declaration from Mr. Paik indicating:  (a) when his firm first provided services in the case; (b) when anyone at his firm first became aware of the existence or contents of the Court's February 29 order to show cause; and (c) when anyone affiliated with his firm first reviewed the Court's docket in this case.

If, after receiving such information, the Court concludes that reinstatement of Plaintiffs' complaint was not improperly procured, Washington Mutual respectfully requests that the Court establish a time for defendants to respond that is at least ten days after entry of the Court's order.

Dated:  April 17, 2008
JAMES F. McCABE
ADRIANO HRVATIN
SARAH E. GRISWOLD
MORRISON & FOERSTER LLP

By:   /s/ James F. McCabe
        James F. McCabe

Attorneys for Defendant
WASHINGTON MUTUAL BANK