TOMIO B. NARITA (SBN 156576)
ROBIN M. BOWEN (SBN 230309)
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4811
Telephone: (415) 283-1000
Facsimile:  (415) 352-2625
tnarita@snllp.com

Attorneys for Defendant
Sunlan-020105, LLC

JAMES F. MCCABE (SBN 104686)
ADRIANO HRVATIN (SBN 220909)
SARAH E. GRISWOLD (SBN 240326)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522
jmccabe@mofo.com

Attorneys for Defendant
Washington Mutual Bank

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELEN and MARTIN YACK on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WASHINGTON MUTUAL INC., SUNLAN-020105, LLC; SHERIFF'S DEPARTMENT, COUNTY OF LOS ANGELES, CALIFORNIA; CLERK'S OFFICE, COUNTY OF BUTTE, CALIFORNIA; and DOES 1-10,<br><br>Defendants. | CASE NO.: C 07-5858-PJH<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS OF DEFENDANTS SUNLAN-020105, LLC AND WASHINGTON MUTUAL BANK; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>DATE:    June 25, 2008<br>TIME:    9:00 a.m.<br>CTRM:   3<br><br>The Honorable Phyllis J. Hamilton |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 25, 2008, commencing at 9:00 a.m. or as soon thereafter as the matter may be heard, in Courtroom 3 of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, 17th Floor, San Francisco, California, 94102, the Honorable Phyllis J. Hamilton presiding, Defendants Sunlan-020105, LLC ("Sunlan") and Washington Mutual Bank (incorrectly sued herein as Washington Mutual, Inc.) ("WaMu") will and hereby do move this Court for an Order dismissing Plaintiffs' Complaint, pursuant to Rule 12(b)(1) and Rule 12(h)(3), or Rule 12(b)(6), of the Federal Rules of Civil Procedure.

The Motion is made on the grounds that Plaintiffs lack standing to pursue their alleged claims because they failed to list the claims in their bankruptcy proceeding, and are judicially estopped from pursuing claims held by the bankruptcy trustee.

Accordingly, Sunlan and WaMu respectfully request that the Court enter an Order dismissing the claims asserted against them in Plaintiffs' Complaint.

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities in Support of the Motion, the Request for Judicial Notice in Support of the Motion, all the records on file in this action, and on such other and further evidence and argument as the Court may permit in connection with the Motion.

DATED: May 7, 2008        SIMMONDS & NARITA, LLP
                          TOMIO B. NARITA
                          ROBIN M. BOWEN


                          By:    /s/ Robin M. Bowen
                                 Robin M. Bowen
                                 Attorneys for Defendant
                                 Sunlan-020105, LLC

DATED: May 7, 2008

MORRISON & FOERSTER LLP
JAMES F. MCCABE
ADRIANO HRVATIN
SARAH E. GRISWOLD

By: /s/ James F. McCabe
James F. McCabe
Attorneys for Defendant
Washington Mutual Bank

1 **MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Plaintiffs Helen and Martin Yack (the "Yacks") lack standing to bring any of the claims they have asserted in this action against Defendants Sunlan-020105, LLC ("Sunlan") and Washington Mutual Bank ("WaMu").  The Yacks filed for bankruptcy in July 2007, and they were aware of their alleged claims against Sunlan and WaMu, but failed to disclose them in the schedules to their bankruptcy petition.  When a bankruptcy petitioner fails to list an asset in his petition, the bankruptcy estate retains ownership of that asset after the petitioner's debts are discharged.

Thus, the Yacks lack standing to pursue any of the claims they have asserted against Sunlan and WaMu in this case, and their lack of standing deprives this Court of subject matter jurisdiction.  Moreover, if the Yacks were to reacquire their claims, they are still judicially estopped from asserting them.  Sunlan and WaMu respectfully request that the Court enter an Order under Rule 12(b)(1), Rule 12(h)(3), or Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissing the claims against Sunlan and WaMu.

