Tomas A. Guterres, Esq. (State Bar No. 152729)
Catherine M. Mathers, Esq. (State Bar No. 221983)
**COLLINS, COLLINS, MUIR & STEWART, LLP**
1100 El Centro Street
Post Office Box 250
South Pasadena, CA 91030
(626) 243-1100 – FAX (626) 243-1111
EMAIL: cmathers@ccmslaw.com

Attorney for Defendant
COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT

| | |
|---|---|
| HELEN and MARTIN YACK on behalf of themselves and all others similarly situated, | CASE NO. CV07-5858-PJH |
| | *[Case Assigned to the Hon. Phyllis J. Hamilton, Courtroom 3]* |
| Plaintiffs, | **NOTICE OF MOTION AND MOTION TO DISMISS OF DEFENDANT COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT** |
| vs. | |
| WASHINGTON MUTUAL INC., SUNLAN-020105, LLC; SHERIFF'S DEPARTMENT, COUNTY OF LOS ANGELES, CALIFORNIA; CLERK'S OFFICE, COUNTY OF BUTTE, CALIFORNIA; and DOES 1-10, | **[F.R.CIV.P 12(b)(6)]** |
| | **DATE:** June 25, 2008 |
| | **TIME:** 9:00 a.m. |
| | **CTRM:** 3 |
| | **Complaint Filed:** November 19, 2007 |
| Defendants. | **TRIAL DATE:** None |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN** that on June 25, 2008 at 9:00 a.m. or as soon thereafter as this matter may be heard in Courtroom 3 of the above-entitled court located at 450 Golden Gate Avenue, 19th Floor, San Francisco, California 94102,

**Collins, Collins, Muir & Stewart, LLP**
1100 El Centro Street
Post Office Box 250
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax (626) 243-1111

Defendant COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT (hereinafter "LASD") will and hereby do move this court to dismiss the above-entitled action on the grounds that the First Amended Complaint of Plaintiffs HELEN and MARTIN YACK (hereinafter "PLAINTIFFS") fails to state a claim upon which relief can be based against any of the Defendants.

The grounds for this Motion are that the First Amended Complaint ("FAC") fails to state a claim upon which relief can be based for the following reasons: (1) the FAC fails to state facts sufficient to sustain PLAINTIFFS' claim for relief under 42 U.S.C. § 1983 against LASD; and (2) the FAC fails to state facts sufficient to support a cause of action against LASD under California law.

Additionally, LASD joins in the Motion brought by Defendants WASHINGTON MUTUAL BANK and SUNLAN-020105, LLC under F.R.Civ.P. 12(b)(1) and 12(h)(3).

This Motion to Dismiss is based upon this notice, the accompanying Memorandum of Points and Authorities, the Court's files, and such further oral and/or documentary evidence as may be presented at the time of the hearing.

DATED: May 7, 2008            COLLINS, COLLINS, MUIR & STEWART, LLP


By:    /s/ Catherine M. Mathers
       TOMAS A. GUTERRES
       CATHERINE M. MATHERS
       Attorney for Defendant
       COUNTY OF LOS ANGELES
       SHERIFF'S DEPARTMENT

Collins, Collins, Muir & Stewart, LLP
1100 El Centro Street
Post Office Box 250
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax   (626) 243-1111

GDC\L:\168\36\MTN TO DISMISS.DOC

2

**DEFENDANT LASD'S MOTION TO DISMISS**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Plaintiffs HELEN and MARTIN YACK (hereinafter "PLAINTIFFS") have failed to allege any cause of action against Defendant COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT (hereinafter "LASD"). Moreover, as set forth in the Motion to Dismiss filed by Co-defendants WASHINGTON MUTUAL BANK and SUNLAN-020105, PLAINTIFFS lack standing to bring any claims against Defendants because PLAINTIFFS filed for bankruptcy and failed to properly disclose the claims at issue in this lawsuit in their bankruptcy petition.

As against LASD, PLAINTIFFS allege that their rights under federal and state law were violated when LASD's employees acted upon a Writ of Execution issued by the Clerk's Office of Butte County Superior Court. PLAINTIFFS allege that LASD sent a notice of levy to Defendant WASHINGTON MUTUAL BANK who delivered $237 to LASD pursuant to the notice. (First Amended Complaint (hereinafter "FAC") ¶¶33-37). As set forth herein, PLAINTIFFS have not identified a cognizable claim under California or Federal law against LASD. Accordingly, LASD requests that this Court grant its Motion to Dismiss in its entirety.

