1  JAMES F. MCCABE (CA BAR NO. 104686)
   E-mail:  JMcCabe@mofo.com
2  ADRIANO HRVATIN (CA BAR NO. 220909)
   E-mail:  AHrvatin@mofo.com
3  SARAH E. GRISWOLD (CA BAR NO. 240326)
   E-mail:  SGriswold@mofo.com
4  MORRISON & FOERSTER LLP
   425 Market Street
5  San Francisco, California  94105-2482
   Telephone:  415.268.7000
6  Facsimile:  415.268.7522

7  Attorneys for Defendant
   WASHINGTON MUTUAL BANK
8

9
                UNITED STATES DISTRICT COURT
10
              NORTHERN DISTRICT OF CALIFORNIA
11
                 SAN FRANCISCO DIVISION
12

13

14  HELEN and MARTIN YACK, on behalf of        Case No. C-07-5858 PJH
    themselves and all others similarly situated,
15                                              **CLASS ACTION**
                     Plaintiffs,
16                                              **DEFENDANT WASHINGTON
                                                MUTUAL BANK'S NOTICE OF
17          v.                                  MOTION AND MOTION FOR
                                                SANCTIONS; MEMORANDUM OF
18  WASHINGTON MUTUAL, INC.; SUNLAN-            POINTS AND AUTHORITIES IN
    020105, LLC; SHERIFF'S DEPARTMENT,          SUPPORT THEREOF**
19  COUNTY OF LOS ANGELES,
    CALIFORNIA; CLERK'S OFFICE,                 Date:    July 2, 2008
20  COUNTY OF BUTTE, CALIFORNIA; and            Time:    9:00 a.m.
    DOES 1-10,                                  Place:   Courtroom 3, 17th floor
21                                              Hon. Phyllis J. Hamilton
                     Defendants.
22                                              Complaint filed:  March 6, 2008

23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION FOR SANCTIONS**

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on _____ ___, 2008, at 9:00 a.m., or as soon thereafter as counsel may be heard by the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California  94102, Defendant Washington Mutual Bank (improperly sued herein as Washington Mutual, Inc.) will and hereby does move the Court pursuant to Rule 11 of the Federal Rules of Civil Procedure for sanctions against Plaintiffs Helen and Martin Yack, and against Plaintiffs' counsel, Dean Paik and Paul Grobman.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the accompanying Declaration of James F. McCabe in Support of Defendant Washington Mutual Bank's Motion for Sanctions and the exhibits thereto, the pleadings and papers on file herein, and such other matters as may be presented to the Court at the time of the hearing.

By this Motion, Washington Mutual Bank respectfully requests that this Court grant sanctions against Plaintiffs Helen and Martin Yack and against Plaintiffs' counsel, and dismiss Plaintiffs' demonstrably baseless complaint.

**ISSUE TO BE DECIDED**

1.      Should sanctions be imposed upon Plaintiffs' counsel, Dean Paik and Paul Grobman, for violation of Rule 11(b)(2) of the Federal Rules of Civil Procedure for pursuing claims against Washington Mutual Bank, when Plaintiffs lack standing and are judicially estopped from pursing the claims?

2.      Should sanctions be imposed upon Plaintiffs Helen and Martin Yack for misrepresenting that they were acting in pro se, when they in fact had counsel; and for pursuing claims against Washington Mutual Bank, when Plaintiffs lack standing and are judicially estopped from pursing the claims?

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

Washington Mutual Bank submits this memorandum in support of its Motion for Sanctions under Rule 11 on the grounds that Plaintiffs' complaint completely ignores federal bankruptcy law and Ninth Circuit precedent establishing that Plaintiffs lack standing and thus are judicially estopped from pursuing their claims; that Plaintiffs' complaint is the product of an insufficient pre-filing investigation into the facts and scope of the relevant law; and that Plaintiffs' complaint was ghostwritten by an attorney whose involvement was not disclosed when the complaint was filed.

