LEXSEE 2007 U.S. APP. LEXIS 756


Cited
As of: May 27, 2008

**MILLARD WALTON; CAROLYN WALTON, Plaintiffs - Appellants, v. ALLSTATE INSURANCE COMPANY, Defendant - Appellee.**

**No. 04-56774**

**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

*222 Fed. Appx. 544; 2007 U.S. App. LEXIS 756*

**December 5, 2006, Argued and Submitted, Pasadena, California
January 10, 2007, Filed**

**NOTICE:** [**1] PLEASE REFER TO FEDERAL RULES OF APPELLATE PROCEDURE RULE 32.1 GOVERNING THE CITATION TO UNPUBLISHED OPINIONS.

**PRIOR HISTORY:** Appeal from the United States District Court for the Central District of California. D.C. No. CV-02-02432-EFS. Edward F. Shea, District Judge, Presiding.

**COUNSEL:** For MILLARD WALTON, CAROLYN WALTON, Plaintiff - Appellant: Jeffrey D. Diamond, Esq., Woodland Hills, CA.

ALLSTATE INSURANCE COMPANY, Defendant - Appellee: Peter H. Klee, Esq., John T. Brooks, Esq., LUCE FORWARD HAMILTON & SCRIPPS, LLP, San Diego, CA.

**JUDGES:** Before: REINHARDT, KOZINSKI and IKUTA, Circuit Judges.

**OPINION**

[*544] **MEMORANDUM** *

\* This disposition is not appropriate for publication and is not precedent except as provided by *9th Cir. R. 36-3*.

Before: **REINHARDT, KOZINSKI** and **IKUTA,** Circuit Judges.

Because plaintiffs' claim arose before they filed their bankruptcy petition, it is [*545] property of the bankruptcy estate, and plaintiffs lack standing to pursue this action. [**2] *See 11 U.S.C. § 541*; *In re Eisen, 31 F.3d 1447, 1451 n.2 (9th Cir. 1994)*. Plaintiffs would, however, gain standing if the bankruptcy trustee were to abandon the claim. *See Catalano v. C.I.R., 279 F.3d 682, 685 (9th Cir. 2002)*; *Dunmore v. United States, 358 F.3d 1107, 1112 (9th Cir. 2004)*. We therefore vacate the judgment below and remand with instructions that the district court refer this matter to the bankruptcy court. The bankruptcy court, in turn, shall determine whether the trustee of the Waltons' estate wishes to abandon or assert the claim on behalf of the estate. If the trustee chooses to abandon the claim, the Waltons shall be entitled to maintain the lawsuit in their own name, subject to any further objections Allstate may raise before the district court.

**REMANDED.**