07-25642-C-7
MOTION
DEBTOR: MARTIN YACK
JUDGE: HON. C. KLEIN
----------------------------------

FILED 5/12/08
Rec'd Counter: 05/12/08-3:08PM
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION        s9es

RECEIPT NO: 2-8-011326 $150.00

2007-25642

42

Thomas W. Olson, Jr.
Attorney At Law SBN 020349
6472 Holstein Way
Sacramento, Cal. 95831
(Tel.) 916-442-4551; (Fax) 429-0800

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| IN re<br><br>MARTIN YACK and HELEN YACK<br><br>          Debtors. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No.: 07-25642-C-7
DC No.   TWO-3

## MOTION TO REQUEST ABANDONMENT PURSUANT

## TO BANKRUPTCY RULE 6007

1. Debtors Martin and Helen Yack, by and through their attorney Thomas W. Olson, Jr.move pursuant to Bankruptcy Rule 6007 and Section 554 of title 11 of the United States Code to request the bankruptcy trustee to:

(i)    Abandon the claims brought by the Yacks in a prospective class action filed by the Yacks on Nov. 19, 2007 titled Yack v. Washington Mutual, Inc. et. al., Case No.: 07-5858 (N.D. Cal. 2007), which seeks injunctive relief and statutory damages based on an allegation that $312.00 in the Yacks' bank account was improperly frozen in violation of 42 U.S.C. §407; or

(ii)   If the trustee chooses to retain such claims, directing the bankruptcy trustee to pursue the claim currently pending in federal court in San Francisco on behalf of the bankruptcy estate;

**Standard On The Motion**

2. Federal Bankruptcy Rule 6007 states the following:

> Unless otherwise directed by the court, the trustee or debtor in
> possession shall give notice of a proposed abandonment or
> disposition of property to the United States trustee, all creditors,
> indenture trustees, and committees elected pursuant to § 705 or
> appointed pursuant to § 1102 of the Code. A party in interest may
> file and serve an objection within 15 days of the mailing of the
> notice, or within the time fixed by the court. If a timely objection is
> made, the court shall set a hearing on notice to the United States
> trustee and to other entities as the court may direct.

**Basis For The Motion**

3. Martin and Helen Yack are a retired couple whose sole income comes from Social
Security and a small pension from Mr. Yack's former job as a painter. Over the past five years,
both Mr. and Mrs. Yack have repeatedly been hospitalized with cancer and heart disease,
amongst other maladies. Unable to pay their medical bills, the Yacks filed for bankruptcy on
July 20, 2007.

4. The Yacks were represented in bankruptcy by Theodore Olson, a retired attorney who
was representing the Yacks pro bono.

5. Mr. Olson helped the Yacks to prepare the schedule of assets and liabilities
accompanying the Yack's Bankruptcy Petition.

6. Nine months before their bankruptcy, in November 2006, the Clerk's Office for Butte
County, California issued a Writ of Execution on behalf of Sunlan-020105, who then delivered
the Writ of Execution to the Los Angeles County Sheriff's Office. The Sheriff's Office then
served a Notice of Levy on Washington Mutual, where the Yacks' had a checking account.
After receiving the Notice of Levy, Washington Mutual froze the Yacks' account, withdrew the

$312 remaining, and transferred it to the Sheriff.

7. Though the Yack's promptly advised Washington Mutual that the money in the account came from social security and a pension and thus was exempt from attachment, execution or legal process under 42 U.S.C. §407 and Cal. Code of Civil Procedure §704.080. Despite this, the money remained frozen until February 2007, when the $312 in the Yacks' account was finally returned.

8. On April 29, 2007, the Yacks were featured in a front-page article in The Wall Street Journal about individuals whose Social Security benefits were being frozen or otherwise restricted in seeming violation of 42 U.S.C. §407.

9. At the time they filed for bankruptcy, the Yacks were not contemplating any action against the entities which had frozen their account, and had not retained an attorney.

10. Mr. Olson was unaware that $312 in the Yack's checking account had even been frozen, much less that they might have a potential cause of action for violation of 42 U.S.C. §704.080. In any event, even if Mr. Olson had been aware that a potential cause of action existed, since the $312.00 in the Yack's account was eventually unfrozen, the Yacks did not suffer monetary damages of any significant consequence.

