DEAN D. PAIK (State Bar No. 126920)
COHEN & PAIK LLP
300 Montgomery Street, Suite 660
San Francisco, CA 94104
Telephone:   (415) 398-3900
Facsimile:    (415) 398-7500

PAUL S. GROBMAN (appearing *pro hac vice*)
555 Fifth Avenue, 17th Floor
New York, New York 10017
Telephone: 212.983.5880
Facsimile: 415.682.7060
Email: grobtown@aol.com

Attorneys for HELEN and MARTIN YACK
on behalf of themselves and all others similarly situated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELEN and MARTIN YACK on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WASHINGTON MUTUAL INC., SUNLAN-020105, LLC; SHERIFF'S DEPARTMENT, COUNTY OF LOS ANGELES, CALIFORNIA; CLERK'S OFFICE, COUNTY OF BUTTE, CALIFORNIA; and DOES 1-10,<br><br>Defendants. | Case No.: 07-5858-PJH<br><br>**PLAINTIFFS HELEN AND MARTIN YACK'S OPPOSITION TO DEFENDANTS LOS ANGELES COUNTY SHERIFF'S DEPARTMENT MOTION TO DISMISS**<br><br>Hearing:<br><br>Date: June 25, 2008<br>Time: 9:00 a.m.<br>Courtroom: 3<br><br>The Honorable Phyllis J. Hamilton |

**PLAINTIFFS' OPPOSITION TO LOS ANGELES COUNTY SHERIFF'S DEPARTMENT'S MOTION TO DISMISS**

## I.  INTRODUCTION

Defendant, the County of Los Angeles Sheriff's Department, ("Sheriff's Department") alleges that Plaintiffs Helen and Martin Yack, (the "Yacks" or "Plaintiffs") are precluded from bringing the claim against the Sheriffs' Department under 42 U.S.C. §1983 asserted in the

1  Seventh Cause of Action of the first amended complaint, because the Yacks allegedly failed to
2  allege that the constitutional violations complained of in the Amended Complaint were part of a
3  "custom, practice or policy which violated their constitutional rights."[1]
4       As shown below, the Sheriff's Department's motion to dismiss is meritless.  The Yacks
5  have alleged that the Sheriff's Department has engaged in a "custom, practice or policy" of
6  violating the constitutional rights of Social Security recipients by enforcing an attachment
7  procedure which violated due process.  In any event, controlling Ninth Circuit precedent
8  demonstrates that no such 'policy or practice' needs to be alleged where a party is seeking to
9  enjoin a sheriff or other county official from enforcing a statute which is allegedly
10 unconstitutional as applied.

11 **II.    BACKGROUND FACTS**

12      Martin and Helen Yack are a retired couple whose sole income comes from Social
13 Security and a small pension from Mr. Yack's former job as a painter.  (Amended Complaint, ¶¶
14 24-25, 28)  Since 2000, both Mr. and Mrs. Yack have repeatedly been hospitalized for
15 conditions associated with cancer and heart disease.  (Amended Complaint, ¶¶ 29-30) Unable to
16 pay their medical bills, the Yacks filed for bankruptcy on July 20, 2007.
17      Nine months before their bankruptcy, in November 2006, the Clerk's Office for Butte

---

[1] The Sheriffs' Department also incorporates the arguments made in Washington Mutual and Sunlan-020105's motion papers concerning the purported consequences of the Yacks' failure to schedule the claims against the Sheriff's Department in their bankruptcy.  These arguments are addressed in the Yacks' response to Washington Mutual and Sunlan-020105's motion.  Apart from that argument, the Sheriff's Department apparently concedes that the Yacks have pled a valid claim against them for Due Process and Supremacy Clause violations of the United States Constitution. (See Amended Complaint, Sixth Claim For Relief)

  As for the Sheriff's Department request for dismissal of the Yacks' Fourth Claim for Relief under California Civil Code §1788.10, the Amended Complaint demonstrates that the claim under Civil Code §1788.10 was only asserted claim against Washington Mutual and Sunlan-020105, not the Sheriffs' Department or the Butte County Clerk's Office.

