DEAN D. PAIK (State Bar No. 126920)
COHEN & PAIK LLP
300 Montgomery Street, Suite 660
San Francisco, CA  94104
Telephone:     (415) 398-3900
Facsimile:      (415) 398-7500

PAUL S. GROBMAN (appearing *pro hac vice*)
555 Fifth Avenue, 17th Floor
New York, New York  10017
Telephone: 212.983.5880
Facsimile: 415.682.7060
Email: grobtown@aol.com

Attorneys for HELEN and MARTIN YACK
on behalf of themselves and all others similarly situated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELEN and MARTIN YACK on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WASHINGTON MUTUAL INC., SUNLAN-020105, LLC; SHERIFF'S DEPARTMENT, COUNTY OF LOS ANGELES, CALIFORNIA; CLERK'S OFFICE, COUNTY OF BUTTE, CALIFORNIA; and DOES 1-10,<br><br>Defendants. | Case No.: 07-5858-PJH<br><br>**SUPPLEMENTAL DECLARATION OF PAUL GROBMAN IN SUPPORT OF PLAINTIFFS HELEN AND MARTIN YACK'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR LACK OF STANDING**<br><br>Hearing:<br><br>Date: June 25, 2008<br>Time: 9:00 a.m.<br>Courtroom:  3<br><br>The Honorable Phyllis J. Hamilton |

I, Paul S. Grobman, declare:

1.     I am an attorney at law duly licensed to practice in the courts of New York state and am appearing as counsel for Plaintiffs Martin and Helen Yack in this matter *pro hac vice*.  I have personal knowledge of the matters stated herein and, if called upon to do so, would and could competently testify to the same.

1       2. I submit this Declaration to advise the court of several additional facts which have arisen since plaintiffs filed their initial papers in opposition to defendants' motion to dismiss. In essence, the bankruptcy trustee in the Yacks bankruptcy has completely reversed his commitment to abandon the Yacks litigation claims in this case, apparently in response to an offer from Washington Mutual ("WaMu") to pay the bankruptcy estate a substantial sum if the trustee agrees not to abandon the Yacks' claims. I submit this supplemental declaration to advise this Court of this change of circumstance as I previously attached a May 27, 2008 letter from the Trustee committing to abandon the Yacks' claims with my declaration of May 28, 2008 in support of the Yacks' opposition to Defendants' motion to dismiss for lack of standing.

     3. In its Motion to Dismiss, WaMu's principal contention is that the Yacks lack standing because they never scheduled the claims subsequently brought against WaMu in this action as an asset in their July 2007 bankruptcy. Indeed, WaMu was so sure of its position that it filed a Motion for Sanctions against myself and Dean Paik, also counsel for the Yacks', contending that the Complaint is "legally baseless" and "the product of an insufficient pre-filing investigation into the facts and scope of the relevant law."

     4. On the morning of May 28, 2008, plaintiffs' filed and electronically served their papers in opposition to WaMu's Motion to Dismiss. In the brief in opposition to WaMu's motion, the Yacks demonstrated that claims for injunctive relief like those alleged in the Yacks' Amended Complaint are not precluded by a failure to schedule them in a prior bankruptcy. <u>Barger v. City of Cartersville, Georgia</u>, 348 F.3d 1289, 1297 (11th Cir. 2003)

     5. Moreover, the Yacks cited three 9th Circuit cases -- <u>Dunmore v. U.S.</u>, 358 F.3d 1107 (9th Cir. 2004), <u>Turner v. Cook</u>, 362 F.3d 1219, 1226 (9th Cir. 2004), and <u>Walton v. Allstate Ins. Co.</u>, 2007 U.S. App. Lexis 756 (9th Cir. 2007) (unpublished) – each of which held that a former debtor may bring pending claims on their own behalf, even if it failed to schedule it in a prior bankruptcy, if the bankruptcy case is subsequently reopened and the Trustee indicates an intent to abandon the claims.

     6. In that regard, I submitted a declaration which appended a May 27, 2008 letter

- 2 -

addressed to Thomas Olson, the Yacks' bankruptcy attorney, from Michael P. Dacquisto, the Trustee assigned by the bankruptcy court to determine whether the bankruptcy estate wished to pursue the claims brought by the Yacks in this action. In the May 27th letter, Mr. Dacquisto stated that he intended to abandon the pending claims:

> As I told you last week I have no objection to relief you sought in the motion for abandonment you filed on 5/12/08 which is set for hearing on 6/10/08. As you know my failure to file opposition 14 days before 6/10/08 precludes me from doing so at this time. I also advised you, at that time, that you could tell Judge Klein you had spoken with me about the motion and that I had no objection to it.

