May 29, 2008

**VIA FACSIMILE (530-244-6267)**
Michael P. Dacquisto, Chapter 7 Trustee
P.O. Box 992631
Redding, Cal. 96099-2631

                        **Re: 07-25642-C-7, Martin and Helen Yack**

Dear Mr. Dacquisto,

      I write this letter to memorialize the events of the past few days, in which you (i) orally advised Tom Olson that you had no objection to the Yacks' motion to abandon the pending federal claims to the Yacks, (ii) confirmed that position in a May 27, 2008 letter to Mr. Olson, and then (iii) abruptly reversed your position in a letter to Olson dated May 28, 2008.

      When I asked you why you changed your position in our May 28, 2008 telephone call, you advised me that you had received a message on May 28, 2008 from an individual identifying himself as an attorney for Washington Mutual, who offered to settle the Yacks' claims pending in federal district court in San Francisco for an undisclosed sum, provided that the Trustee agrees not to abandon the Yacks' pending claims.

      Apparently, Washington Mutual contacted you about settlement immediately after the bank's attorneys saw your initial letter confirming abandonment of the Yacks' claims, which was appended as an exhibit to papers electronically served and filed by the Yacks on the morning of May 28th in opposition to Washington Mutual's motion to dismiss.

      We are concerned by this turn of events, and especially by the suggestion that your sudden about-face resulted from a lack of candor about the Yacks' claims on the part of me or Mr. Olson.  For instance, in your May 28, 2008 letter to Mr. Olson, you say that the value of the Yacks' claims may be significant, "contrary to what has been represented to me thus far."  In our phone conversation of the same day, you claimed that I never told you that the Yacks were the only named class representatives in the federal action.

      The suggestion that either I or Mr. Olson somehow misled you about the number of named-plaintiffs in the federal action is completely bewildering, since a copy of the Yack's first Amended Complaint which clearly showed them as the sole-named plaintiffs

was appended as an exhibit to the Motion to Abandon served on you on or about May 12, 2008.[1]

As for the belated contention that the Yacks' claims against Washington Mutual "may have significant value to the Chapter 7 bankruptcy estate", the only reason Washington Mutual is willing to pay the estate an amount far in excess of the Yacks' actual damages is because it seeks to short-circuit any federal judicial inquiry into its treatment of bank accounts maintained by senior citizens containing statutorily-exempt funds.

In any event, as the circumstances surrounding your abrupt withdrawal of consent to the proposed abandonment are material to the pending motion to dismiss made by Washington Mutual in the Yacks' federal action, I request that you promptly provide me with (i) the name of the person or persons who contacted you on behalf of Washington Mutual, (ii) when you were contacted, and (iii) the details of any offers made by Washington Mutual to settle the federal action.

Finally, as you requested, we intend to advise the court that you have tentatively rescinded your abandonment of the Yacks' federal claims.

Very truly yours,

Paul Grobman

---

[1] Moreover, the Motion to Abandon itself repeatedly indicates that the Yacks were proceeding alone. See Motion to Abandon, ¶12 ("On November 19, 2007, the Yacks filed a pro se complaint . . . based upon the freezing of their account at Washington Mutual"); ¶13 ("On March 6, 2008, newly-retained counsel for the Yacks in the action pending in federal district court filed an Amended Complaint on their behalf")