**From:** Michael Dacquisto-Home <mdacquisto@charter.net>
**To:** grobtown@aol.com
**Subject:** your fax of 5-29-08
**Date:** Fri, 30 May 2008 12:25 pm

Dear Mr. Grobman:

Your letter/fax to me of May 29, 2008 is inaccurate and incomplete. If you're going to write what you consider to be a memorialization of events you should try to make it complete and accurate, for the sake of all concerned.

What you seem to forget, among other things, is that you have never told me, and we have spoken at least once in the past, that the Yacks were the class representatives in the lawsuit you filed against Washington Mutual et al. In addition you never told me that you prepared a lawsuit on their behalf and had it filed less than one week after their discharge was entered. I surmise you did this because you were not admitted to practice in the Northern District of California and because you wanted to avoid the requirement that your services be retained by me, as bankruptcy trustee for the Yacks estate, and approved by the bankruptcy court. I'm certain the bankruptcy court in Sacramento will not look favorably upon those actions.

Under applicable bankruptcy law you are not entitled to any payment for services rendered on their behalf without having your employment approved by the bankruptcy court and without having any fee request approved by that same court. Furthermore, because their claim is property of the bankruptcy estate, before your services can be retained I must decide that you will provide the best representation of the estate's interests in this action. Your conduct thus far leads me to conclude otherwise.

If you wish to continue representing the Yacks you will need to provide me with a copy of the retainer agreement you entered into with them, a copy of all correspondence you have sent them in connection with any aspect of your representation of them to recover against Washington Mutual, et al., a copy of all correspondence you have received from them, and all notes in your file, including emails, to or from them and you which in any way discuss this matter.

I need to know your educational background, your experience in matters of this kind, a financial statement to demonstrate you have the financial ability to fund this type of litigation, and a copy of your current malpractice policy declaration page. All of this information is necessary so I can make an informed decision as to your qualifications to represent the bankruptcy estate. The sooner you provide it to me the sooner I can make my decision.

As for your final request that I "promptly provide" you with information concerning the contact between myself and the representative from Washington Mutual, you are not a creditor of this estate and are not an employed professional. Consequently you have no right to any of that information.

I trust this email resolves the "bewilderment" you set forth in your fax. I've found through many years of practicing law that being up front, forthright and honest is the best way to deal. Hiding the ball is a game for children.

Michael Dacquisto.