June 2, 2008

**VIA FACSIMILE (530-244-6267)**
Michael P. Dacquisto, Chapter 7 Trustee
P.O. Box 992631
Redding, Cal. 96099-2631

**Re: 07-25642-C-7, Martin and Helen Yack**

Dear Mr. Dacquisto,

      We write to briefly respond to your e-mail of May 30, 2008.
      In your e-mail, you again attempt to cast the blame for your sudden about-face on May 28, 2008 regarding abandonment of the Yacks' claims by accusing us of not having told you "that the Yacks were the class representatives in the lawsuit you filed against Washington Mutual."
      We again direct your attention to the Amended Complaint filed as Exhibit A to the Motion to Abandon which was served upon you on May 12, 2008 and which plainly identifies the Yacks as class representatives in the suit filed against Washington Mutual. As the caption clearly identifies the Yacks as the sole class representatives, we are at a loss to understand how you can continue to maintain that the Yacks failed to so inform you.[1]
      We believe, however, that Yacks and the Trustee are largely in agreement about the chronology of events leading to the Trustee's sudden reversal regarding the Yacks claims. Prior to May 28, 2008, the Trustee consistently and repeatedly agreed that the Yacks' claim had little value and intended to abandon the claim, culminating in your letter to Thomas Olsen of May 27, 2008 confirming that the Trustee intended to abandon the Yacks claim. On May 28, 2008, the Yacks, as part of the briefing on Defendants' motion to dismiss the amended complaint for lack of standing, submitted a copy of the Trustee's letter to the Court in the above-entitled matter. Apparently, counsel representing Washington Mutual immediately contacted you and offered to pay the bankruptcy estate a substantial sum if the Trustee would not abandon the claim. You

---

[1] As for your claim that I somehow acted improperly by drafting the Yacks' initial *pro se* Complaint in the federal action, please be advised that that same accusation was the subject of a Motion for Miscellaneous Relief filed by Washington Mutual in the pending federal action on April 17, 2008, which was denied by the district court on April 21, 2008.

then wrote Mr. Olsen recanting your letter of May 27 and reversing the Trustee's consistent position that it intended to abandon the Yacks' claim.

Unfortunately, the trustee has now sought to concoct a post hoc rationalization to justify its change of heart by making baseless accusations that the Yacks have been less than forthright in dealing with you. Needless to say, we disagree with your attempts to rewrite the history.

We ask you to reconsider your refusal to provide us with any information relating to your contacts with Washington Mutual. As the attorney representing the Yacks' in the federal action, we have induced Washington Mutual to provide an apparent benefit of tens of thousands of dollars to the estate on claims which Washington Mutual characterizes as "having virtually no monetary value." (WaMu Opposition to Motion to Abandon, p. 3) Under these circumstances, the Yacks' attorneys have the right to request compensation from the estate should the estate choose to retain the Yacks' federal claims, (See Bank. Code §330) and reserve the right to do so.

Very truly yours,

Paul Grobman