**Tomas A. Guterres, Esq. (State Bar No. 152729)**
**Catherine M. Mathers, Esq. (State Bar No. 221983)**
**COLLINS, COLLINS, MUIR & STEWART, LLP**
**1100 El Centro Street**
**Post Office Box 250**
**South Pasadena, CA  91030**
**(626) 243-1100 – FAX (626) 243-1111**
**EMAIL:** cmathers@ccmslaw.com

Attorney for Defendant
COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT

| | |
|---|---|
| HELEN and MARTIN YACK on behalf of themselves and all others similarly situated, | CASE NO. CV07-5858-PJH *[Case Assigned to the Hon. Phyllis J. Hamilton, Courtroom 3]* |
| Plaintiffs, | **DEFENDANT COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS** |
| vs. | |
| WASHINGTON MUTUAL INC., SUNLAN-020105, LLC; SHERIFF'S DEPARTMENT, COUNTY OF LOS ANGELES, CALIFORNIA; CLERK'S OFFICE, COUNTY OF BUTTE, CALIFORNIA; and DOES 1-10, | DATE: June 25, 2008 TIME: 9:00 a.m. CTRM: 3 Complaint Filed: November 19, 2007 |
| Defendants. | TRIAL DATE: None |

///
///
///
///
///

*CMMC\L:\168\36\MTN TO DISMISS - REPLY.DOC*

1

**DEFENDANT LASD'S REPLY TO OPPOSITION TO MOTION TO DISMISS**

## I.

## INTRODUCTION

Plaintiffs HELEN and MARTIN YACK (hereinafter "PLAINTIFFS") oppose the Motion to Dismiss of Defendant COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT (hereinafter "LASD") on the grounds that (1) PLAINTIFFS have alleged a "custom, practice or policy" of violating constitutional rights of Social Security recipients by enforcing an attachment procedure which violated due process; (2) it is not necessary to allege a custom, practice, or policy when seeking to enjoin the Sheriff from enforcing a statute which is allegedly unconstitutional as applied; and (3) PLAINTIFFS do not lack standing.

However, PLAINTIFFS' Amended Complaint sets forth nothing more than conclusory allegations that their rights were violated by virtue of LASD following the requirements of the California Code of Civil Procedure. PLAINTIFFS' Amended Complaint is entirely lacking of allegations of a policy promulgated by LASD which caused a violation of their constitutional rights. Additionally, PLAINTIFFS rely heavily on Chaloux v. Killeen, 886 F.2d 247 (9th Cir. 1989). However, as set forth herein, Chaloux does not apply to actions for damages. Further, PLAINTIFFS apparently did not carefully read LASD's Motion to Dismiss as they represent to the Court that LASD "apparently concedes that the Yacks have pled a valid claim against them for Due Process and Supremacy Clause violations of the United States Constitution." (PLAINTIFFS' Opposition, p.2, footnote 1). As set forth herein and in the moving papers, LASD contends that <u>all</u> of PLAINTIFFS' causes of action against LASD should be dismissed.

## II.

## CHALOUX v. KILLEEN DOES NOT APPLY TO PLAINTIFFS' CLAIM FOR DAMAGES

While LASD agrees that Chaloux v. Killeen, 886 F.2d 247, 251 (9th Cir. 1989) holds that it is not necessary to allege an "official policy or custom" requirement when

**Collins, Collins, Muir & Stewart, LLP**
1100 El Centro Street
Post Office Box 250
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax (626) 243-1111

seeking *only* prospective relief, that is not the case here. PLAINTIFFS' Amended Complaint lacks clarity as to the relief sought for each specific cause of action. However, in the prayer for relief, PLAINTIFFS seek a judgment "awarding compensatory, statutory and punitive damages in favor of Plaintiffs and the other Class Members against Defendants for all damages sustained as a result of the Defendants' wrongdoing, in an amount to be established at trial…" (PLAINTIFF's Amended Complaint, p. 15, lines 16-17).

Therefore, to the extent that PLAINTIFFS seek monetary relief, as set forth in the moving papers, PLAINTIFFS' causes of action for violation of constitutional rights must fail as PLAINTIFFS do not specify facts to support a custom, practice, or policy promulgated by LASD that violated their constitutional rights. (See Gibson v. United States, 781 F.2d 1334, 1337 (9th Cir. 1986); Palmerin v. Riverside, 794 F.2d 1409, 1414 (9th Cir. 1986)). Accordingly, PLAINTIFF's claims under 42 U.S.C. § 1983 must fail.

