JAMES F. McCABE (CA BAR NO. 104686)
E-mail: JMcCabe@mofo.com
ADRIANO HRVATIN (CA BAR NO. 220909)
E-mail: AHrvatin@mofo.com
SARAH E. GRISWOLD (CA BAR NO. 240326)
E-mail: SGriswold@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Defendant
WASHINGTON MUTUAL BANK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HELEN and MARTIN YACK, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WASHINGTON MUTUAL, INC.; SUNLAN-020105, LLC; SHERIFF'S DEPARTMENT, COUNTY OF LOS ANGELES, CALIFORNIA; CLERK'S OFFICE, COUNTY OF BUTTE, CALIFORNIA; and DOES 1-10,<br><br>Defendants. | Case No. C-07-5858 PJH<br><br>**CLASS ACTION**<br><br>**DEFENDANTS SUNLAN-020105, LLC AND WASHINGTON MUTUAL BANK'S REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>Date: June 25, 2008<br>Time: 9:00 a.m.<br>Place: Courtroom 3, 17th floor<br>Hon. Phyllis J. Hamilton |

DEFENDANTS SUNLAN AND WASHINGTON MUTUAL BANK'S REPLY ISO MOT. TO DISMISS
CASE NO. C-07-5858 PJH
sf-2527419

## INTRODUCTION

Plaintiffs Helen and Martin Yack (the "Yacks") effectively admit that they *presently* lack standing to pursue claims against Defendants Sunlan-020105, LLC ("Sunlan") and Washington Mutual Bank ("Washington Mutual"). There is no dispute on the point of law: because the Yacks failed to disclose these alleged claims in the schedules to their bankruptcy petition, the claims were not abandoned to the Yacks at the close of their bankruptcy case. The claims remain the property of the bankruptcy estate, and the Yacks therefore lack standing to assert them. But plaintiffs asked the Court to overlook the lack of subject matter jurisdiction to allow plaintiffs to cure their lack of standing. When they filed their opposition to this motion on May 28, 2008, they argued that they would eventually acquire standing and create subject matter jurisdiction once the bankruptcy trustee, on their motion, abandoned the claims to them. After plaintiffs filed their opposition here, however, the bankruptcy court *denied* the Yacks' motion to request abandonment. The Yacks thus continue to lack standing to bring this suit, and the Court thus still lacks subject matter jurisdiction over it. The case should therefore be dismissed. Plaintiffs' contention that they can pursue declaratory and injunctive relief on a claim they do not own is based on a misrepresentation of authority, and is wrong.

The fact that plaintiffs have not re-acquired the asserted claims disposes of the case, as there is no case or controversy among the parties to the action. The Court would have had to reach the judicial estoppel issues identified in defendants' moving papers only if plaintiffs had re-acquired the claims: in that event, the Court would have faced the question of whether plaintiffs who *had* standing might nonetheless be precluded from asserting their claims. Since plaintiffs have not re-acquired the claims, the judicial estoppel issues need not be reached.

## BACKGROUND

On July 20, 2007, the Yacks filed a for Chapter 7 bankruptcy. They did not disclose any of the claims they are now pursuing in this case. (*See* Defendants' Request for Judicial Notice ("Defts.' RJN"), Ex. A, Schedule B, item 21.) The Yacks were discharged from bankruptcy, and their bankruptcy case was closed on November 16, 2007. (Defts.' RJN Exs. C, D.) Three days later, on November 19, 2007, the Yacks filed this action.

DEFENDANTS SUNLAN AND WASHINGTON MUTUAL BANK'S REPLY ISO MOT. TO DISMISS       1
CASE NO. C-07-5858 PJH
sf-2527419

The Yacks moved to reopen the bankruptcy proceeding, and the bankruptcy court granted this motion on April 28, 2008. (Plaintiffs' Request for Judicial Notice ("Pls.' RJN"), Ex. A.) The Yacks then moved to request abandonment of the claims they are attempting to pursue in this action. (Pls.' RJN Ex. B.) On June 10, the bankruptcy court denied this motion. (Declaration of Adam A. Lewis in Support of Defendants' Reply ("Lewis Decl.") ¶ 2.)

