Thomas W. Olson, Jr.
Attorney At Law SBN 020349
6472 Holstein Way
Sacramento, Cal. 95831
(Tel.) 916-442-4551; (Fax) 429-0800



ORIGINAL FILED
JUN 20 2008
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

IN re

MARTIN YACK and HELEN YACK

Debtors.

Case No.: 07-25642-A-7

DC NO. TWO-4

### RENEWED NOTICE OF MOTION TO REQUEST ABANDONMENT PURSUANT TO BANKRUPTCY RULE 6007

Notice is hereby given that Debtors' renewed motion to abandon the claims for injunctive and declaratory relief brought in a prospective class action filed by the Debtors on November 19, 2007 titled <u>Yack v. Washington Mutual, Inc. et. al.</u>, Case No.: 07-5858 (N.D. Cal. 2007) will be heard on July 21 2008, at 9:30 A.M. in Department C of the U.S. Bankruptcy Court, Courtroom 35, 501 I Street, 6th Floor, Sacramento, California.

Opposition, if any, to the granting of the motion shall be in writing and shall be served and filed with the court by any party at least fourteen (14) calendar days before the date of the hearing. Opposition must be served on the U.S. Trustee, Chapter 7 Trustee, Debtors and their attorney at the addresses stated below.

Without good cause, no party will be heard in opposition to the motion at oral argument if written opposition to the motion has not been timely served and filed. Failure of the responding party to timely serve and file written opposition may be deemed a waiver of any

opposition to the motion and the motion may be granted without oral argument.

Addresses for Notice:

Office of the U.S. Trustee
501 I Street, Ste 7-500
Sacramento, Cal 95814

Michael P. Daguisto
Chapter 7 Trustee
P.O. Box 992631
Redding, Cal. 96099

Thomas W. Olson, Jr.
Attorney at Law
6472 Holstein Way
Sacramento, Cal. 95831

Martin and Helen Yack
130 Canyon Highlands Dr.
Oroville, Cal. 95966

/s/ Thomas W. Olson, Jr.
THOMAS W. OLSON, JR.
Attorney at Law

Dated: June 17, 2008

Thomas W. Olson, Jr.
Attorney At Law SBN 020349
6472 Holstein Way
Sacramento, Cal. 95831
(Tel.) 916-442-4551; (Fax) 429-0800

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

IN re

MARTIN YACK and HELEN YACK

Debtors.

Case No.: 07-25642-A-7

### RENEWED MOTION TO REQUEST ABANDONMENT PURSUANT TO BANKRUPTCY RULE 6007

1. Debtors Martin and Helen Yack, by and through their attorney Thomas W. Olson, Jr., move pursuant to Bankruptcy Rule 6007 and Section 554 of title 11 of the United States Code to renew their request to the bankruptcy trustee to abandon the claims for injunctive and declaratory relief brought by the Yacks in a prospective class action filed by them on Nov. 19, 2007 titled Yack v. Washington Mutual, Inc. et. al., Case No.: 07-5858 (N.D. Cal. 2007).

2. By Order dated June 13, 2008, this Court denied the movant's motion to abandon the claims made by the Yacks in their pending federal complaint, without prejudice to their right to renew their motion to abandon.

3. As shown below, in allowing the trustee to pursue the causes of action in Yack v. Washington Mutual, Inc. et. al., Case No.: 07-5858 (N.D. Cal. 2007), this Court has allowed the

- 3 -

Chapter 7 trustee to retain causes of action seeking individual injunctive and class-wide relief which the trustee has absolutely no standing to bring either under the bankruptcy law or under Article III of the United States Constitution. As a result, because the Chapter 7 Trustee is constitutionally prohibited from bringing and/or maintaining these individual injunctive and class action claims, the trustee has absolutely no right or power to retain claims it could not bring in the first place.

4. As the Trustee readily admitted in his opposition to abandonment, the ability to retain and leverage the pending class action claims is precisely what the Trustee is attempting to do in retaining the Yacks' claims for injunctive relief. Thus, in opposing abandonment of the pending federal claims after initially agreeing to abandon them, the Trustee told this Court that it did not know at the time it initially agreed to abandonment "that the Yacks were the class representatives in the class action, or that this status might afford more value to their potential claim."

5. Under these circumstances, where the Yacks are the only party with constitutional standing to maintain the claims for injunctive relief on behalf of either themselves or other affected individuals in the prospective class, the motion to abandon must be granted.