**II.   THE ALLEGATIONS OF THE COMPLAINT**

After the Yacks failed to pay their credit card debt, Sunlan purchased the account, filed suit, and obtained a judgment against them in California Superior Court for Butte County.  Amended Complaint ("Complaint") at ¶ 31-33.  In late 2006, at Sunlan's request, the Sheriff's Office of Los Angeles County served a Writ of Execution and Notice of Levy upon WaMu, seeking to place a levy on the Yacks' account in order to satisfy the judgment.  *Id.* at ¶ 34-36.  The Yacks allege that WaMu withdrew from their checking account a legal processing fee in

connection with the levy and withdrew and delivered the remaining funds to the Los Angeles County Sheriff pursuant to the Notice of Levy. *Id.* at ¶ 36-37. They claim that virtually all the funds in their WaMu account were Social Security and pension benefits, and were therefore exempt from levy. *Id.* at ¶ 24-28. The Yacks further allege that they told WaMu that the funds in their account were exempt from attachment and that WaMu knew that the funds were exempt before transferring the funds. *Id.* at ¶ 38-39.

The Yacks purportedly "filed a claim of exemption noting that the fees which were the subject of the levy were exempt" from levy, and thereafter Sunlan filed a Notice of Opposition to the Yacks' claimed exemption. *Id.* at ¶ 44 and 46. They claim that the Butte County Superior Court ultimately found that the funds in the Yacks' account were exempt from levy on February 9, 2007, and issued an order releasing the funds on February 15, 2007. *Id.* at ¶ 49-50.

Based on these allegations, the Yacks assert four causes of action in their Amended Complaint against both Sunlan and WaMu. First, the Yacks allege that Sunlan and WaMu violated Sections 1692e and 1692f of the Fair Debt Collection Practices Act by "freezing the Yack's [sic] account and levying funds which were exempt from levy under both 42 U.S.C. §407(a) and Cal. Civ. Code §704.080." *Id.* at ¶ 54. Second, they claim that by "freezing the Yack's [sic] account and levying funds which were contained therein, [Sunlan and WaMu] violated 42 U.S.C. §407(a) of the Social Security Act." *Id.* at ¶ 58. Third, the Yacks allege that Sunlan and WaMu violated California Civil Code Section 1788.17, again by "freezing the Yack's [sic] account and levying funds which were exempt from levy under both 42 U.S.C. §407(a) and Cal. Civ. Code §704.080." *Id.* at ¶ 65. Fourth, the Yacks claim that by violating the FDCPA and the Social Security Act, Sunlan and WaMu "engaged in a pattern of unfair and deceptive business practices under California Business & Professional Code § 17200." *Id.* at ¶ 69. The Yacks

separately allege another claim against WaMu under Section 704.080 of California's Civil Code for purportedly freezing Plaintiffs' account and levying the funds therein. *Id.* at ¶ 61.

On July 20, 2007, the Yacks, through their retained bankruptcy counsel, filed a Voluntary Petition under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of California.[1]  In Schedule B to their Voluntary Petition, the Yacks did <u>not</u> disclose any of the claims they are now pursuing in this case. Rather, by checking "NONE" in the section requiring Plaintiffs to list "[o]ther contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims," Plaintiffs concealed from the bankruptcy trustee their supposed claims against Sunlan and WaMu. *See* Request for Judicial Notice, Exhibit A, Schedule B, item 21.

Following a meeting on August 22, 2007 pursuant to section 341 of the Bankruptcy Code, the bankruptcy trustee, Michael P. Dacquisto, issued a "Report of No Asset Case." *See id.* at Exhibit B. By Order of the Bankruptcy Court, dated October 24, 2007, the Yacks were discharged from bankruptcy, and the Yacks' bankruptcy case was closed on November 16, 2007. *Id.* at Exhibits C and D.

Three days later, on November 19, 2007, the Yacks filed this action.

## III. <u>LEGAL STANDARDS</u>

This Court has the authority to dismiss the Complaint in this action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and Rule 12(h)(3) of the

---

[1] The Yacks' Voluntary Petition and Schedules filed with the United States Bankruptcy Court for the Eastern District of California, Case No. 07-25642-A-7, is attached as Exhibit A to Sunlan and WaMu's Request for Judicial Notice. Sunlan and WaMu respectfully request that the Court take judicial notice of this petition, pursuant to Federal Rule of Evidence 201. Doing so will not convert this motion into one for summary judgment. *See MGIC Indem. Corp. v. Weisman,* 803 F.2d 500, 504 (9th Cir. 1986).