## II.

## LASD JOINS IN THE MOTION TO DISMISS UNDER 12(b)(1) AND 12(h)(3) BY DEFENDANTS WASHINGTON MUTUAL BANK AND SUNLAN-020105

As set forth in the Motion to Dismiss filed by Defendants WASHINGTON MUTUAL BANK and SUNLAN-020105, PLAINTIFFS lack standing to bring any of the claims alleged in their First Amended Complaint (hereinafter "FAC"). LASD hereby joins in the arguments raised in Defendants WaMu and Sunlan's Motion to Dismiss and request that the Court enter an order under F.R.Civ.P.12(b)(1) and 12(h)(3) dismissing the FAC against all Defendants.

///

**Collins, Collins, Muir & Stewart, LLP**
1100 El Centro Street
Post Office Box 250
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax (626) 243-1111

GDC\L:\168\36\MTN TO DISMISS.DOC

3

**DEFENDANT LASD'S MOTION TO DISMISS**

## III.

## GENERAL AUTHORITY FOR A MOTION TO DISMISS

A defendant may move for a motion to dismiss under F.R.Civ.P. Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (*See* Tregenza v. Great American Communications Co., 12 F.3d 717, 719 (7th Cir. 1993). The Court must dismiss the FAC if LASD shows beyond doubt that the PLAINTIFFS will be unable to prove the facts necessary to support the claim. (*See* Conley v. Gibson, 355 U.S. 41, 45-46, 2 L.Ed.2d 80, 78 S.Ct. 99, (1957); Hughes v. Rowe, 449 U.S. 5, 10, 66 L.Ed.2d 163, 101 S.Ct. 173 (1980).

In McGrath v. Scott, 250 F.Supp.2d 1218, 1220 (D.Ariz. 2003), the court held that "legal conclusions couched as factual allegations are not given a presumption of truthfulness and 'conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss.'" (Citing Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998)). The court also explained that a motion to dismiss can be granted on the "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Id.

In the present case, PLAINTIFFS make vague, generalized and unspecific allegations that LASD deprived PLAINTIFF of his rights under the Due Process Clause and 42 U.S.C. § 1983. However, the FAC is devoid of facts which would establish that LASD violated any of their Constitutional rights. Additionally, PLAINTIFFS have failed to allege compliance with the California Tort Claims Act.

Accordingly, since PLAINTIFF has not and cannot allege facts sufficient to support a claim for a violation of his constitutional or statutory rights which would entitle PLAINTIFFS to some sort of legal remedy, LASD respectfully requests that the Court grant their Motion to Dismiss in its entirety, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

///

///

*GDC\L:\168\36\MTN TO DISMISS.DOC*

**Collins, Collins, Muir & Stewart, LLP**
1100 El Centro Street
Post Office Box 250
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax (626) 243-1111

4

**DEFENDANT LASD'S MOTION TO DISMISS**

## IV.

## PLAINTIFF FAILS TO PLEAD SUFFICIENT FACTS TO CONSTITUTE A CLAIM FOR RELIEF UNDER 42 U.S.C. § 1983

In the Sixth and Seventh Claims for Relief in the FAC, PLAINTIFFS attempt to assert claims against LASD under 42 U.S.C. §1983. To state a claim against LASD under 42 U.S.C. § 1983, PLAINTIFFS must plead facts sufficient to show that LASD caused the tort by way of "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. New York City Dept. of Social Services, 436 U.S. 658, 691, 56 L.Ed.2d 611, 98 S.Ct. 2018 (1978). In other words, PLAINTIFFS must establish (1) an underlying violation of constitutional rights by LASD employees and (2) that the alleged violation flowed from an explicitly adopted or tacitly authorized LASD policy. (See Gibson v. United States, 781 F.2d 1334, 1337 (9th Cir. 1986); Palmerin v. Riverside, 794 F.2d 1409, 1414 (9th Cir. 1986)).

To survive a motion to dismiss, PLAINTIFFS must provide more than conclusory allegations unsupported by facts. (See Sherman v. Yakahi, 549 F.2d 1287, 1290 (9th Cir. 1977) ("Conclusory allegations, unsupported by facts, [will be] rejected as insufficient to state a claim under the Civil Rights Act.")). Accordingly, PLAINTIFFS must "must allege at least some degree of particularity overt acts" which LASD engaged in which support PLAINTIFFS' claims. Id.

Here, in the Seventh Claim for Relief, PLAINTIFFS have alleged no facts to suggest that LASD maintained a custom, practice, or policy which violated their constitutional rights.