**RELEVANT BACKGROUND**

The claims against Washington Mutual Bank in this case are alleged on the basis of events that occurred between November 17, 2006 and February 15, 2007. (*See* Amended Complaint ¶¶ 23-51). *After* those alleged events, on July 20, 2007, Plaintiffs filed a voluntary bankruptcy petition under Chapter 7 of the Bankruptcy Code in the Bankruptcy Court for the Eastern District of California. On Schedule B of their petition, where debtors are required to list their personal property, Plaintiffs were required to describe any "contingent and unliquidated claims of [any] nature." (Declaration of James F. McCabe in Support of Defendant Washington Mutual Bank's Motion for Sanctions ("McCabe Decl.") Ex. A.) Plaintiffs did not describe any claim, instead checking a box, "NONE," representing to the bankruptcy court that they had no such claims. Plaintiffs thus *did not* schedule the claims they bring here based on events occurring prior to Plaintiffs' filing of their bankruptcy petition. The bankruptcy court issued its order of discharge on November 16, 2007. (McCabe Decl. Ex. B.)

On November 19, 2007, Plaintiffs filed the complaint herein in pro per. (Docket No. 1.) While his name did not appear on the caption page of the complaint, attorney Paul Grobman, of New York, was the author of that complaint. (*Compare* Docket No. 1 *with* Docket No. 5.) On March 6, 2008, attorney Dean Paik, of San Francisco, and Mr. Grobman filed the operative amended complaint on behalf of Plaintiffs. (Docket No. 5.)

On April 2, 2008, James McCabe, counsel for Washington Mutual Bank, spoke by telephone with Mr. Paik and advised him that since Plaintiffs had filed a petition in bankruptcy

1    after the events underlying this suit had occurred, but had not listed any claim against defendants,

2    Plaintiffs lack standing to prosecute this suit.  (McCabe Decl. ¶ 3.)  In such circumstances, only

3    the bankruptcy trustee has standing to assert undisclosed claims.

4         On April 3, 2008, Mr. McCabe provided Mr. Paik with email copies of Plaintiffs'

5    bankruptcy petition and discharge order establishing that any claim Plaintiffs may once have had

6    against defendants was no longer "their" claim — by filing for bankruptcy, Plaintiffs transferred

7    the claim to the bankruptcy trustee.  (McCabe Decl. ¶ 4, Ex. C.)  At that time, Mr. McCabe also

8    provided Mr. Paik with applicable legal authorities showing that Plaintiffs lack standing here.

9    (McCabe Decl. ¶ 4, Ex. C.)  Mr. Paik declined to dismiss the complaint.  (McCabe Decl. ¶ 4.)

10        On April 17, 2008, Mr. McCabe spoke by telephone with Mr. Paik and renewed

11   Washington Mutual's request that Plaintiffs dismiss the complaint.  Mr. Paik declined to do so.

12   (McCabe Decl. ¶ 5.)

13        As required by Rule 11 of the Federal Rules of Civil Procedure, Washington Mutual

14   served, but did not file, the instant sanctions motion on Plaintiffs' counsel on April 29, 2008.

15   (McCabe Decl. ¶ 6, Ex. D.)  Washington Mutual now brings this motion as Plaintiffs failed to

16   take corrective action within 21 days after service of the motion.  (McCabe Decl. ¶ 7.)

## LEGAL STANDARD

18        Rule 11(b)(2) requires that all of "the claims, defenses, and other legal contentions

19   [presented to the court in a pleading, written motion, or other paper] are warranted by existing

20   law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for

21   establishing new law."  Fed. R. Civ. P. 11(b)(2).  "Rule 11 provides for the imposition of

22   sanctions to discourage parties from filing motions that are frivolous, legally unreasonable, or

23   brought for an improper purpose."  *Estate of Blue v. County of Los Angeles*, 120 F.3d 982, 985

24   (9th Cir. 1997).  A filing is deemed "frivolous" when it is "baseless and made without a

25   reasonable and competent inquiry."  *Id.* (citation omitted).  The reasonableness of the inquiry is

26   "viewed from the perspective of a 'competent attorney admitted to practice before the district

27   court.'"  *United States v. Stringfellow*, 911 F.2d 225, 226 (9th Cir. 1990) (citations omitted).