11. Thus, as any individual claim by them would be (and in fact is) principally for injunctive and declaratory relief, the claim "would have added nothing of value to the bankruptcy estate even if" the Yacks had already filed an action. Barger v. City of Cartersville, Georgia, 348 F.3d 1289, 1297 (11th Cir. 2003) (finding that a party was not prohibited from pursuing claim for injunctive relief despite fact that she failed to disclose the existence of the claim in a prior bankruptcy); Parker v. Wendy's Int'l, 365 F.3d 1268, 1272 n.4 (11th Cir. 2004)

12. On November 19, 2007, the Yacks filed a pro se complaint in United States District Court for the Northern District of California against Sunlan 020105 LLC, Washington Mutual,

Inc., the Los Angeles County Sheriff's Department, the Butte County Clerk's Office based on the freezing of their bank account at Washington Mutual.

13.   On March 6, 2008, newly-retained counsel for the Yacks in the action pending in federal district court filed an Amended Complaint on their behalf, seeking certification of a class of senior citizens who have had Social Security benefits frozen or restricted in violation of 42 U.S.C. §407 and Cal. Code of Civil Procedure §704.080, amongst other statutes. (A copy of the Amended Complaint is annexed hereto as Exh. A)

14.   Thereafter, in April 2008, Mr. Olson was contacted by counsel and advised of the action pending in federal court, to which no defendant had yet served an answer.  Mr. Olson promptly moved to reopen the bankruptcy matter, which had been closed on November 16, 2007.  By Order dated April 28, 2008, the bankruptcy court reopened the Chapter 7 case "for the purpose of determining whether the estate should be substituted for the debtors" in the action pending in San Francisco.

15. Movants respectfully submit that the Trustee should abandon the claims pending in federal district court.  Since the $312.00 in allegedly improperly frozen funds were eventually returned to the Yacks, their out-of-pocket monetary damages are minimal, with no potential for meaningful recovery for the estate.  Moreover, the issues in the federal action are complex, with the prospect of relief unknown.   Thus, the causes of action in the Yacks' federal complaint would be burdensome to the estate, and of inconsequential value and benefit.

16. In <u>Dunmore v. U.S.</u>, 358 F.3d 1107 (9th Cir. 2004), a debtor failed to schedule a claim for a tax refund on his schedules in a prior bankruptcy which ended in the discharge of the plaintiff's debt.  When the plaintiff later brought those tax claims against the government in federal district court, the government argued that, as a matter of law, the plaintiff was precluded from bringing the claims by his failure to schedule them during the bankruptcy.  Both the

District Court and the Ninth Circuit rejected this argument, finding that the plaintiff was permitted to subsequently "obtain the real party in interest's [the trustee's] ratification to proceed with the refund causes of action." Dunmore, 358 F.3d at 1112.

20. According to the Court in Dunmore, once the bankruptcy trustee abandoned the tax claims after the bankruptcy case was reopened, that constituted "the estate's ratification of [plaintiff's] lawsuit", which the Ninth Circuit said "had the same effect as if the estate itself had originally commenced the action, so long as [plaintiff's] decision to sue in his own name represented an understandable mistake and not a strategic decision." Dunmore, 358 F.3d at 1112. The Court of Appeals said that it was the District Court's function – not the bankruptcy court – to determine whether the plaintiff's failure to initially schedule the claim as a bankruptcy asset was an "understandable mistake" or a "strategic decision." 358 F.3d at 1113. See also Lopez v. Specialty Restaurants Corp., 283. B.R. 22 (9th Circ B.A.P. 2002) (in reversing bankruptcy court's refusal to reopen case to allow Trustee to consider a previously undisclosed claim, the court found that the desire to sanction the debtor for failing to initially disclose is not a sufficient ground to refuse to allow the Trustee to consider the claim)

21. At the appropriate time, the Yacks will demonstrate to the District Court that their failure to identify their potential claims for the freezing of their checking account as an asset on their bankruptcy schedule was an inadvertent mistake, and in no way a calculated, "strategic decision." Now, however, it is up to the Trustee to determine whether the Yacks' claims in the federal action have value, and then either (1) prosecute those claims, (2) abandon them or (3) "arrange for [the Yacks] to prosecute [them] in exchange for the estate receiving a share of the proceeds." Lopez, 283. B.R. at 28.

WHEREFORE, debtors request that their motion to abandon the claims brought

by the Yacks in <u>Yack v. Washington Mutual, Inc. et. al.</u>, Case No.: 07-5858 (N.D. Cal. 2007)

be granted or, if the trustee chooses to retain such claims, debtors request an Order directing

the bankruptcy trustee to pursue the claim currently pending in federal court in San Francisco

on behalf of the bankruptcy estate.

Thomas W. Olson, Jr.