- 2 -

1  County, California issued a Writ of Execution on behalf of Sunlan, (believed to have been

2  assigned the debt owed to medical providers by the Yacks) who had obtained a judgment on the

3  Yack's medical debt.  (Amended Complaint, ¶¶ 33-34)  After obtaining the Writ of Execution,

4  Sunlan delivered the Writ to defendants Los Angeles County Sheriff's Department.  (Amended

5  Complaint, ¶33)

6       On or about November 17, 2006, the Sheriff's Department served a Notice of Levy on

7  WaMu, where the Yacks' had a checking account.  According to the Notice of Levy, WaMu

8  was required to immediately freeze the Yacks' account, withdraw the money remaining, and

9  transfer it to the Sheriff's Department. (Amended Complaint, ¶35-36)

10       On November 24, 2006, the Yacks filed a claim of exemption demonstrating that the

11  money in the account came from social security and a pension and thus was exempt from

12  attachment, execution or legal process under 42 U.S.C. §407 and Cal. Code of Civil Procedure

13  §704.080. (Amended Complaint, ¶44)  Despite this, it was not until February 15, 2007 that the

14  Superior Court in Butte County finally determined that the $312 in the account was statutorily

15  exempt and not subject to execution.  (Amended Complaint, ¶50)

16       Under California law, where parties are required to file a claim of exemption, §703.550

17  of the California Code of Civil Procedure gives a judgment creditor up to ten days from service

18  of the notice of claim of exemption to file an opposition to the claim of exemption.  (Amended

19  Complaint, ¶45)   On December 6, 2006, Sunlan-020105, through its attorneys Kenosian &

20  Miele, filed a Notice of Opposition to the Yacks' Claim of Exemption.  (Amended Complaint,

21  ¶46)

22       Under §703.550 of the California Code of Civil Procedure, a California court has up to

23  20 days from the date that the judgment creditor's opposition to the claim of exemption is filed

24  to have a hearing on the propriety of the attachment of the exempt funds.  Moreover, under

25  §703.590, the Court may extend the time in which the hearing is to be held.   (Amended

26  Complaint, ¶47)  Even after a California court determines that a levy or attachment is improper,

27  §703.610 of the California Code of Civil Procedure prohibits the levying officer from releasing

28

- 3 -

OPPOSITION TO MOTION TO DISMISS FOR LACK OF STANDING
CASE NO. 07-5858-PJH

the attached funds "until an appeal is waived" or "the time to file an appeal has expired." (Amended Complaint, ¶48)

In the case of the funds withdrawn from the Yacks' account, the Superior Court of California for the County of Butte did not hold a hearing on the attached funds until February 9, 2007, when the Court finally found that the Yacks' "funds are exempt from levy under CCP §704.080(b)(2) and CCP §704.115(b)." The Order releasing the attached funds was not issued until February 15, 2007, almost three months after the attachment. (Amended Complaint, ¶¶49-50)

In their Amended Complaint, the Yacks allege that the procedure for attaching exempt funds which is utilized in California by government entities such as the Los Angeles County Sheriff violates the United States Constitution and 42 U.S.C. §1983. Specifically, the Yack's alleged that "in pursuing and executing the levy and attachment of funds in bank or checking accounts which are exempt from execution, attachment, levy, garnishment or other legal process under 42 U.S.C. §407(a), Cal. Civ. Code §§704.080, 695.030, 699.710, and 703.030(b), and allowing the maintenance of such attachments for several months, the Los Angeles County Sheriffs Office and the Butte County Clerk's Office have violated the Yacks' due process rights under the federal and California Constitutions." (Amended Complaint, ¶73)

The Amended Complaint further alleges that:

> 74. Upon information and belief, the Los Angeles County Sheriffs Office, the Butte County Clerk's Office and other local and state officials in California routinely require beneficiaries of Social Security payments to affirmatively prove their right to an exemption under the procedures set forth in California Code Of Civil Procedure §§703.510-703.600, notwithstanding the exempt nature of such funds without making any such claim of exemption under 42 U.S.C. §407(a) and Cal. Civ. Code §§704.080."
>
> 75. In forcing account-holders to go through the exemption process set forth in California Code Of Civil Procedure §§703.510-703.600, the Los Angeles County Sheriffs Office, the Butte County Clerk's Office and other local and state officials in California routinely violate the due process rights of Social Security recipients and the recipients of other benefits subject to

■ 4 -

> exemption without making any claim.
>
> 76. Moreover, to the extent that California law can be interpreted as requiring judgment debtors with accounts containing funds exempt under 42 U.S.C. §407(a) to affirmatively prove their right to an exemption under the procedures set forth in California Code Of Civil Procedure §§703.510-703.600, then California Code of Civil Procedure §§703.510-703.600 as applied in these cases is in direct conflict with 42 U.S.C. §407(a) and thus void under the Supremacy Clause of the United States Constitution. . . . .
>
> 78. By reason of the above, defendants the Los Angeles County Sheriffs' Office and the Butte County Clerk's Office have violated 42 U.S.C. §1983.