(I again append a copy of that letter as Exh. A for the Court's convenience)

7. According to the email verification distributed by the court, my declaration which attached Mr. Dacquisto's letter was filed at 11:22 a.m. on the morning of May 28, 2008.

8. However, within five hours of the filing of our papers, Mr. Dacquisto abruptly reversed himself. In a letter to Tom Olson faxed to Olson on the afternoon of May 28, 2008, the Chapter 7 Trustee withdrew his consent to the proposed abandonment, claiming that a message he received on his answering machine led him to believe that the pending causes of action "may have significant value to the Chapter 7 bankruptcy estate." (A copy of that letter is annexed hereto as Exh. B)

9. That afternoon, I called Mr. Dacquisto to ask him about the reasons behind his abrupt change of position. Mr. Dacquisto informed me that an individual who identified himself as an attorney for Washington Mutual Bank contacted him that day, offering to pay the bankruptcy estate a substantial sum of money if the Trustee reversed his decision to abandon the Yacks' pending claims.

10. In the course of the conversation, Mr. Dacquisto also accused me and the Yacks' bankruptcy counsel, Mr. Olson, of "misleading" him as to the value of the Yacks' claim

- 3 -

because I purportedly never told him that the Yacks were the only class representatives in this case.

11.   I told Mr. Dacquisto I was surprised by his accusation, since the operative pleading in this case, the amended complaint, is attached as an exhibit to the Yacks' Motion to Abandon served on him on May 12, 2008, and clearly shows that the Yacks were the only named-plaintiffs. (The Motion to Abandon is attached as Exh. B to the Yacks. Request for Judicial Notice filed on May 28, 2008).   Mr. Dacquisto did not respond, and suggested that the Trustee would consider any higher offers to buy back the claim.

12.   On May 29, 2008, I wrote to Mr. Dacquisto confirming our conversation and requesting that he provide the identity and contact information for the Washington Mutual attorney who contacted him offering to buy the Yacks' claims if he reversed his position on abandonment.  (A copy of my May 29, 2008 letter is annexed hereto as Exh. C)

13.   On May 29, 2008, WaMu filed an opposition to the Yacks' Motion to Abandon which asserted that – though the Yacks' "claims against it have virtually no monetary value" – it "may well be willing to settle" with the Trustee "for a sum that will satisfy the Debtor's creditors" [around $35,000.00].   (A copy of Washington Mutual's papers is annexed as Exh. D)  In essence, WaMu proposes to pay itself to settle the lawsuit pending against itself.

14.   At the same time as WaMu filed its papers, the Trustee filed an affidavit supporting Wamu's opposition to the Motion to Abandon, and requesting the court to consider the papers filed by WaMu, which were late under the local rules. (A copy of the Trustee's Response is annexed hereto as Exh. E)

14.   On May 30, 2008, Mr. Dacquisto responded to my letter by email, repeating the accusation that he was never advised "that the Yacks were the class representatives in the lawsuit", and rejecting the Yacks' request for information about the circumstances surrounding

- 4 -

the offer made by Washington Mutual because "you have no right to any of that information." (A copy of the May 30, 2008 Dacquisto email is annexed as Exh. F)

15. On June 2, 2008, I responded to Mr. Dacquisto's email of May 30, again suggesting that he review the amended complaint that had been attached as an exhibit to the Yacks' motion to abandon and which clearly identified the Yacks as the only class representatives. I also reviewed with him the relevant history of the stark reversal of position of the bankruptcy trustee in this case. (A copy of my June 2, 2008 letter email is annexed as Exh. G)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and this declaration was executed in New York, New York on June 2, 2008.

                                                     /s/ Paul S. Grobman
                                                     PAUL S. GROBMAN

## ATTESTATION

I, Dean D. Paik, am the ECF user whose ID and password are being used to file this declaration. In compliance with General Order No. 45X.B., I hereby attest that Paul S. Grobman executed the above declaration on June 2, 2008 at New York, New York.

                                                     /s/ Dean D. Paik
                                                     DEAN D. PAIK

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**REMINDER:  THROW THIS PAGE AWAY IF PRINTED!**

On the **RED** line below, type in the abbreviated title of document.  This title will be referenced in all the footers throughout the pleading:

CHEVRON CORPORATION'S RESPONSE TO PLAINTIFFS' SPECIAL INTERROGATORIES (SET ONE)

**DO NOT DELETE THIS PAGE** or your abbreviated pleading title will disappear throughout your document.