### III.
### PLAINTIFFS HAVE NOT PROPERLY ALLEGED A CLAIM FOR EQUITABLE RELIEF

To maintain an action for equitable relief, PLAINTIFFS must have standing in order to satisfy the requirement that there is a case or controversy. (*See* O'Shea v. Littleton, 414 U.S. 488, 496, 94 S. Ct. 669, 38 L. Ed. 2d 674 (1974); Baker v. Carr, 369 U.S. 186, 204, 82 S. Ct. 691, 7 L. Ed. 2d 663 (1962)). Additionally, PLAINTIFFS must show that it is likely that the statute they are seeking to have declared improper will be enforced against PLAINTIFFS in the future. Evers v. Dwyer, 358 U.S. 202, 203, 79 S. Ct. 178, 3 L. Ed. 2d 222 (1958).

Other than conclusory allegations in the Amended Complaint and the Opposition, PLAINTIFFS have failed to allege how the California statutes conflict with 42 U.S.C. 407. Additionally, as set forth in all Defendants' moving papers, it appears that PLAINTIFFS lack standing to bring this lawsuit as the claims were not

Collins, Collins, Muir & Stewart, LLP
1100 El Centro Street
Post Office Box 250
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax (626) 243-1111

CMMC\L:\168\36\MTN TO DISMISS - REPLY.DOC

3

**DEFENDANT LASD'S REPLY TO OPPOSITION TO MOTION TO DISMISS**

1  properly disclosed in their bankruptcy petition.  Additionally, PLAINTIFFS have not
2  alleged any facts to indicate that the California statutes addressing attachment will be
3  enforced against them in the future.  Accordingly, PLAINTIFFS have not alleged a
4  claim for damages *or* equitable relief and LASD's Motion to Dismiss should be
5  granted in its entirety.

## IV.
## PLAINTIFFS HAVE NOT ALLEGED A VIOLATION OF THEIR RIGHT TO DUE PROCESS

As set forth in the moving papers, "[i]n procedural due process claims, the deprivation by state action of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law*."  (Emphasis added.)  (Internal citations omitted.) Zinermon v. Burch, 494 U.S. 113, 125, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990).

Here, as PLAINTIFFS have alleged, California Code of Civil Procedure § 704.080 guarantees that the funds in PLAINTIFFS' account with Washington Mutual Bank could not be taken without review by a court.  Here, the process provided by California law successfully prohibited the removal of PLAINTIFFS' exempt funds. Thus, PLAINTIFFS' rights to due process of law were satisfied.

///
///
///
///
///
///
///
///
///

*CMMC\L:\168\36\MTN TO DISMISS - REPLY.DOC*

Collins, Collins,
Muir & Stewart, LLP
1100 El Centro Street
Post Office Box 250
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax     (626) 243-1111

4

**DEFENDANT LASD'S REPLY TO OPPOSITION TO MOTION TO DISMISS**

## V.

## CONCLUSION

For the reasons set forth herein and in the moving papers of all Defendants, LASD respectfully requests that this Court grant its Motion to Dismiss. LASD further requests any relief that this Court deems just and proper.

DATED: June 11, 2008          COLLINS, COLLINS, MUIR & STEWART, LLP


By:   /s/ Catherine M. Mathers
      TOMAS A. GUTERRES
      CATHERINE M. MATHERS
      Attorneys for Defendant
      COUNTY OF LOS ANGELES
      SHERIFF'S DEPARTMENT

Collins, Collins, Muir & Stewart, LLP
1100 El Centro Street
Post Office Box 250
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax (626) 243-1111

CMMC\L:\168\36\MTN TO DISMISS - REPLY.DOC

5

**DEFENDANT LASD'S REPLY TO OPPOSITION TO MOTION TO DISMISS**

**PROOF OF SERVICE**
**(CCP §§ 1013(a) and 2015.5)**

State of California,        )
                            ) ss.
**County of Los Angeles**   )

　　I am employed in the County of   ☒ **Los Angeles**   ☐ **Orange**, State of California. I am over the age of 18 and not a party to the within action; my business address is:

☒ 1100 El Centro Street, Post Office Box 250, **South Pasadena**, California 91030.