## ARGUMENT

### I. PLAINTIFFS HAVE FAILED TO ESTABLISH THAT THEY HAVE STANDING TO PURSUE THE CLAIMS ASSERTED HERE.

#### A. Plaintiffs Still Do Not Own The Asserted Claims, and This Court Therefore Lacks Subject Matter Jurisdiction.

The Yacks effectively admit that they lacked standing when they commenced this action, and that they lack standing to this day to pursue the claims asserted in the complaint. The only argument they made regarding their standing was their prediction that the bankruptcy court for the Eastern District of California would, after their opposition was filed and before this motion is heard, permit the trustee to abandon the claims such that the Yacks would then acquire the standing they need to pursue in this action. (*See* Plaintiffs Helen and Martin Yacks' Opposition to Defendants' Motion to Dismiss for Lack of Standing ("Opp'n") 6:4-9:2.) Contrary to the Yacks' prediction, the bankruptcy court on June 10, 2008 declined to abandon these claims to the Yacks. (Lewis Decl. ¶ 2.) The trustee therefore retains the claims the Yacks are attempting to pursue, and the Yacks continue to lack standing. *See Cusano v. Klein*, 264 F.3d 936, 947-48 (9th Cir. 2001). Because the Yacks do not contest that they lack standing absent abandonment from the bankruptcy trustee and because the bankruptcy court denied the Yacks' motion for abandonment, there is no dispute among the parties that the Yacks lack standing to pursue this action. The claims against Sunlan and Washington Mutual should be dismissed for lack of standing and for lack of subject matter jurisdiction.

#### B. Plaintiffs Misconstrue Out of Circuit Authority and Ignore Ninth Circuit Authority In Arguing They Have Standing To Assert Claims Still Owned by The Trustee.

Plaintiffs argue that they have standing to pursue declaratory and injunctive relief regardless of whether the bankruptcy trustee retains the claim against defendants arising from the

November, 2006 writ of execution. "[E]ven if . . . the Yacks deliberately hid potential damage causes of action from the bankruptcy court and the trustee . . . their claims for declaratory and injunctive relief would still go forward." (Opp'n 5:12-14; *see also* Opp'n 2:6-8 ("Plaintiffs have brought claims for declaratory and injunctive relief and their *standing* to bring these claims is in no way affected by the alleged failure to schedule them as assets in bankruptcy." (emphasis added)).)

The "authority" on which plaintiffs base this standing argument is an Eleventh Circuit decision that never addresses *standing* – it concerns only judicial estoppel. Plaintiffs suggest that a block quote from *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1289 (11th Cir. 2002), (Opp'n 5:9-26 (erroneously attributed to *Barger v. City of Cartersville*, 348 F.3d 1289, 1297 (11th Cir. 2003)), stands for the proposition that a debtor's failure to schedule claims as assets has no effect on the debtors' *standing* to seek declaratory and injunctive relief. For a number of reasons, this is nonsense.

First, cases are not authority for propositions not considered therein. *California v. United States*, 307 F.2d 941, 943-44 (9th Cir. 1962). *Burnes* addresses only judicial estoppel and does not analyze standing in any way, a point on which the decision has since been criticized in that Circuit.[1]

Second, there is explicit Ninth Circuit authority on the standing issue that plaintiffs utterly ignore. "[T]o have standing, [the debtor], rather than the bankruptcy estate, must own the claim

---

[1] The Eleventh Circuit has noted that "it is questionable as to whether judicial estoppel was correctly applied in *Burnes*. The more appropriate defense in the *Burnes* case was, instead, that the debtor lacked standing." *Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004). *Burnes* involved discrimination claims for monetary and injunctive relief brought by an employee against his employer. The employment relationship covered a period before, during and after the termination of the employee's bankruptcy case. The employee failed to disclose his claims against his employer in his original or amended bankruptcy petition and schedules. After the employee received a discharge order, the employer moved for summary judgment against the employee exclusively on the ground of *judicial estoppel*. 291 F.3d at 1284. An argument that the plaintiff lacked *standing* to sue the employer would have been frivolous: the employer remained in the defendant's employ and remained subject to the employment practices alleged to be discriminatory. The Eleventh Circuit reversed the grant of summary judgment in part, holding that the doctrine of *judicial estoppel* did not in that case prevent the plaintiff from pursuing claims seeking injunctive relief. *Id.* at 1289.