**BACKGROUND**

6. On November 19, 2007, the Yacks filed a pro se complaint in federal district court in San Francisco against Sunlan-020105 LLC, Washington Mutual, Inc., the Los Angeles County Sheriff's Department, and the Butte County Clerk's Office based on the freezing of their bank account at Washington Mutual. On March 6, 2008, counsel for the Yacks filed an Amended Complaint on their behalf, seeking certification of a class of senior citizens who have had Social Security benefits frozen or restricted in violation of 42 U.S.C. §407 and Cal. Code of Civil

- 4 -

Procedure §704.080. In addition to monetary relief, the Yacks seek declaratory and injunctive relief against the defendants seeking to prevent them from attaching funds which are exempt under 42 U.S.C. §407 in a manner which violates the Constitutional due process rights of Social Security recipients.

7. After the defendants in the pending federal action raised the fact that the Yacks had not disclosed these prospective claims in the bankruptcy proceeding filed by them in July 2007, the Yacks moved to reopen the bankruptcy matter. By Order dated April 28, 2008, the bankruptcy court reopened the Chapter 7 case "for the purpose of determining whether the estate should be substituted for the debtors" in the action pending in San Francisco.

8. On May 10, 2008, the Yacks filed a Motion to Request Abandonment of the claims pending in the federal court action pursuant to Rule 6007 of the Federal Bankrupcty Rules, appending a copy of the amended federal court complaint to the motion.

9. By letter dated May 27, 2008, Michael P. Dacquisto -- the Trustee assigned by the bankruptcy court to determine whether the bankruptcy estate wished to pursue the claims brought by the Yacks – stated that he intended to abandon the pending federal claims to allow the Yacks to pursue them:

> As I told you last week I have no objection to relief you sought in the motion for abandonment you filed on 5/12/08 which is set for hearing on 6/10/08. As you know my failure to file opposition 14 days before 6/10/08 precludes me from doing so at this time. I also advised you, at that time, that you could tell Judge Klein you had spoken with me about the motion and that I had no objection to it.

10. A copy of the Trustees' letter indicating his intention to abandon the claims was appended as an exhibit to the Yacks' papers in opposition to Washington Mutual's Motion to Dismiss the federal action, which was based on the Yacks' failure to schedule these claims in bankruptcy. The Yacks' attorneys in the federal action filed and served these papers on the

morning of May 28, 2008.

11. Later that day, however, Mr. Dacquisto abruptly reversed himself. In a letter dated May 28, 2008, the Chapter 7 Trustee withdrew his consent to the proposed abandonment, claiming that a message he received from Washington Mutual on his answering machine led him to believe that the pending causes of action in federal court "may have significant value to the Chapter 7 bankruptcy estate."

12. On May 29, 2008, Washington Mutual filed an opposition to the Yacks' Motion to Abandon which asserted that – though the Yacks' "claims have little value, if any, to the estate" – it "may well be willing to settle" the claims with the Trustee "for a sum that will satisfy the Debtor's creditors."

13. At the same time, the Trustee filed an affirmation supporting Washington Mutual's opposition to the Motion to Abandon. Explaining its' about-face with regard to abandonment of the pending federal claims, the Trustee represented that when he initially decided to abandon those claims to the Yacks, he was not aware that "that the Yacks were the class representatives in the class action, or that this status might afford more value to their potential claim."

13. The Trustee's affirmation continued:

> The particular asset involved, a class action lawsuit and its
> related claims, and causes of action, is difficult to evaluate
> and will require some time for the trustee to do so. While
> the trustee is an attorney he is not an expert in class action
> matters and may need outside assistance and advice to
> evaluate this potential asset.

14. By order dated June 13, 2008, this Court denied the Yacks' Motion To Abandon without prejudice to their right to renew the motion.

## ARGUMENT

## POINT I

### THE TRUSTEE HAS NO STANDING TO MAINTAIN THE YACKS' CLAIMS FOR EITHER INDIVIDUAL OR CLASS-WIDE INJUNCTIVE RELIEF IN THE PROSPECTIVE FEDERAL CLASS ACTION

14. The duty of a Chapter 7 bankruptcy trustee is to "collect and reduce to money the property of the estate for which the trustee serves." Ozark Restaurant v. Anderson, 816 F.2d 1222, 1224 (8th Cir. 1987). Section 541 defines "property of the estate" as "all legal or equitable interests *of the debtor* in property as of the commencement of the case." 11 U.S.C. §541(a)(1) (emphasis added)