Federal Rules of Civil Procedure. Rule 12(b)(1) states that "a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction" and Rule 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Subject matter jurisdiction of federal courts is limited by Article III of the United States Constitution to matters involving a "Case" or "Controversy." In *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992), the United States Supreme Court held that "the core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." The party invoking federal jurisdiction – here, the Yacks – bears the burden of establishing the minimum requirements for standing. *Id.* at 561.[2]

Jurisdiction is not merely a pleading requirement, but "rather an indispensable part of the plaintiff's case" and must be supported by the "same degree of evidence required at the successive stages of the litigation." *Id.* Thus, the Yacks must provide "specific facts" sufficient to conclusively establish that this Court has jurisdiction. *Id.*, citing Fed. Rule Civ. Proc. 56(e).

Dismissal is also appropriate here under Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim. *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001). The issue is not whether a plaintiff is likely to succeed on the merits but rather whether he is entitled to proceed beyond the threshold in attempting to establish his claim. *See De La Cruz v. Tormey,* 582 F.2d 45, 48 (9th Cir. 1978). Accordingly, whether a plaintiff is judicially estopped at the outset from pursuing his claims is an issue properly raised on a motion to dismiss under Rule 12(b)(6). *See Rose v. Beverly*

---

[2] The minimum requirements for standing are (1) the plaintiff must have suffered injury-in-fact, (2) there must be a causal connection between the injury and the conduct complained of, and (3) the injury must be one that can be redressed by a favorable decision for the plaintiff. *Lujan*, 504 U.S. at 561.

*Health & Rehab. Servs., Inc.,* 356 B.R. 18, 22-27 (Bankr. E.D. Cal. 2006) (dismissing complaint on judicial estoppel grounds); *QWest Corp. v. City of Globe, Arizona,* 237 F. Supp. 2d 1115, 1119 (D. Ariz. 2002) (providing that judicial estoppel can be heard via Rule 12(b)(6) motion); *see also Shafler v. HSBC Bank USA,* Nos. C 06-5908 PJH, C 06-6887 PJH, 2007 WL 578993, *2-3 (N.D. Cal. Feb. 21, 2007) (dismissing complaint on res judicata grounds pursuant to Rule 12(b)(6)).

## IV. ARGUMENT

### A. The Yacks Lack Standing To Pursue Their Claims Because They Failed To Disclose Those Claims In Their Bankruptcy Petition

A plaintiff lacks standing to assert a cause of action if he or she failed to disclose that claim as an asset in a previously-filed bankruptcy petition. Filing a bankruptcy petition creates an "'estate'" that consists of "'all legal or equitable interests of the debtor in property as of the commencement of the [bankruptcy] case,'" including any causes of action that the debtor may have. *See Cusano v. Klein*, 264 F.3d 936, 945 (9th Cir. 2001) (quoting 11 U.S.C. § 541(a)). Once a cause of action becomes part of the bankruptcy estate, "[o]nly the trustee…has the authority to prosecute and/or settle such causes of action." *Cain v. Hyatt*, 101 B.R. 440, 442 (Bankr. E.D. Pa. 1989).

#### 1. A Debtor Has An Affirmative Duty To Schedule All Assets, Including Legal Claims, In The Debtor's Bankruptcy Petition

A debtor filing for bankruptcy has an affirmative duty to schedule all property that the debtor owns, including all claims. *See* 11 U.S.C. § 521(1). "Causes of action are separate assets which must be formally listed." *Cusano*, 264 F.3d at 947. The importance of complete disclosure of a debtor's assets can "hardly be understated. The proper 'operation of the bankruptcy system depends on honest reporting.'" *In re Mohring*, 142 B.R. 389, 394 (Bankr. E.D. Cal. 1992)

(quoted citation omitted). Courts recognize that "the disclosure obligations of consumer debtors are at the very core of the bankruptcy process and meeting these obligations is part of the price debtors pay for receiving the bankruptcy discharge." *See In re Colvin*, 288 B.R. 477, 480 (Bankr. E.D. Mich. 2003).