In the Sixth Claim for Relief, PLAINTIFFS allege that LASD should be held liable for following the procedures set forth by the California Code of Civil Procedure regarding executing the levy and attachment of funds. (See FAC ¶¶73-76). In Zinermon v. Burch, 494 U.S. 113, 125, 110 S.Ct. 975, 108 L.Ed.2d 100, the Supreme Court made it clear that "[i]n procedural due process claims, the deprivation by state

**Collins, Collins, Muir & Stewart, LLP**
1100 El Centro Street
Post Office Box 250
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax (626) 243-1111

action of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law*." (Internal citations omitted.) Here, PLAINTIFFS seem to allege that they were afforded due process of law in that the procedures set forth by the California Code of Civil Procedure were followed. (See FAC ¶¶73-76). To the extent that PLAINTIFFS are contending that California law inadequately protects their interests, this is not the proper forum or defendant to do so.

Accordingly, LASD respectfully requests that the Court dismiss the claims for relief brought against LASD under 42 U.S.C. §1983.

## V.

## **PLAINTIFFS CANNOT ESTABLISH ANY CAUSE OF ACTION UNDER CALIFORNIA LAW, AS THEY FAILED TO COMPLY WITH THE CALIFORNIA TORT CLAIMS ACT**

PLAINTIFFS' claims against LASD under California law must fail because under the California Tort Claims Act, public entities do not face common law liability. PLAINTIFFS' Fourth Claim for Relief appears to allege a cause of action against LASD pursuant to California Civil Code §1788.10.

California Government Code §815(a) states in pertinent part that "[a] public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person." In Eastburn v. Regional Fire Protection Authority, the court held that "[t]he California Tort Claims Act provides that a public entity is not liable for injury, except as otherwise provided by statute." (Internal citations omitted.) Eastburn v. Regional Fire Protection Authority, 31 Cal.4th 1175, 1179 (2003). Therefore, under California law, direct tort liability of public entities must be based on a specific statute rather than general tort provisions. Id. at 1183. In Eastburn, the California Supreme Court determined that the plaintiff had failed to identify an "independent statutory basis" imposing direct liability on the public entity. Id. at 1179.

**Collins, Collins, Muir & Stewart, LLP**
1100 El Centro Street
Post Office Box 250
So. Pasadena, CA 91030
Phone  (626) 243-1100
Fax      (626) 243-1111

In <u>Munoz v. City of Union City</u>, the court reversed a jury's finding that Union City was negligent in training and supervising a police officer who shot and killed a criminal suspect. <u>Munoz v. City of Union City</u>, 120 Cal. App.4th 1077, 1113 (2004). The court explained that Union City could not be held liable for the police officer's negligence because the plaintiff failed to cite any statutory authority declaring the city to be liable. <u>Id</u>.

Here, in their state law claim, PLAINTIFFS have failed to provide a statutory basis to find LASD liable; therefore, the state law cause of action against LASD must be dismissed. *See* <u>Eastburn</u>, 31 Cal.4th at 1183; *see also* <u>Munoz</u>, 120 Cal. App.4th at 1112-1115.

In addition, any plaintiff who wants to file a complaint against a public entity must comply with the Tort Claims Act claim filing requirements. <u>Government Code</u> § 945.4 provides in pertinent part:

> [N]o suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented . . . until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board.

Furthermore, <u>Government Code</u> § 910 states in pertinent part:

> A claim shall be presented by the claimant or by a person acting on his or her behalf and shall show. . .
> (c) The date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted.

A cause of action on a claim that is subject to the statutory procedure must affirmatively allege compliance with the claims-presentation requirements or facts showing the applicability of a recognized exception for noncompliance as to the state based causes of action. *See* <u>C.A. Magistretti Co. vs. Merced Irrig. Dist.</u> 27 Cal.App.3d 270 (1972); *see also* <u>State of California vs. Superior Court</u> 32 Cal.4th 1234 (2004).

Here, PLAINTIFFS have not alleged compliance with the claims-presentation

Collins, Collins, Muir & Stewart, LLP
1100 El Centro Street
Post Office Box 250
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax (626) 243-1111

*GDC\L:\168\36\MTN TO DISMISS.DOC*

7

**DEFENDANT LASD'S MOTION TO DISMISS**

requirements; therefore, the Fourth Claim for Relief must be dismissed.

## VI.

## CONCLUSION

For the reasons set forth herein, LASD respectfully requests that this Court grant its Motion to Dismiss. LASD further requests any relief that this Court deems just and proper.