28   "Where it is patently clear that a claim has absolutely no chance of success under the existing

1    precedents, and where no reasonable argument can be advanced to extend, modify or reverse the

2    law as it stands, Rule 11 has been violated." *Eastway Constr. Corp. v. City of New York*, 762

3    F.2d 243, 254 (2d Cir. 1985). More specifically, where an attorney makes a legal allegation with

4    no reasonable basis for sustaining a claim under the specified statute, the baseless allegation

5    violates Rule 11. *See, e.g.*, *Blue*, 120 F.2d at 985 (affirming the district court's determination that

6    a reasonable investigation into the law would have revealed that the plaintiff's § 1983 claim was

7    barred by the statute of limitations).

8                                          **ARGUMENT**

9    **I.    SANCTIONS SHOULD BE IMPOSED UPON MR. PAIK AND MR. GROBMAN
           FOR PURSUING CLAIMS WHEN PLAINTIFFS LACK STANDING AND ARE
10          JUDICIALLY ESTOPPED FROM PURSING THESE CLAIMS.**

11           Plaintiffs' complaint is legally baseless. It alleges claims based on events that occurred

12    prior to the July 20, 2007 filing of Plaintiffs' bankruptcy petition. (*See* Amended Complaint

13    ¶¶ 23-51 (alleging events occurring between 1990 and February 15, 2007).) Under the

14    bankruptcy law, "[c]auses of action are separate assets which must be formally listed" in a

15    bankruptcy petition. *Cusano v. Klein*, 264 F.3d 936, 947 (9th Cir. 2001) (citing *Vreugdenhill v.*

16    *Navistar Int'l Transp. Corp.*, 950 F. 2d 524, 526 (8th Cir. 1991)). Plaintiffs did not schedule

17    these claims. Even the most cursory investigation into Plaintiffs' claims would have revealed that

18    they are precluded here by Plaintiffs' failure to schedule the claims in their bankruptcy petition.

19           *First*, because Plaintiffs failed to schedule their claims against defendants that arose pre-

20    petition, they lack standing to pursue them. *Cusano*, 264 F.3d at 945 (holding that debtor did not

21    have standing to pursue legal claims that accrued before his bankruptcy petition, but which he did

22    not schedule). This is because all property of the debtor is deemed the property of the bankruptcy

23    estate upon the debtor's filing of a petition in bankruptcy. 11 U.S.C. § 541. While certain estate

24    property is abandoned to (i.e., reverts to) the debtor at the close of the bankruptcy case,

25    unscheduled accrued causes of action are not abandoned, but rather remain the property of the

26    bankruptcy estate. *Cusano*, 264 F.3d at 947-48; *see also* 11 U.S.C. § 521(a)(1)(B)(i) (debtor must

27

28

1  file schedule of assets and liabilities); 11 U.S.C. § 554(c) (only scheduled property not otherwise

2  administered at closing is abandoned to debtor at the closing of a case).

3       *Second*, Plaintiffs are judicially estopped from now pursuing these claims.  Because

4  Plaintiffs failed to disclose the claims in their bankruptcy petition, the discharge order did not

5  revest the claims in Plaintiffs, and they are judicially estopped from asserting them.  *Hamilton v.*

6  *State Farm Fire & Cas. Co.*, 270 F.3d 778, 783 (9th Cir. 2001) (in "the bankruptcy context, a

7  party is judicially estopped from asserting a cause of action not raised in a reorganization plan or

8  otherwise mentioned in the debtor's schedules or disclosure statements"); *Hay v. First Interstate*

9  *Bank*, 978 F.2d 555, 557 (9th Cir. 1992) (failure to give notice of a cause of action in the

10  bankruptcy schedule judicially estopps prosecution of that cause of action).  Indeed, to hold

11  otherwise would reward Plaintiffs for hiding assets from their creditors and would amount to a

12  fraud on the bankruptcy court.  *See Latman v. Burdette*, 366 F.3d 774, 785 (9th Cir. 2004) (a

13  surcharge remedy prevented "a fraud on the bankruptcy court" where the plaintiffs knowingly

14  failed to disclose assets that should have been listed on the bankruptcy schedule).

15       Plaintiffs' complaint pursues claims with no reasonable basis for sustaining them.  The

16  complaint consists entirely of legally frivolous allegations that violate Rule 11.  *See, e.g.*, *Blue*,

17  120 F.2d at 985.  In light of the foregoing facts and authorities, Plaintiffs' claims are not

18  warranted by existing law, or by a nonfrivolous argument for the extension, modification or

19  reversal of existing law.  Even if Plaintiffs' counsel somehow failed to previously discover their

20  clients' bankruptcy, now that they have been made aware of the bankruptcy case and the contents

21  of Plaintiffs' bankruptcy petition, Plaintiffs and their counsel cannot, within the rules, continue to

22  prosecute this action.