Dated: May 7, 2008

1  DEAN D. PAIK (State Bar No. 126920)
2  COHEN & PAIK LLP
   300 Montgomery Street, Suite 660
3  San Francisco, CA 94104
   Telephone:    (415) 398-3900
4  Facsimile:    (415) 398-7500

5  PAUL S. GROBMAN
   555 Fifth Avenue, 17th Floor
6  New York, New York 10017
   Telephone:    212 983-5880
7  Facsimile:    212 682-7060

8  Attorneys for HELEN and MARTIN YACK
   on behalf of themselves and all others similarly situated

9

10                 UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12
   HELEN and MARTIN YACK on behalf of        )  Case No.: 07-5858-PJH
13 themselves and all others similarly situated, )
                                              )  **AMENDED COMPLAINT FOR**
14                    Plaintiffs,             )  **VIOLATIONS OF FAIR DEBT**
                                              )  **COLLECTION PRACTICES ACT,**
15                    v.                      )  **SOCIAL SECURITY ACT, CALIFORNIA**
                                              )  **BUSINESS AND PROFESSIONS CODE,**
16 WASHINGTON MUTUAL INC., SUNLAN-            )  **CALIFORNIA CODE CIVIL, UNITED**
   020105, LLC; SHERIFF'S DEPARTMENT,         )  **STATES AND CALIFORNIA**
17 COUNTY OF LOS ANGELES,                     )  **CONSTITUTIONS, COMMON LAW**
   CALIFORNIA; CLERK'S OFFICE, COUNTY         )  **FRAUD AND UNJUST ENRICHMENT**
18 OF BUTTE, CALIFORNIA; and DOES 1-10,       )
                                              )  **DEMAND FOR JURY TRIAL**
19                    Defendants.             )
                                              )
20 _____    )

21     Plaintiffs Helen and Martin Yack, individually and on behalf of all others similarly

22 situated, allege as follows:

23                          **NATURE OF THE CASE**

24     1.  Plaintiffs bring this class action against Washington Mutual Inc. ("Washington

25 Mutual") and Sunlan-020105 ("Sunlan") under the Fair Debt Collection Practices Act, 15

26 U.S.C. § 1692, et seq. (the "FDCPA"); 42 U.S.C. §407(a) of the Social Security Act; California

27 Business & Professional Code § 17200, et seq.; Cal. Civ. Code §704.080 and for common law

28

   _____
   AMENDED COMPLAINT
   CASE NO. 07-5858-PJH

1  fraud and unjust enrichment on behalf of themselves and all other similarly situated persons who

2  were injured by actions of the defendants.

3      2. Plaintiffs also bring this action for declaratory and injunctive relief against the

4  Sheriff's Department of the County of Los Angeles and the Clerk's Office for the County of

5  Butte, California based on: (i) violations of plaintiffs' due process rights under the United States

6  and California Constitutions in implementing and maintaining a restriction on exempt funds in

7  plaintiffs' checking account for several months in violation of both federal and state law; (ii)

8

9  executing and enforcing an attachment procedure with regard to exempt funds which is in

10  violation of 42 U.S.C. §407 and thus void under the Supremacy Clause to the Constitution; and

11  (iii) violating 42 U.S.C. §1983 by executing and enforcing an attachment procedure with regard

12  to exempt funds which is in violation of 42 U.S.C. §407; and (iv) executing and enforcing an

13  attachment procedure with regard to exempt funds which is in violation of §§695.030, 699.710,

14

15  703.030(b), and 704.080 of the California Code of Civil Procedure.

16      3. As set forth below, among other violations, defendants froze the checking account of

17  plaintiffs at defendant's bank, despite the fact that the money in the account came exclusively

18  from Social Security and exempt pension funds and was prohibited from being touched under

19  both federal and California law.   As a result, plaintiffs were denied use of these exempt funds

20  which were essential to plaintiffs' subsistence from November 17, 2006 until February 15, 2007

21  -- a period of almost three months.

22

23

24                                  **PARTIES**

25      4. Plaintiff Helen and Martin Yack reside at 130 Canyon Highlands Drive, Oroville,

26  California 95966-3662.

27

28      5. Defendant Washington Mutual, Inc. is, upon information and belief, a Washington

                                  ■ 2 -

1   corporation with its principal place of business located at 1301 2d Avenue, Seattle, Washington.

2       6.  At all relevant times, Washington Mutual, Inc., together with its subsidiaries, has

3   operated as a consumer and small business banking company in the United States, offering

4   deposit and other retail banking products and services, including checking and interest-bearing

5   checking accounts, personal checking, savings, money market deposit, and time deposit

6   accounts to consumers. As of December 31, 2006, the company operated 2,225 retail banking

7

8   stores in 36 states.