(Amended Complaint, ¶¶ 74-76, 78)

On May 7, 2008, the Sheriff's Department filed a Motion to Dismiss, joining Washington Mutual and Sunlan-020105's motion seeking dismissal on the ground that the Yacks' failure to schedule their claims against the defendants prevents them from maintaining this action, and also contending that the Yacks 42 U.S.C. §1983 claim against them should be dismissed because the Yacks' fail to allege "facts to suggest that [the Sheriff's Department] maintained a custom, practice, or policy which violated their constitutional rights."  (Sheriff's Department Brief, p. 5)

**III.    ARGUMENT**

        **A.    The Yacks Have Pled A Valid Claim Against The Sheriff's Department Under 42 U.S.C. §1983**

The Sheriff's Departments' claim that the Yacks' §1983 claim is defective because they have failed to allege a "custom, practice or policy which violated their constitutional rights" is not only factually wrong, but also legally irrelevant.

Thus, in Paragraph 75 of the Amended Complaint, the Yacks specifically allege the following:

- 5 -

> 75. In forcing account-holders to go through the exemption process set forth in California Code Of Civil Procedure §§703.510-703.600, the Los Angeles County Sheriffs Office, the Butte County Clerk's Office and other local and state officials in California routinely violate the due process rights of Social Security recipients and the recipients of other benefits subject to exemption without making any claim.

Even without applying "the sympathetic construction required at the motion to dismiss stage'" Gibson v. U.S., 781 F.2d 1334 (9th Cir. 1986), the Yacks have alleged "facts sufficient to state a claim that city agents, acting under color of state law, caused the deprivation of their constitutional rights." Id.

In any event, the Sheriff's Department "can be subject to prospective injunctive relief even if the constitutional violation was not the result of an 'official custom or policy.'" Los Angeles Police Protective League v. Gates, 995 F.2d 1469, 1472 (9th Cir.1993) (*quoting* Chaloux v. Killeen, 886 F.2d 247, 251 (9th Cir.1989).  The Ninth Circuit decision in Chaloux v. Killeen, 886 F.2d 247, 251 (9th Cir.1989) is directly on point.

In Chaloux, several Social Security recipients challenged the constitutionality of Idaho's postjudgment garnishment procedures by asserting a claim,, *inter alia*, for declaratory and injunctive relief against several Idaho county sheriffs under 42 U.S.C. §1983.  The District Court dismissed the §1983 action, finding that the plaintiff Social Security recipients had failed to show that the constitutional violations asserted against the sheriffs "were inflicted pursuant to an official county policy."  886 F.2d at 250.

The Ninth Circuit reversed, holding that there is no 'official policy or custom' requirement where a plaintiff sues "for prospective relief against a county or its officials for enforcing allegedly unconstitutional state laws."  Chaloux, 886 F.2d at 250.  In words which apply equally here, the court found that the various county sheriffs were properly named as defendants in the §1983 action:

- 6 -

> [A]ppellants sued the sheriffs for actions in attaching and garnishing their bank accounts. Under Idaho's postjudgment garnishment statutes, the sheriffs have the sole duty to enforce those laws…. Their duty is to serve writs of execution and notices of garnishment on garnishees. . . Because they had the statutory duty to enforce and administer allegedly unconstitutional state statutes … [the sheriffs'] actions caused the constitutional violations complained of. We find that the county sheriffs were properly named as defendants.

Chaloux, 886 F.2d at 251-25.[2]

### IV.  CONCLUSION

Based on the foregoing, the Court should deny Defendants' motion to dismiss the Yacks' claim under 42 U.S.C. §1983, as well as that portion of the motion which incorporates the arguments made in the brief of Washington Mutual and Sunlan-020105 .

Dated: March 28, 2008

                              DEAN D. PAIK
                              COHEN & PAIK LLP

                              PAUL S. GROBMAN


                    By        /s/ Dean D. Paik
                              DEAN D. PAIK

                              Attorneys for HELEN and MARTIN YACK on behalf of themselves and all others similarly situated

---

[2] The Chaloux court also cited approvingly to the Third Circuit's decision in Finberg v. Sullivan, 634 F.2d 50 (3d Cir. 1980), in which the court found that a sheriff and other Pennsylvania county officials had violated 42 U.S.C. §1983 through the enforcement of unconstitutional procedures for attaching benefits which were exempt under 42 U.S.C. §407.

■ 7 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**REMINDER: THROW THIS PAGE AWAY IF PRINTED!**

On the **RED** line below, type in the abbreviated title of document. This title will be referenced in all the footers throughout the pleading:

CHEVRON CORPORATION'S RESPONSE TO PLAINTIFFS' SPECIAL INTERROGATORIES (SET ONE)

**DO NOT DELETE THIS PAGE** or your abbreviated pleading title will disappear throughout your document.