☐ 620 Newport Center Drive, Suite 200, Newport Beach, CA 92660-8002

　　On this date, I served the foregoing document described as **DEFENDANT COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS** on the interested parties in this action by placing same in a sealed envelope, addressed as follows:

**SEE ATTACHED SERVICE LIST**

☐ **(BY MAIL)** - I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail in **South Pasadena/Newport Beach**, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at: **South Pasadena/Newport Beach,** California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(BY CERTIFIED MAIL)** – I caused such envelope(s) with postage thereon fully prepaid via Certified Mail Return Receipt Requested to be placed in the United States Mail in **South Pasadena**, California.

☐ **BY EXPRESS MAIL OR ANOTHER METHOD OF DELIVERY PROVIDING FOR OVERNIGHT DELIVERY**

☒ **(BY ELECTRONIC FILING AND/OR SERVICE)** – I served a true copy, with all exhibits, electronically on designated recipients listed on the attached Service List.

☐ **FEDERAL EXPRESS** - I caused the envelope to be delivered to an authorized courier or driver authorized to receive documents with delivery fees provided for.

☐ **(BY FACSIMILE)** - I caused the above-described document(s) to be transmitted to the offices of the interested parties at the facsimile number(s) indicated on the attached Service List and the activity report(s) generated by facsimile number **(626)243-1111 (So. Pasadena) or (949) 718-4801 (Newport Beach)** indicated all pages were transmitted.

☐ **(BY PERSONAL SERVICE)** - I caused such envelope(s) to be delivered by hand to the office(s) of the addressee(s).

Executed on **June 11, 2008** at: **South Pasadena/Newport Beach**, California.

☐ **(STATE)** - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ **(FEDERAL)** - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

　　　　　　　　　　　　　　**/s/ Veronica Chavez**
　　　　　　　　　　　　　　VERONICA CHAVEZ

**Collins, Collins, Muir & Stewart, LLP**
1100 El Centro Street
Post Office Box 250
So. Pasadena, CA 91030
Phone  (626) 243-1100
Fax     (626) 243-1111

CMMC\L:\168\36\MTN TO DISMISS - REPLY.DOC

6

**DEFENDANT LASD'S REPLY TO OPPOSITION TO MOTION TO DISMISS**

YACK v. COUNTY OF LOS ANGELES, et al.
USDC Case No. 07-5858-PJH
Our File No. 16836

**SERVICE LIST**

| | |
|---|---|
| Dean D. Paik, Esq.<br>COHEN & PAIK LLP<br>300 Montgomery Street, Suite 660<br>San Francisco, CA 94104<br>(415) 398-3900 – FAX: (415) 398-7500<br>**ATTORNEYS FOR PLAINTIFFS** | Paul S. Grobman, Esq.<br>555 Fifth Avenue, 17th Floor<br>New York, NY 10017<br>(212) 983-5880 – FAX: (212) 682-7060<br>**ATTORNEYS FOR PLAINTIFFS** |
| James F. McCabe, Esq.<br>Adriano Hrvatin, Esq.<br>Sarah E. Griswold, Esq.<br>MORRISON & FOERSTER, LLP<br>425 Market Street<br>San Francisco, CA 94105<br>(415) 268-7000 – FAX: (415) 268-7522<br>**ATTORNEYS FOR DEFENDANT WASHINGTON MUTUAL BANK** | Tomio B. Narita, Esq.<br>Robin M. Bowen, Esq.<br>SIMMONDS & NARITA, LLP<br>44 Montgomery Street, Suite 3010<br>San Francisco, CA 94104-4811<br>(415) 283-1000 – FAX: (415) 352-2625<br>**ATTORNEYS FOR DEFENDANT SUNLAN-020105, LLC** |

**Collins, Collins, Muir & Stewart, LLP**
1100 El Centro Street
Post Office Box 250
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax (626) 243-1111

*CMMC\L:\16836\MTN TO DISMISS - REPLY.DOC*

7

**DEFENDANT LASD'S REPLY TO OPPOSITION TO MOTION TO DISMISS**