upon which he is suing." *Cusano*, 264 F.3d at 945. Failure to schedule an accrued cause of action, however, "vests the claim in the bankruptcy estate, where it remains." *Id.* at 948; *see also Stein v. United Artists Corp.*, 691 F.2d 885, 893 (9th Cir. 1982) ("The title to the antitrust claims that were not listed in Century's Chapter XI proceedings did not revest in Century upon its discharge in bankruptcy, and the assignment to Stein was a nullity."). In this circumstance, "the bankruptcy estate [i]s the real party plaintiff in interest." *Dunmore v. United States*, 358 F.3d 1107, 1112 (9th Cir. 2004). Plaintiffs do not deny that they failed to schedule the claims, which then vested in the bankruptcy estate. (Defts.' RJN Ex. A, Schedule B, item 21.) *See also Cusano*, 264 F.3d at 948. Their motion for abandonment requested that the bankruptcy trustee "[a]bandon the claims brought by the Yacks in [this action], which seeks injunctive relief and statutory damages." (Pls.' RJN Ex. B ¶ 1(i).) In that motion, the Yacks so much as admitted that the trustee holds the claims for which the Yacks seek non-monetary relief. The bankruptcy court denied of the motion to request abandonment, leaving the claims for which the Yacks would seek monetary and well as non-monetary relief with the trustee. (Lewis Decl. ¶ 2.) The bankruptcy estate remains the real party in interest here. *See Dunmore*, 358 F.3d at 1112.

    **C.    Even If Plaintiffs Could Theoretically Seek Remedies For Claims Held By the Bankruptcy Trustee, There is No Case or Controversy Here Supporting Declaratory or Injunctive Relief.**

Plaintiffs argue that since the plaintiff in *Burnes* could "go forward" with claims for declaratory and injunctive relief, they may establish standing here by asking for the same relief. Not so. The Court has jurisdiction only over "Cases or Controversies." In *Burnes,* the plaintiff remained employed by the defendant after the bankruptcy discharge, and presumably remained subject to allegedly discriminatory employment practices. Wholly apart from the question of whether the plaintiff could sue the defendant for pre-discharge conduct, the parties there continued to disagree as to their obligations under the law. Here, though, there is no dispute between the parties as to the meaning or application of federal or state statutes that exempt certain Social Security benefits or pension payments from levy. Absent an "actual controversy" (28 U.S.C. § 2201(a)), there is no subject matter jurisdiction. *See, e.g.*, S*witchmen's Union of N. Am. v. S. Pac. Co.*, 253 F.2d 81, 82 (9th Cir. 1958) (holding that there was "no valid dispute between

[the parties] to invoke the declaratory jurisdiction of the district court" where the parties agreed the contract provision was valid); *Burns v. Unum Life Ins. Co. of Am.*, 2007 WL 1793779, at *2 (N.D. Cal. June 19, 2007) (holding that a claim for declaratory relief was not a justiciable controversy where the relief sought was already provided). Plaintiffs' claimed interest in an injunction fares no better: to adequately plead the grounds for such a remedy, plaintiffs would have to allege that their creditors are now seeking or are likely soon to seek and obtain judgments against them (rather unlikely since plaintiffs' debts were discharged in bankruptcy), which those creditors will seek to satisfy by levying on plaintiffs' checking account at Washington Mutual, that unless restrained, Washington Mutual would fail to observe the law, and that damages could not adequately compensate plaintiffs should this highly unlikely and attenuated series of events occur. Plaintiffs' complaint does not so allege.

## II. EVEN IF THEY WERE TO REACQUIRE THE CLAIMS ASSERTED HERE, THE YACKS SHOULD BE JUDICIALLY ESTOPPED FROM PURSUING THEM.

"Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001). Because the Yacks lack standing, the Court need not address this equitable doctrine. The Yacks contend that they would not be judicially estopped from pursuing this action because the bankruptcy court reopened their bankruptcy proceeding. (Opp'n 9:3-12.) They are wrong.

"The success of our bankruptcy laws requires a debtor's full and honest disclosure." *Burnes*, 291 F.3d at 1288. A plaintiff "is precluded from pursuing claims about which he had knowledge, but did not disclose, during his bankruptcy proceedings, and . . . a discharge of debt by a bankruptcy court, under these circumstances, is sufficient acceptance to provide a basis for judicial estoppel, even if the discharge is later vacated." *Hamilton*, 270 F.3d at 784. Allowing a debtor to "reopen the bankruptcy case, and amend his bankruptcy filings only after his omission has been challenged by an adversary, suggests that a debtor should consider disclosing potential assets only if he is caught concealing them." *Burnes*, 291 F.3d at 1288. "This so-called remedy

would only diminish the necessary incentive to provide the bankruptcy court with a truthful disclosure of the debtor's assets." *Id.*