15. In the context of causes of action, it is well-settled that the Bankruptcy Code grants trustees limited powers, and that "Congress has not indicated even a scintilla of an intention" to allow trustees to sue on behalf of third parties other than the debtor. Caplin v. Marine Midland, 406 U.S. 416, 434 (1972). See also Smith v. Arthur Andersen LLP, 421 F.3d 989, 1002 (9th Cir. 2004) (a bankruptcy trustee "may only assert claims held by the bankrupt"); Florida Dept. of Insurance v. Chase Bank of Texas, 274 F.3d 924, 930 (5th Cir. 2001) (Bankruptcy Code grants no statutory power to a "bankruptcy trustee to sue on behalf of third parties"); Rochelle v. Marine Midland, 535 F.2d 523, 527 (9th Cir. 1976) ("a reorganization trustee has no standing to maintain [an] action on the part of any person or entity other than his debtor corporation"); Williams v. Cal. First Bank, 859 F.2d 664 (9th Cir. 1988) (a bankruptcy trustee lacks standing to pursue claims on behalf of a debtor's investors, even if they assigned the claims to the trustee)

16. Pursuant to this well-settled principal that a trustee may not maintain an action on behalf of any third-party other than the debtor, both the Supreme Court and lower federal appellate courts have recognized that the bankruptcy code does not grant trustees any authority to bring or maintain an action in which it purports to serve as a class representative for other

parties. Caplin, 406 U.S. at 434 (nothing in the bankruptcy code indicates that Congress intended to allow a trustee to bring a class action on behalf of debenture holders); Fleming v. Lind-Waldock & Co., 922 F.2d 20, 24-25 (1st Cir. 1990) (equity receiver has no standing as a putative class representative to bring class actions on behalf of third parties under the Commodity Exchange Act).

17. Despite this, by its successful defense of the Yacks' Motion to Abandon, the Chapter 7 Trustee now controls a pending federal claim for class relief which it has no constitutional power to maintain, and which the federal district court has no power to hear. As the 11th Circuit said when it dismissed a similar case brought by the Florida Department of Insurance -- as receiver for an insurance company -- on behalf of third-party policyholders:

> Standing must exist for a suit to proceed: In its constitutional dimension, standing imports justiciability: whether the plaintiff has made out a "case or controversy" between himself and the defendant. . . . If the plaintiff is not the party who sustained the concrete and particularized injury for which a remedy is sought, and is not the assignee or designated representative of the injured party, then it does not have standing.

Florida Dept. of Insurance, 274 F.3d at 929.

18. Moreover, even if the claim was only for individual relief, the Chapter 7 Trustee faces additional problems with regard to the claim seeking to enjoin Washington Mutual, Sunlan and the Los Angeles Sheriff's Department from unconstitutionally attaching exempt funds in the future. The Yacks injunction claims seek to enjoin defendants from prospectively violating the Yacks' and other Social Security recipients' rights to constitutional due process by restricting access to bank accounts containing exempt Social Security funds. In Barger v. City of Cartersville, Georgia, 348 F.3d 1289, 1297 (11th Cir. 2003), the 11th Circuit said that – though the plaintiff's failure to schedule his employment discrimination claim estopped him from bringing an individual claim for monetary damages – it had no affect on his claims for injunctive

relief. As the Barger court stated:

> [K]nowledge that the debtor was pursuing a discrimination claim seeking injunctive relief that offered no monetary value to the estate, would not, in all likelihood, have changed the bankruptcy court's determination about how to proceed with the debtor's bankruptcy. . . . The trustee and the creditors are interested in the debtor's property that can add anything of value to the estate. We conclude that [plaintiff's] undisclosed claim for injunctive relief offered nothing of value to the estate and was of no consequence to the trustee or the creditors. We decide then, that the important and necessary reasons that bar [plaintiff's] monetary claims do not affect his efforts to change, through injunctive relief, [defendant's] employment practices. He may pursue his claims for injunctive relief.

348 F.3d at 1297.

19. Numerous other cases stand for the same proposition, holding that claims for injunctive relief may be maintained by a former bankrupt debtor, even if he or she lacks standing or is estopped from bringing a monetary damage claim as a result of failing to schedule those claims in a prior bankruptcy. See, e.g., EEOC v. Merchants State Bank, 2008 U.S. Dist. Lexis 37487, *5 (D.S.D. 2008); Castillo v. Coca-Cola Bottling, Co., 2006 U.S. Dist. Lexis 32062, *11-12 (E.D. Pa. 2006); Bridgewater v. Northrop Grumman Ship Systems, Inc., 2007 U.S. Dist. Lexis 87926, *28-28 (S.D. Miss. 2007); Lett v. Reliable Ruskin, 2006 U.S. Dist. Lexis 50541, *23-25 (M.D. Ala. 2006); Calafiore v. Werner Enterprises, Inc., 418 F.Supp.2d 795, _ (D. Md. 2006). Indeed, the Yacks are unaware of a single case in which a bankruptcy court has failed to order abandonment of a claim for injunctive relief where the claim did not seek to enjoin continuing action which threatened a monetary asset of the debtor.