Beyond simply listing their assets, debtors have a "paramount duty" to do so "carefully, completely and accurately" using the appropriate schedules. *See In re Mohring*, 142 B.R. at 394; *see also Cusano*, 264 F.3d at 945 (bankruptcy code places "affirmative duty" on debtor to schedule "assets and liabilities").

### 2. After The Close Of A Bankruptcy Case, Unscheduled Assets Remain The Property Of The Trustee

At the conclusion of the bankruptcy proceedings, all assets properly scheduled by the debtor, and that are not otherwise administered by the trustee, are "abandoned to the debtor." 11 U.S.C. § 554(c). But, if a debtor "fail[s] to properly schedule an asset, including a cause of action, that asset continues to belong to the bankruptcy estate" and does <u>not</u> revert to the debtor. *Cusano,* 264 F.3d at 945-46.

A trustee cannot "abandon" a claim if the claim was never disclosed by the debtor. Thus, in *Stein v. United Artists Corporation*, 691 F.2d 885 (9th Cir. 1982), the Ninth Circuit held that "abandonment results only when the trustee knows of the existence of the property…. When the bankrupt fails to list an asset, he cannot claim abandonment because the trustee had no opportunity to pursue the claim." *Id*. at 891 (affirming dismissal of debtor's unscheduled antitrust claim). Similarly, in *Cusano*, the Ninth Circuit held that a debtor lacked standing to assert a claim for royalties that had not been scheduled by the debtor:

> Thus, if there was any outstanding balance due Cusano on the open book account when he filed for bankruptcy, he was under a duty to schedule it as a receivable or as a cause of action for unpaid royalties. His failure to do so vests the claim in the bankruptcy estate, where it remains.

*Cusano*, 264 F.3d at 948.

### 3. The Yacks Lack Standing To Pursue Their Claims Because They Never Scheduled Any Claims In Their Bankruptcy Petition

When they filed their bankruptcy petition in July 2007, the Yacks were well aware of the facts underlying the claims they seek to assert in this case. The Yacks, however, never disclosed the claims to the bankruptcy court, and waited until three days after their bankruptcy case was closed before filing this action. All of their claims must be dismissed for lack of standing.

The Yacks were certainly aware of the alleged improper conduct no later than November 26, 2006, when the Yacks allegedly filed in the state court collection action their claim of exemption to the levy of their WaMu bank account funds. *See* Complaint at ¶ 44. According to the Yacks, their funds were temporarily (and improperly) frozen, but then released pursuant to court order on February 15, 2007. *See id.* at ¶ 50. Thus, all of the alleged wrongful conduct, and all of the alleged harm to the Yacks, occurred prior to February 15, 2007. Despite this, the Yacks did not disclose the existence of any of these alleged claims when they filed their bankruptcy petition on July 20, 2007. *See* Request for Judicial Notice, Exhibit A.[3]

As a result of the Yacks' failure to list any purported claims against Sunlan and WaMu as exempt on Schedule B to their bankruptcy petition, the trustee of the Yacks' bankruptcy estate was not aware of their potential claims. As such, the trustee did not "abandon" the claims to the Yacks at the conclusion of the bankruptcy proceedings. *See* 11 U.S.C. § 554(c). The Yacks cannot pursue the claims here, because they were not scheduled and then abandoned by the trustee. *See Cusano,* 264 F.3d at 945-46 (where a debtor fails to "properly schedule an

---

[3] The Yacks did, however, disclose that Sunlan held a judgment lien against their property. Because liens against property may be enforceable even after bankruptcy, the Yacks obtained an order avoiding Sunlan's lien. *See* Request for Judicial Notice, Exhibit E.

asset, including a cause of action, that asset continues to belong to the bankruptcy estate" and does not revert to the debtor); *see also Stein*, 692 F.2d at 891 (debtor lacked standing to pursue antitrust claims that were not listed in bankruptcy).