DATED: May 7, 2008           COLLINS, COLLINS, MUIR & STEWART, LLP


By:     /s/  Catherine M. Mathers
        TOMAS A. GUTERRES
        CATHERINE M. MATHERS
        Attorney for Defendant
        COUNTY OF LOS ANGELES
        SHERIFF'S DEPARTMENT

Collins, Collins, Muir & Stewart, LLP
1100 El Centro Street
Post Office Box 250
So. Pasadena, CA 91030
Phone  (626) 243-1100
Fax     (626) 243-1111

GDC\L:\168\36\MTN TO DISMISS.DOC

8

**DEFENDANT LASD'S MOTION TO DISMISS**

**PROOF OF SERVICE**
**(CCP §§ 1013(a) and 2015.5)**

State of California,           )
                               ) ss.
**County of Los Angeles**      )

    I am employed in the County of    ☒ **Los Angeles**    ☐ **Orange**, State of California. I am over the age of 18 and not a party to the within action; my business address is:

    ☒ 1100 El Centro Street, Post Office Box 250, **South Pasadena**, California 91030.

    ☐ 620 Newport Center Drive, Suite 200, Newport Beach, CA 92660-8002

    On this date, I served the foregoing document described as **NOTICE OF MOTION AND MOTION TO DISMISS OF DEFENDANT COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT [F.R.CIV.P 12(b)(6)** on the interested parties in this action by placing same in a sealed envelope, addressed as follows:

**SEE ATTACHED SERVICE LIST**

☐ **(BY MAIL)** - I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail in **South Pasadena/Newport Beach**, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at: **South Pasadena/Newport Beach,** California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(BY CERTIFIED MAIL)** – I caused such envelope(s) with postage thereon fully prepaid via Certified Mail Return Receipt Requested to be placed in the United States Mail in **South Pasadena**, California.

☐ **BY EXPRESS MAIL OR ANOTHER METHOD OF DELIVERY PROVIDING FOR OVERNIGHT DELIVERY**

☒ **(BY ELECTRONIC FILING AND/OR SERVICE)** – I served a true copy, with all exhibits, electronically on designated recipients listed on the attached Service List.

☐ **FEDERAL EXPRESS** - I caused the envelope to be delivered to an authorized courier or driver authorized to receive documents with delivery fees provided for.

☐ **(BY FACSIMILE)** - I caused the above-described document(s) to be transmitted to the offices of the interested parties at the facsimile number(s) indicated on the attached Service List and the activity report(s) generated by facsimile number **(626)243-1111 (So. Pasadena) or (949) 718-4801 (Newport Beach)** indicated all pages were transmitted.

☐ **(BY PERSONAL SERVICE)** - I caused such envelope(s) to be delivered by hand to the office(s) of the addressee(s).

Executed on **May 7, 2008** at: **South Pasadena/Newport Beach**, California.

☐ **(STATE)** - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ **(FEDERAL)** - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

                                              /s/ Veronica Chavez
                                              VERONICA CHAVEZ

**Collins, Collins, Muir & Stewart, LLP**
1100 El Centro Street
Post Office Box 250
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax (626) 243-1111

GDC\L:\168\36\MTN TO DISMISS.DOC

9

**DEFENDANT LASD'S MOTION TO DISMISS**

**YACK v. COUNTY OF LOS ANGELES, et al.**
**USDC Case No. 07-5858-PJH**
**Our File No. 16836**

**SERVICE LIST**

| | |
|---|---|
| Dean D. Paik, Esq.<br>COHEN & PAIK LLP<br>300 Montgomery Street, Suite 660<br>San Francisco, CA 94104<br>(415) 398-3900 – FAX: (415) 398-7500<br>**ATTORNEYS FOR PLAINTIFFS** | Paul S. Grobman, Esq.<br>555 Fifth Avenue, 17th Floor<br>New York, NY 10017<br>(212) 983-5880 – FAX: (212) 682-7060<br>**ATTORNEYS FOR PLAINTIFFS** |

James F. McCabe, Esq.
Adriano Hrvatin, Esq.
Sarah E. Griswold, Esq.
MORRISON & FOERSTER, LLP
425 Market Street
San Francisco, CA 94105
(415) 268-7000 – FAX: (415) 268-7522
**ATTORNEYS FOR DEFENDANT, WASHINGTON MUTUAL BANK**

Collins, Collins, Muir & Stewart, LLP
1100 El Centro Street
Post Office Box 250
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax (626) 243-1111

*GDC\L:\168\36\MTN TO DISMISS.DOC*

**DEFENDANT LASD'S MOTION TO DISMISS**