23  **II.    SANCTIONS SHOULD BE IMPOSED UPON PLAINTIFFS HELEN AND MARTIN YACK.**

24

25       Plaintiffs Helen and Martin Yack misrepresented that they were acting *in propria persona*,

26  when they in fact had counsel.  Mr. Grobman plainly provided Plaintiffs with legal services prior

27  to the filing of the amended complaint, and indeed, obviously wrote the original complaint.

28  (*Compare* Docket No. 1 *with* Docket No. 5.)  Plaintiffs did not, however, list Mr. Grobman as

1  counsel on the original complaint.  (*See* Docket No. 1.)  This practice "constitutes a

2  misrepresentation to this court by litigant and attorney."  *Duran v. Carris*, 238 F.3d 1268, 1272

3  (10th Cir. 2001).

4         Ghostwriting court documents on behalf of persons who purport to represent themselves

5  *in propria persona* without disclosing the ghostwriting attorney's identity to the court has been

6  heavily criticized.  *See Ellis v. State of Maine*, 448 F.2d 1325, 1328 (1st Cir. 1971) (providing that

7  "[w]e cannot approve of such a practice . . . [i]f a brief is prepared in any substantial part by a

8  member of the bar, it must be signed by him").  Ghostwriting "unfairly exploits the [rule] that the

9  pleadings of pro se parties be held to a less stringent standard than pleadings drafted by lawyers."

10  *Laremont-Lopez v. Se. Tidewater Opportunity Ctr.*, 968 F. Supp. 1075, 1078 (E.D. Va. 1997);

11  *see also Duran*, 238 F.3d at 1272 (noting that ghostwriting might cause the court "to apply an

12  unwarranted degree of lenience to a pleading," which "might create confusion for the court and

13  unfairness toward opposing parties"); *Johnson v. Bd. of County Comm'rs*, 868 F. Supp. 1226,

14  1231 (D.Colo. 1994) (noting that ghostwriting would give the seemingly pro se party "the

15  unwarranted advantage of having a liberal pleading standard applied whilst holding the [opposing

16  party] to a more demanding scrutiny" and that "[t]he entire process would be skewed to the

17  distinct disadvantage of the nonoffending party").  By filing a purported pro se complaint without

18  disclosing the substantial assistance of an attorney, Plaintiffs misled the Court.

19         Plaintiffs also pursue claims against Washington Mutual Bank although they lack standing

20  and are judicially estopped from doing so.  Plaintiffs voluntarily filed a petition in bankruptcy.

21  (McCabe Decl. Ex. A.)  They failed to schedule any claim against Washington Mutual based on

22  the facts at issue here, all of which occurred prior to the bankruptcy proceeding.  (McCabe Decl.

23  Ex. A.)  Nonetheless, three days after the bankruptcy issued its discharge order, Plaintiffs

24  commenced the instant case.  (*See* McCabe Decl. Ex. B; Docket No. 1.)  Based on the authorities

25  discussed above, Plaintiffs cannot proceed and sanctions are appropriate.  *See* Fed. R. Civ. P.

26  11(c)(1) (providing that "the court may impose an appropriate sanction on any attorney, law firm,

27  *or party* that violated the rule or is responsible for the violation" (emphasis added)).

28

1

**CONCLUSION**

Washington Mutual Bank respectfully requests that the Court enter appropriate sanctions, sufficient to deter future violations, against Plaintiffs and Plaintiffs' counsel for making frivolous legal allegations against Washington Mutual Bank in violation of Rule 11(b)(2) and against Plaintiffs for misrepresenting their pro se status.

Dated:  May 28, 2008                    JAMES F. McCABE
                                        ADRIANO HRVATIN
                                        SARAH E. GRISWOLD
                                        MORRISON & FOERSTER LLP


                                        By:___/s/ James F. McCabe_____
                                               James F. McCabe

                                        Attorneys for Defendant
                                        WASHINGTON MUTUAL BANK