9       7.  Defendant Sunlan-020105, LLC is a California Limited Liability Corporation with its

10  principal place of business at 8102 E. Santa Cruz Avenue, Orange, California 92869.

11      8.  Defendant Los Angeles County Sheriff's Office is located at 9355 Burton Way,

12  Beverly Hills, California.

13

14      9.  Defendant County of Butte Clerk's Office is located at 655 Oleander Avenue, Chico,

15  California.

16      10.  Plaintiffs are unaware of the true names and capacities, whether individual,

17  corporate, or otherwise, of the Defendants sued herein as DOES 1 through 10, inclusive, and

18  therefore sue said Defendants by such fictitious names.  Plaintiffs are informed and believe, and

19  thereon allege, that each of these fictitiously named Defendants is in some manner responsible

20  for the injuries and damages to Plaintiffs alleged in this Amended Complaint, either through the

21  

22  Defendants' own conduct or through the conduct of his/her/its agents or employees, or in some

23  manner, and that Plaintiff's injuries alleged herein were proximately caused by each of the

24  Defendants. All references in this Amended Complaint to "Defendant" or "Defendants" include

25  all Defendants sued herein as Doe.  Plaintiffs will move for leave to amend this Amended

26  Complaint, if necessary, to state the true names, capacities and liabilities of the DOES when the

27

28  same have been ascertained.

                                    ■  3 -

11.  Plaintiffs are informed and believe, and thereon allege, that, at all times relevant hereto, the Defendants, including the fictitiously named Defendants, participated in, or are otherwise responsible for, the wrongful conduct of each of their co-Defendants and, in doing the things alleged in this Amended Complaint, were acting within the course and scope of their authority and with the consent and permission of their co-Defendants.

12.  This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331, in that the claims alleged herein arise under the laws of the United States.   This Court has jurisdiction to hear the supplemental state law claims pursuant to 28 U.S.C. § 1367(a) in that the federal law and state law claims derive from a common nucleus of operative facts which are of such nature that litigating them in one proceeding is both reasonable and proper.

13.  Venue is proper in this District under 28 U.S.C. §1391(b), in that all defendants reside in this state, and defendant Washington Mutual resides in this District.

## SOCIAL SECURITY STATUTES

14.  The Social Security Administration administers two cash benefit programs.  The Old Age, Survivors and Disability Insurance (OASDI) program (also known as Social Security or Title II) provides a cash benefit to retired or disabled wage earners or to dependents of retired, disabled or deceased wage earners, with the entitlement amount dependent on a wage earner's record. 42 U.S.C. § 401 et seq.  The purpose of the benefit is to meet basic economic needs and prevent dependency.

15.  The Social Security Administration also administers the Supplemental Social Security Income program (commonly known as SSI or Title XVI), which provides a subsistence cash benefit to individuals who are over the age of 65, blind or disabled. 42 U.S.C. § 1381 et seq.

■ 4 -

16. Congress has provided broad protection to funds paid under the Social Security program to assure that these funds remain available to meet current subsistence needs. 42 U.S.C. section 407(a) provides:

> The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy law or insolvency law.

Congress has extended identical protections to funds provided under the SSI program 42 U.S.C. section 1383(d)(1).

17. California law provides similar protection for Social Security and SSI funds if they are paid by direct deposit, and, in addition, provides that, when an individual has Social Security or SSI funds directly deposited into his or her account by the Social Security Administration, $2,000.00 ($3,000.00 for a couple) are exempt regardless of the source of the funds. Cal. C.C.P. section 704.080.

## PLAINTIFFS' CLASS ACTION ALLEGATIONS

18. Plaintiffs bring this action as a class action on behalf of the following persons:

(i)     all Washington Mutual account holders who had money received from Social Security or SSI which was deposited in their accounts at Washington Mutual and was either frozen, deducted, executed upon, levied, attached, garnished or otherwise removed or restricted in violation of 42 U.S.C. §407(a);

(ii)    all Washington Mutual account holders who had money received from a pension or other source which was exempt from attachment or deduction but was nevertheless frozen, deducted, executed upon, levied, attached, garnished or otherwise removed or restricted in violation of state or federal law;

(iii)   all Washington Mutual account holders with accounts in the State of California which received money from Social Security, SSI or other source, where an amount in that account

■ 5 ·

which is exempt under 42 U.S.C. §407(a) and Cal. Civ. Code §704.080 was either frozen, deducted, executed upon, levied, attached, garnished or otherwise removed or restricted, and who Washington Mutual charged or attempted to charge a legal processing fee;