If the Yacks had standing, judicial estoppel would be appropriate here. The Yacks sought to reopen their bankruptcy case only after Washington Mutual's counsel spoke with the Yacks' counsel and asked that he voluntarily dismiss this case because Plaintiffs lack standing to assert their claims. (Declaration of James F. McCabe in Support of Defendant Washington Mutual Bank's Motion for Sanctions ¶ 3 (Docket No. 36).) If they had standing to bring these claims, then by proceeding they would gain an advantage because they fail to truthfully disclose all of their assets to the bankruptcy court. Even if the claims had been abandoned to the Yacks, they should not be rewarded for hiding their assets from the bankruptcy trustee and their creditors.

They Yacks' reliance on *Dunmore* for the contrary position is misguided. In *Dunmore*, the court addressed whether the bankruptcy trustee's abandonment could constitute ratification of the plaintiff's previously commenced action. 358 F.3d at 1113. Judicial estoppel was not at issue. The court's analysis of prudential standing included a footnote noting that "Dunmore's prior omission of his tax refund claims during his Chapter 7 bankruptcy *would ordinarily act as judicial estoppel* against his asserting those very claims against the Government." *Id.* at 1113 n.3 (emphasis added). The court went on to note that allowing Dunmore to reopen his bankruptcy case instead of invoking judicial estoppel "prevented Dunmore from having his cake and eating it too [because] Dunmore risked that the trustee would retain, rather than abandon, the refund claims." *Id.* Here, the Yacks reopened their bankruptcy case, and the trustee has retained the claims they seek to pursue. Beyond the dicta quoted, *Dunmore* supports dismissal of this case for lack of standing. *See id.* at 1112-13.

The Yacks also contend that they should not be judicially estopped from going forward with their claims for declaratory and injunctive relief because these claims "offer[] nothing of value to the estate." (Opposition 6:2 (citation omitted).)[2] They are wrong. First, it is not up to the

---

[2] The Yacks preface this argument by contending that Sunlan and Washington Mutual's "standing arguments do not reach the Yacks' claims for declaratory and injunctive relief." (Opp'n 5:11-2). As discussed above, however, the case on which the Yacks rely addresses judicial estoppel, not standing.

debtor to determine what has value to the estate. The debtor must make full disclosure of his assets so that the trustee can make this determination. 11 U.S.C. §§ 521(a)(1), 554. Because the Yacks did not originally disclose the claims they now seek to pursue, the trustee was not able to make this determination and the Yacks are judicially estopped from pursuing these claims. *See Hamilton*, 270 F.3d at 783.

Even if one were to engage in the *Burnes* court's questioned analysis, judicial estoppel is warranted here. *Burnes* does not stand for the blanket proposition that a debtor who failed to disclose a cause of action can always seek declaratory or injunctive relief. The Yacks delete from the block quote without so stating a crucial footnote, in which the *Burnes* court explains: "[W]e express no opinion about other cases of undisclosed claims of non-monetary relief to which judicial estoppel may or may not apply. **The facts of a particular case will always guide a court's analysis of this issue.**" *Burnes*, 291 F.3d at 1289 n.3 (emphasis added). If the Yacks were to pursue declaratory or injunctive relief, this could result in a judgment that may lead to the assertion of *res judicata* or collateral estoppel on the trustee's claims for monetary relief later. The bankruptcy trustee would be unable to pursue his properly held claims to obtain monetary relief for the Yacks' creditors. Even if the Yacks had standing, which they agree they do not have, they would be judicially estopped from pursuing this action against Sunlan and Washington Mutual.

## CONCLUSION

The Yacks failed to disclose their alleged claims as part of their bankruptcy proceedings, and the bankruptcy court has declined to abandon these claims to the Yacks. The Yacks therefore lack standing to pursue any claim against Sunlan and Washington Mutual and the Court lacks subject matter jurisdiction. For the reasons stated, Plaintiffs are also judicially estopped from pursuing this action. Accordingly, Sunlan and Washington Mutual respectfully request that this Court dismiss the complaint with prejudice.

Dated: June 11, 2008

JAMES F. McCABE
ADRIANO HRVATIN
SARAH E. GRISWOLD
MORRISON & FOERSTER LLP

By: /s/ James F. McCabe
James F. McCabe

Attorneys for Defendant
WASHINGTON MUTUAL BANK