20. The problem with permitting the Trustee to retain the claim seeking to enjoin the defendants' allegedly unconstitutional attachments is further demonstrated by another principal of federal standing jurisprudence. In order to satisfy the "case or controversy" requirement of Article III, a party seeking to challenge conduct on constitutional grounds "must demonstrate

that he has a personal stake in the outcome of a case to guarantee the concrete adverseness which sharpens the presentation of issues' necessary for proper resolution of constitutional questions." Darring v. Kincheloe, 783 F.2d 874, 877 (9th Cir. 1986) (internal quotations omitted)  As Trustee Daquisto himself represented in his Affirmation in Opposition to Abandonment, the trustee's principal "duty is to maximize recovery for creditors of the estate", not to litigate constitutional questions having nothing to do with the estate, and thus the Trustee cannot possibly claim to have a sufficient "personal stake in the outcome" of the Yacks' (much less the prospective class's) injunction claims to permit those claims to go forward.

21. Moreover, since the funds which were allegedly attached in violation of 42 U.S.C. §407 and the federal Constitution have since been unfrozen, to establish the necessary "personal stake" for standing, the Trustee would also have to demonstrate "a reasonable expectation that the same complaining party will be subject to the same injury again." Mayfield v. Dalton, 109 F.3d 1423, 1426 (9th Cir. 1997)  Again, the Trustee cannot possibly even assert, much less prove, that the U.S. Trustee's office holds statutorily exempt funds in bank accounts which may be unconstitutionally attached at some point in the future.

22. For all of these reasons, the Trustee is absolutely precluded from asserting the Yacks claims for individual injunctive and class-wide injunctive relief.  Therefore, those claims must be abandoned.

**POINT II**

**THE TRUSTEE VIOLATES DEPARTMENT OF JUSTICE TRUSTEE GUIDELINES BY SEEKING TO RETAIN THE YACKS' CLAIMS FOR INJUNCTIVE RELIEF**

23. The Handbook for Chapter 7 Trustees put out by the U.S. Department of Justice states that the Trustee should abandon estate property

>when the total amount to be realized would not result in a
>meaningful distribution to creditors or would redound
>primarily to the benefit of the trustee and professionals.

24. Even if the innumerable obstacles to the Trustees standing did not exist, any reasonable analysis by the Trustee would demonstrate that the claim for injunctive relief has no additional monetary value, other than as a bargaining chip which the Trustee can sell to Washington Mutual to frustrate any judicial inquiry into Washington Mutual's practices.

25. Indeed, in its opposition to the Motion to Abandon, Washington Mutual indicated a willingness to settle the damage claims brought by the Yacks "for a sum that will satisfy the Debtors' creditors."

26. Thus, the Trustee has absolutely no statutory basis to retain the claims for injunctive or declaratory relief brought against Washington Mutual, much less those brought by the Yacks against the other defendants in the action. Doing so will in fact dissipate the amount left for creditors as a result of litigation arising from the Trustee's unprecedented attempt to take control of a cause of action which the Trustee cannot maintain.[1]

---

[1] According to the U.S. Dep't of Justice Handbook for Chapter 7 Trustees, the Trustee also has a fiduciary obligation to debtors to protect the debtor's interest in property (including causes of action) which should properly be controlled by the debtor. U.S. Dep't of Justice Handbook for Chapter 7 Trustees, Chapter 6, Section B ("The trustee is a fiduciary charged with protecting the interests of all estate beneficiaries - namely, all classes of creditors, including those holding secured, administrative, priority, and non-priority unsecured claims, *as well as the debtor's interest in exemptions and in any possible surplus property.*") (emphasis added)

WHEREFORE, debtors request that their renewed motion to require the Trustee to abandon the claims for injunctive and declaratory relief brought by the Yacks in <u>Yack v. Washington Mutual, Inc. et. al.</u>, Case No.: 07-5858 (N.D. Cal. 2007) be granted.

_____
Thomas W. Olson, Jr.

Dated: June 16, 2008

- 12 -