The Yacks' bankruptcy estate includes all unscheduled legal claims that existed when they filed the bankruptcy petition, including those that they seek to pursue in this Court. *See* 11 U.S.C. § 541(a)(1); *Cusano*, 264 F.3d at 945. Given the Yacks' failure to list their alleged claims against Sunlan and WaMu in their bankruptcy schedules, they cannot establish that they have standing to pursue those claims. *See Cusano,* 264 F.3d at 947-48. All of the claims must fail as a matter of law.

### B. The Yacks Are Judicially Estopped from Pursuing The Claims Now Held By The Trustee

The Yacks are judicially estopped from bringing this action, and would still be estopped even if they were to reacquire the claims against Defendants. As described above, the Yacks were required to disclose all unliquidated claims (such as those asserted here) to permit the bankruptcy trustee to consider the proper action to take as to that asset when administering the estate. The bankruptcy code protects against debtor fraud in part by precluding a debtor from receiving the benefits of assets that were not disclosed in the bankruptcy proceedings. Again, the claims they attempt to assert in this case are alleged on the basis of events that occurred between November 17, 2006 and February 15, 2007. *See* Complaint at ¶ 23-51. *After* those alleged events, on July 20, 2007, Plaintiffs filed a voluntary bankruptcy petition under Chapter 7 of the Bankruptcy Code in the Bankruptcy Court for the Eastern District of California.

In "the bankruptcy context, a party is judicially estopped from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 783 (9th Cir. 2001); *see also Hay v. First Interstate Bank*,

978 F.2d 555, 557 (9th Cir. 1992) (failure to give notice of a cause of action in the bankruptcy schedule judicially estops prosecution of that cause of action). This is true "even if the discharge is later vacated." *Hamilton*, 270 F.3d at 784. Because the Yacks failed to disclose the claims in their bankruptcy petition, the discharge order did not revest the claims in the Yacks, and they are judicially estopped from asserting them. Indeed, to hold otherwise would reward the Yacks for hiding assets from their creditors and would amount to a fraud on the bankruptcy court, the trustee, and Plaintiffs' creditors. *See Latman v. Burdette*, 366 F.3d 774, 785 (9th Cir. 2004) (a surcharge remedy prevented "a fraud on the bankruptcy court" where the plaintiffs knowingly failed to disclose assets that should have been listed on the bankruptcy schedule). All of the claims fail as a matter of law.

### IV.   CONCLUSION

The Yacks failed to disclose their alleged claims as part of their bankruptcy proceedings, and therefore lack standing to pursue any claims against Sunlan or WaMu. For the reasons stated, Plaintiffs are also judicially estopped from pursuing this action. Accordingly, Sunlan and WaMu respectfully request that this Court issue an Order, pursuant to Rule 12(b)(1), Rule 12(h)(3), or Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissing the complaint with prejudice.

DATED: May 7, 2008        SIMMONDS & NARITA, LLP
                          TOMIO B. NARITA
                          ROBIN M. BOWEN


                    By:    /s/ Robin M. Bowen
                           Robin M. Bowen
                           Attorneys for Defendant
                           Sunlan-020105, LLC

---

YACK v. WASHINGTON MUTUAL, et al.  (CASE NO. C 07-5858-PJH).
MOTION TO DISMISS; MEMORANDUM IN SUPPORT                              9

DATED: May 7, 2008

MORRISON & FOERSTER LLP
JAMES F. MCCABE
ADRIANO HRVATIN
SARAH E. GRISWOLD

By: /s/ James F. McCabe
James F. McCabe
Attorneys for Defendant
Washington Mutual Bank

## ATTESTATION

I, Robin M. Bowen, am the ECF User whose ID and password are being used to file this Notice of Motion and Motion to Dismiss. In compliance with General Order No. 45 X.B., I hereby attest that James F. McCabe, counsel for Defendant Washington Mutual Bank, has concurred in this filing.

By: /s/ Robin M. Bowen
Robin M. Bowen