(iv)     all Washington Mutual account holders with accounts in the State of California which received money from Social Security, SSI or other source, where an amount in that account which is exempt under Cal. Civ. Code §704.080 was either frozen, deducted, executed upon, levied, attached, garnished or otherwise removed or restricted;

(v)     all judgment debtors of Sunlan-020105 who, despite having money in bank accounts which was exempt under federal or state law from attachment, levy or other legal process, had their bank accounts frozen by Sunlan, and were forced to raise and pursue exemptions despite the fact that Sunlan was told that some or all of the amounts frozen could not be executed upon under either federal or state law;

(vi)     all persons in Butte County, Los Angeles County or elsewhere in California who have bank or checking accounts which contain funds which are exempt from execution, attachment, levy, garnishment or other legal process under 42 U.S.C. §407(a), Cal. Civ. Code §704.080, §§695.030, 699.710, and 703.030(b) without making a claim but were nevertheless subject to attachment by California local and/or state authorities.

19.  Excluded from the Class are the Defendants, officers and directors of the Defendants, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

20.  The members of the Class are so numerous that joinder of all members is impracticable.  While the exact number of Class members is unknown to Plaintiffs at this time and can only be determined through appropriate discovery, Plaintiffs believe there are tens of thousands of members of the Class throughout California.

21.  Plaintiffs' claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of the federal and state laws complained of herein.

22.  A class action is superior to other available methods for the fair and efficient

■ 6 -

adjudication of this controversy. Since the damages suffered by members of the Class may be

small, the expense and burden of individual litigation makes it virtually impossible for the Class

members to seek redress on an individual basis for the wrongful conduct alleged. Common

questions of law and fact exist as to all members of the Class and predominate over any

questions affecting solely individual members of the Class. Among the questions of law and

fact common to the Class are the following:

(a)  Whether Washington Mutual routinely and systematically violated 42 U.S.C.
§407(a);

(b)  Whether Washington Mutual routinely and systematically violated Cal. Civ.
Code §704.080;

(c)  Whether Washington Mutual routinely and systematically violated 15 U.S.C.
1692 of the Fair Debt Collection Practices Act by engaging in collection practices
which were prohibited by state and federal law;

(d)  whether Washington Mutual systematically violated §17200 of California's
Unfair Competition Law;

(e)  whether Sunlan-02015 routinely violated federal and state law by unlawfully
attaching exempt funds and maintaining such attachments despite knowledge that
most or part of the funds sought were not subject to levy;

(f)  whether the Los Angeles County Sheriff's Office, the Butte County Clerk's
Office and other state and local California officials have routinely pursued and
executed the levy and attachment of funds in bank or checking accounts which
are exempt from execution, attachment, levy, garnishment or other legal process
under 42 U.S.C. §407(a), Cal. Civ. Code §§704.080, 695.030, 699.710, and
703.030(b), and have allowed the maintenance of such attachments in violation
of federal and California law;

(g)  whether Defendants were unjustly enriched by their actions; and

(h)  whether the members of the Class have sustained damages as a result of the
actions of Defendants complained of herein.

## FACTS

23.  Plaintiffs Helen and Martin Yack have been continuous customers of Washington

Mutual since about 1993.

24.  Since approximately 1990, Martin Yack has been receiving Pension Benefits from

■ 7-

the Bay Area Painter Pension Fund.

25. Since approximately 1990, Martin Yack has also been receiving Social Security benefits from the Social Security Administration.

26. After being told that their Social Security and pension benefits would be safe and available when needed through direct deposit, the Yacks agreed to have the pension and Social Security benefits directly deposited to their checking account at Washington Mutual.

27. Thereafter, every month, Martin Yacks' Social Security and pension benefits were directly deposited into the Yack's checking account at Washington Mutual.

28. The above amounts were the Yack's sole source of income, and virtually the only amounts which were deposited into the Yack's checking account at Washington Mutual.

29. In or about 2000, Helen Yack spent over a month in Stanford Medical Center due to medical problems, and had surgery on her pancreas.

30. At some point thereafter, Martin Yack was treated for prostate cancer, and suffered a subsequent heart attack.

31. The Yacks paid some of their medical bills with a credit card, but had difficulty paying their credit card bills.

32. At some point thereafter, their credit card company hired defendant Sunlan-020105, a debt collector, in an attempt to recover these outstanding amounts.

33. Thereafter, Sunlan obtained a judgment against the Yacks in Butte County Superior Court in the amount of $10,383.61.

34. Sunlan then got the Clerk's Office in Butte County to prepare a Writ of Execution in the amount of the judgment, and issued a copy of the Writ of Execution to the Sheriff's Office in the County of Los Angeles.

35. Pursuant to the Writ of Execution, a Notice of Levy was mailed to Washington

■ 8 -

Mutual on November 17, 2007.

36.  On November 20, 2006, Washington Mutual withdrew the remaining $237.00 in the Yacks' account and delivered it to the Los Angeles County Sheriff pursuant to the Notice of Levy.

37.  On November 20, 2006, Washington Mutual also withdrew a "legal processing fee" of $75 from the Yacks' account in connection with the levy.

38.  Before transferring such funds, Washington Mutual was aware that the money in the Yack's checking account came from funds which were exempt from attachment under both federal and state law.

39.  Moreover, the Yacks and their attorney had advised Washington Mutual that the funds in the Yack's account were exempt from levy or attachment under both federal and state law.

40.  Under 42 U.S.C. §407(a), the bank has an obligation to insure that funds from Social Security such as those in the Yack's account are not subject to attachment, levy or any other legal process which interrupts the beneficiary's use of moneys received as benefits.  Washington Mutual failed to comply with this statute in withdrawing all the funds from the Yacks' checking account, and in charging the Yacks' a fee for a levy which was improper under both federal and California law.  .

41.  Under Cal. Civ. Code Civ. Proc. §704.080, the bank has an obligation to insure that certain minimum amounts of Social Security and public benefits payments in its customers' bank and checking accounts are not subject to any procedure for enforcement of a money judgment without the customer being required to make a claim of exemption.  Washington Mutual failed to comply with this statute in withdrawing all the funds from the Yacks' checking account, and in charging the Yacks' a fee for a levy which was improper under federal and

■ 9 -

1   California law.

2       42.   Upon information and belief, Washington Mutual regularly permits the

3   attachment, freezing and/or withdrawal of funds which are deposited into customers' accounts

4   from Social Security or other sources despite their being statutorily exempt from attachment,

5   levy or any other procedure for enforcement of a money judgment.

6       43.   Upon information and belief, contrary to the requirement that banks prevent

7   attachment of Social Security payments or other statutorily-exempt funds in the first instance,

8   Washington Mutual routinely requires California account-holders to file exemptions in Court

9   and will not release the attached funds until it is ordered to release such funds.  This is often

10  months later, as happened in the case of the Yacks.

11      44.   Thus, on November 24, 2006, the Yacks filed a claim of exemption noting that the

12  fees which were the subject of the levy were exempt under 42 U.S.C. §407(a), Cal. Civ. Code

13  Civ. Proc. §704.080, and §704.115.

14      45.   Under California law, where parties are required to file a claim of exemption,

15  §703.550 of the California Code of Civil Procedure gives a judgment creditor up to ten days

16  from service of the notice of claim of exemption to file an opposition to the claim of exemption.

17      46.   On December 6, 2006, Sunlan-020105, through its attorneys Kenosian & Miele,

18  filed a Notice of Opposition to the Yacks' Claim of Exemption.

19      47.   Under §703.550 of the California Code of Civil Procedure, a California court has

20  up to 20 days from the date that the judgment creditor's opposition to the claim of exemption is

21  filed to have a hearing on the propriety of the attachment of the exempt funds.  Moreover, under

22  §703.590, the Court may extend the time in which the hearing is to held.

23      48.   Even after a California court determines that a levy or attachment is improper,

24  §703.610 of the California Code of Civil Procedure prohibits the levying officer from releasing

■ 10 -

1  the attached funds "until an appeal is waived" or "the time to file an appeal has expired."

2     49.  In the case of the funds withdrawn from the Yacks' account, the Superior Court of

3  California for the County of Butte did not hold a hearing on the attached funds until February 9,

4  2007, when the Court finally found that the Yacks' "funds are exempt from levy under CCP

5  §704.080(b)(2) and CCP §704.115(b)."

6     50.  The Order releasing the attached funds was not issued until February 15, 2007.

7

8     51.  An article published in The Wall Street Journal on April 28, 2007 described

9  Washington Mutual's treatment of the Yacks, and indicated that the practice of freezing

10 statutorily exempt Social Security benefits was common in the banking industry.

11

12                    **AS AND FOR A FIRST CLAIM FOR RELIEF**
13            **(Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.,**
             **Against All Washington Mutual and Sunlan-020105)**
14
15     52.  Plaintiffs repeat and reallege Paragraphs 1 through 51 of the Amended Complaint as

16 if fully set forth herein.

17     53.  Washington Mutual and Sunlan are debt collectors within the meaning of 15 U.S.C.

18 § 1692a for purposes of the amount purportedly owed by the Yacks for medical services.

19     54.  In freezing the Yack's account and levying funds which were exempt from levy

20 under both 42 U.S.C. §407(a) and Cal. Civ. Code §704.080, Washington Mutual and Sunlan

21 have violated §1692e and §1692f of the FDCPA.

22
23     55.  In charging a levying fee to the Yack's account for levying funds which were

24 exempt from levy under both 42 U.S.C. §407(a) and Cal. Civ. Code §704.080, Washington

25 Mutual violated §1692e and §1692f of the FDCPA

26     56.  As a result of defendants' actions, plaintiffs have sustained damages in an amount to

27 be determined at trial.

28
                                ■ 11 -

**AS AND FOR A SECOND CLAIM FOR RELIEF**
*(Anti-Attachment Provision of the Social Security Act, 42 U.S.C. § 407 et seq., Against All Defendants)*

57.  Plaintiffs repeat and reallege Paragraphs 1 through 56 of the Amended Complaint as if fully set forth herein.

58.  In freezing the Yack's account and levying funds which were contained therein, defendants violated 42 U.S.C. §407(a) of the Social Security Act.

59.  As a result of defendants' actions, plaintiffs have sustained damages in an amount to be determined at trial.

**AS AND FOR A THIRD CLAIM FOR RELIEF**
**(Violation of § 704.080 of the California Civil Code**
**Against Washington Mutual)**

60.  Plaintiffs repeat and reallege Paragraphs 1 through 59 of the Amended Complaint as if fully set forth herein.

61.  In freezing the Yack's account and levying funds which were contained therein, Washington Mutual violated §704.080 of the California Civil Code.

62.  As a result of Washington Mutuals' actions, plaintiffs have sustained damages in an amount to be determined at trial.

**AS AND FOR A FOURTH CLAIM FOR RELIEF**
**(Violation of Cal. Civil Code 1788.10 et seq.)**

63.  Plaintiffs repeat and reallege Paragraphs 1 through 62 of the Amended Complaint as if fully set forth herein.

64.  Washington Mutual and Sunlan are debt collectors within the meaning of Cal. Civil Code 1788.10 et seq.

65.  In freezing the Yack's account and levying funds which were exempt from levy

- 12 -

1  under both 42 U.S.C. §407(a) and Cal. Civ. Code §704.080, Washington Mutual and Sunlan

2  have violated Cal. Civil Code 1788.17.

3      66.  In charging a levying fee to the Yack's account for levying funds which were

4  exempt from levy under both 42 U.S.C. §407(a) and Cal. Civ. Code §704.080, Washington

5  Mutual violated Cal. Civil Code 1788.17.

6      67.  As a result of defendants' actions, plaintiffs have sustained damages in an amount

7  to be determined at trial.

8

9

10                    **AS AND FOR A FIFTH CLAIM FOR RELIEF**
                (Unfair Business Practices, Cal. Bus. & Prof. Code § 17200, et seq.,

11                  Against Washington Mutual and Sunlan-020105)

12      68.  Plaintiffs repeat and reallege Paragraphs 1 through 67 of the Amended Complaint as

13  if fully set forth herein.

14      69.  By reason of defendants' violation of §704.080 of the California Civil Code,

15  §1692e and §1692f of the FDCPA, and 42 U.S.C. §407(a) of the Social Security Act,

16

17  Washington Mutual and Sunlan-020105 have engaged in a pattern of unfair and deceptive

18  business practices under California Business & Professional Code § 17200.

19      70.  As the result of Washington Mutual and Sunlan-020105 violations of California

20  Business & Professional Code § 17200, et seq., plaintiffs and other members of the Class with

21  bank accounts in California are entitled to injunctive relief, restitution, costs and reasonable

22  attorneys' fees.

23

24      71.  Moreover, to the extent a class is not certified on the California Unfair Competition

25  Law claim, plaintiffs bring the claim as a representative action on behalf of the general public

26  pursuant to § 17204 of the California Civil Code.

27

28

                            ■ 13 -

## AS AND FOR A SIXTH CLAIM FOR RELIEF
### (Due Process And Supremacy Clause Claim Against Los Angeles County Sheriff's Office And Butte County Clerk's Office)

72.   Plaintiffs repeat and reallege Paragraphs 1 through 71 of the Amended Complaint as if fully set forth herein.

73.   In pursuing and executing the levy and attachment of funds in bank or checking accounts which are exempt from execution, attachment, levy, garnishment or other legal process under 42 U.S.C. §407(a), Cal. Civ. Code §§704.080, 695.030, 699.710, and 703.030(b), and allowing the maintenance of such attachments for several months, the Los Angeles County Sheriffs Office and the Butte County Clerk's Office have violated the Yacks' due process rights under the federal and California Constitutions.

74.   Upon information and belief, the Los Angeles County Sheriffs Office, the Butte County Clerk's Office and other local and state officials in California routinely require beneficiaries of Social Security payments to affirmatively prove their right to an exemption under the procedures set forth in California Code Of Civil Procedure §§703.510-703.600, notwithstanding the exempt nature of such funds without making any such claim of exemption under 42 U.S.C. §407(a) and Cal. Civ. Code §§704.080.

75.   In forcing account-holders to go through the exemption process set forth in California Code Of Civil Procedure §§703.510-703.600, the Los Angeles County Sheriffs Office, the Butte County Clerk's Office and other local and state officials in California routinely violate the due process rights of Social Security recipients and the recipients of other benefits subject to exemption without making any claim.

76.   Moreover, to the extent that California law can be interpreted as requiring judgment debtors with accounts containing funds exempt under 42 U.S.C. §407(a) to affirmatively prove their right to an exemption under the procedures set forth in California Code Of Civil Procedure

■ 14 -

1   §§703.510-703.600, then California Code of Civil Procedure §§703.510-703.600 as applied in

2   these cases is in direct conflict with 42 U.S.C. §407(a) and thus void under the Supremacy

3   Clause of the United States Constitution.

4

5                   **AS AND FOR A SEVENTH CLAIM FOR RELIEF**
6          (42 USC §1983 Claim Against Los Angeles County Sheriff's Office And Butte County
                                            Clerk's Office)
7
8          77.     Plaintiffs repeat and reallege Paragraphs 1 through 76 of the Amended Complaint

9   as if fully set forth herein.

10         78.    By reason of the above, defendants the Los Angeles County Sheriffs Office and the

11  Butte County Clerk's Office have violated 42 U.S.C. §1983.

12

13         **WHEREFORE,** Plaintiffs respectfully pray for relief and judgment as follows:

14              (i)     Determining that this action is a proper class action, certifying Plaintiffs
                        as class representatives under Rule 23 of the Federal Rules of Civil
15                      Procedure;

16              (ii)    Awarding compensatory, statutory and punitive damages in favor of
                        Plaintiffs and the other Class Members against the Defendants for all
17                      damages sustained as a result of the Defendants' wrongdoing, in an
                        amount to be established at trial, including interest thereon;
18
19              (iii)   Enjoining Defendants from engaging in any future conduct that violates
                        the California Unfair Competition Law, Cal. Civil Code §17200;
20
                (iv)    Declaring that requiring judgment debtors with accounts containing funds
21                      exempt under 42 U.S.C. §407(a) to affirmatively prove their right to an
                        exemption under the procedures set forth in California Code Of Civil
22                      Procedure §§703.510-703.600 violates 42 U.S.C. §407(a), and thus is
                        improper under the Supremacy Clause of the United States Constitution.
23
                (v)     Declaring that requiring judgment debtors with accounts containing funds
24                      exempt under 42 U.S.C. §407(a) and §704.080 of the California Code of
                        Civil Procedure to affirmatively prove their right to an exemption under
25                      the procedures set forth in California Code Of Civil Procedure
                        §§703.510-703.600 violates the due process clause of the federal and
26                      California Constitutions;

27              (vi)    Enjoining defendants from requiring judgment debtors with accounts
                        containing funds exempt under 42 U.S.C. §407(a) and §704.080 of the
28                      California Code of Civil Procedure to affirmatively prove their right to an

                                        ■ 15 -

1  exemption under the procedures set forth in California Code Of Civil
   Procedure §§703.510-703.600; and

2  (vii)  Awarding such other and further relief as the Court deems just and
         appropriate.

3

4  Dated: March 6, 2008

5                                    DEAN D. PAIK
                                     COHEN & PAIK LLP

6
                                     PAUL S. GROBMAN
7

8                          By
9                                         DEAN D. PAIK

10                                   Attorneys for HELEN and MARTIN YACK on
                                     behalf of themselves and all others similarly
11                                   situated

12

13

14              **DEMAND FOR JURY TRIAL**

15

16     Plaintiffs hereby demand trial by jury on any and all issues triable by a jury.

   Dated: March 6, 2008
17
                                     DEAN D. PAIK
18                                   COHEN & PAIK LLP

19                                   PAUL S. GROBMAN

20
                           By
21                                        DEAN D. PAIK

22
                                     Attorneys for HELEN and MARTIN YACK on
23                                   behalf of themselves and all others similarly
                                     situated
24

25

26

27

28
                                ■ 16 -

AMENDED COMPLAINT
CASE NO. 07-5858-PJH