UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HELEN AND MARTIN YACK, et al.,

    Plaintiff(s),

    v.

WASHINGTON MUTUAL INC., et al.,

    Defendant(s).

No. C 07-5858 PJH

**ORDER GRANTING MOTION TO DISMISS**

Before the court are the motions of defendants Washington Mutual, Inc., Sunlan-020105, LLC, and the Los Angeles County Sheriff's Department, to dismiss the complaint. Because the court determines that oral argument would not be helpful, the hearing scheduled for June 25, 2008 is VACATED.

## **BACKGROUND**

Plaintiffs Helen and Martin Yack (collectively "plaintiffs) are California residents who have brought suit against defendants, Washington Mutual, Inc. ("WaMu"), Sunlan-020105, LLC ("Sunlan"), the Los Angeles County Sheriff's Department, and the Butte County Clerk's Office, as a result of defendants' alleged improper freezing of plaintiffs' checking account assets. See generally Amended Complaint for Violations of Fair Debt Collection Practices Act, etc. ("Amended Complaint"). The complaint is brought on behalf of themselves and others similarly situated. Plaintiffs allege that they have been continuous customers of Washington mutual since 1993. Since shortly before that time period, plaintiff Martin Yack has been receiving pension benefits from the Bay Area Painter Pension Fund. See Amended Complaint, ¶ 24. Mr. Yack has also been receiving social security benefits. Id. at ¶ 25. During the relevant time frame alleged, both the social security benefits and the

pension payments were being directly deposited into the plaintiffs' checking account on a monthly basis. Id. at ¶ 26.

In 2000, plaintiff Helen Yack had surgery on her pancreas, and at some point thereafter, Martin Yack was treated for prostate cancer, and suffered a subsequent heart attack. See id. at ¶¶ 29-30. These treatments caused plaintiffs to incur medical bills. Plaintiffs paid a portion of their medical bills with a credit card. Ultimately, however, plaintiffs had difficulty paying their credit card bills. See Amended Complaint, ¶¶ 31-32. Eventually, defendant Sunlan – a debt collector hired by plaintiffs' credit card company – obtained a judgment against plaintiffs in the Butte County Superior Court, in the amount of $10,383.61. See id. at ¶ 33.

Sunlan had the Clerk's Office in Butte County to prepare a Writ of Execution in the full amount of the judgment, and Sunlan issued a copy of the Writ of Execution to the Los Angeles County Sheriff's office. See id. at ¶ 34. Pursuant to the Writ, a Notice of Levy was mailed to defendant Washington Mutual on November 17, 2006. On November 20, 2006, Washington Mutual withdrew $237.00 from plaintiffs' account and delivered it to the Los Angeles County Sheriff pursuant to the Notice of Levy. Defendant Washington Mutual also withdrew a legal processing fee. See id. at ¶¶ 35-37.

On November 24, 2006, plaintiffs filed a claim of exemption noting that the funds which were the subject of the levy were, in fact, exempt pursuant to federal and state statutes. Butte County Superior Court held a hearing on the attached funds on February 9, 2007, at which the court found that plaintiffs' funds were affirmatively exempt from levy. An order releasing the attached funds was issued on February 15, 2007. See Amended Complaint, ¶¶ 44, 49-50.

Plaintiffs filed the instant action on November 19, 2007. They allege that defendant Washington Mutual withdrew and transferred plaintiffs' checking account funds to the co-defendants, despite knowing that the money in plaintiffs' checking account was exempt from attachment under both federal and state law. Id. at ¶ 38. In so doing, defendant

failed to comply with federal and state statutes that specifically place upon defendant bank an obligation to ensure that funds from social security and other public benefit payments are not subject to attachment. Id. at ¶¶ 40-41.

Plaintiffs allege seven different causes of action against defendants, as follows: (1) a Fair Debt Collection Practices Act claim (against Washington Mutual and Sunlan); (2) a claim under the Anti-Attachment provision of the Social Security Act (against all defendants); (3) a claim for violation of § 704.080 of the California Civil Code (against Washington Mutual); (4) a claim for violation of California Civil Code § 1788.10 et seq.; (5) a claim for unfair business practices under Cal. Bus. & Prof. Code § 17200 et seq.; (6) a claim under the Due Process and Supremacy Clauses (against L.A. County Sheriff's Office and Butte County Clerk's Office); and (7) a 42. U.S.C. § 1983 claim (against L.A. County Sheriff's Office and Butte County Clerk's Office). See Amended Complaint, ¶¶ 52-78.

Two defendants, Washington Mutual and Sunlan have filed a joint motion to dismiss the action, for lack of subject matter jurisdiction, and for failure to state a claim pursuant to Fed. R. Civ. pro. 12(b)(1) and (6). Defendant Los Angeles County Sheriff's Department has also filed its own 12(b)(6) motion to dismiss as well as a joinder in the motion filed by Washington Mutual and Sunlan (collectively "defendants," for purposes herein). The only remaining defendant, Butte County Clerk's office has not appeared in this action and the docket reflects no proof that it has been served. Because the Washington Mutual/Sunlan motion is dispositive of the complaint, the court does not reach the issues raised in Los Angeles County's separate motion.

**DISCUSSION**

A.  Legal Standards

    1.  Federal Rule of Civil Procedure 12(b)(1)

On a motion to dismiss for lack of subject matter jurisdiction, the plaintiff bears the burden of establishing subject matter jurisdiction. See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375 (1994); Stock West, Inc. v. Confederated Tribes of the Colville

3

1  Reservation, 873 F.2d 1221, 1225 (9th Cir. 1989). A Rule 12(b)(1) jurisdictional attack may
2  be facial or factual. In a facial attack, the challenger asserts that the allegations contained
3  in a complaint are insufficient on their face to invoke federal jurisdiction. See Safe Air v.
4  Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). In resolving a facial attack, a motion will
5  granted if the complaint, when considered in its entirety, on its face fails to allege facts
6  sufficient to establish subject matter jurisdiction. See, e.g., Savage v. Glendale Union High
7  School, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

       2.     Federal Rule of Civil Procedure 12(b)(6)

In evaluating a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. See, e.g., Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000)(citations omitted). In order to survive a dismissal motion, however, a plaintiff must allege facts that are enough to raise his/her right to relief "above the speculative level." See Bell Atlantic Corp. v. Twombly, --- U.S. ---, 127 S. Ct. 1955, 1964-65 (2007). While the complaint "does not need detailed factual allegations," it is nonetheless "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. In short, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," not just conceivable. Twombly, 127 S. Ct. at 1974.

B.    Analysis

Defendants generally argue that plaintiffs' complaint against them must be dismissed in its entirety, because plaintiffs lack standing to pursue their claims, since they failed to list the claims in their bankruptcy proceeding, and because they are judicially estopped from pursuing claims held by the bankruptcy trustee at any rate.

In support of their position, defendants allege the pertinent facts as follows. On July 20, 2007, well after the alleged events giving rise to this action, that plaintiffs filed a voluntary Chapter 7 bankruptcy petition in the Eastern District of California; that plaintiffs

4

did not disclose therein any of the claims they are now pursuing in this case; and that in doing so, plaintiffs effectively concealed from the bankruptcy their supposed claims against defendants. In accordance with plaintiffs' disclosures to the bankruptcy court, defendants note that plaintiffs were discharged from bankruptcy on November 16, 2007 – three days before plaintiffs filed the instant action. Plaintiffs concede that they failed to disclose the instant claims against defendants in their bankruptcy proceeding, and they furthermore appear to concede that, as a matter of law, this means that they lack standing to assert those claims in federal court.

The Ninth Circuit has been clear as to the legal consequences of failing to disclose potential claims to the bankruptcy court. Generally, property of a bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case," including potential causes of action. See 11 U.S.C. § 541(a)(1). The bankruptcy code furthermore places an affirmative duty on debtors to schedule their assets and liabilities with the bankruptcy court, including potential causes of action. See, e.g., 11 U.S.C. § 521(1); Cusano v. Klein, 264 F.3d 936, 947-48 (9th Cir. 2001)(debtor was "under a duty to schedule [open book accounts] as a receivable or as a cause of action for unpaid royalties. His failure to do so vests the claim in the bankruptcy estate, where it remains"). Where a debtor fails to schedule a potential claim with the bankruptcy court, the claim remains the property of the bankruptcy trustee, not the debtor. See Cusano, 264 F.3d at 947-48 ("[i]f [debtor] failed properly to schedule an asset, including a cause of action, that asset continues to belong to the bankruptcy estate and did not revert to [debtor]"); see also Stein v. United Artists Corp., 691 F.2d 885 (9th Cir. 1982)("[i]t cannot be that a bankrupt, by omitting to schedule and withholding from his trustee all knowledge of certain property, can, after his estate in bankruptcy has been finally closed up, immediately thereafter assert title to the property on the ground that the trustee had never taken any action in respect to it").

Having conceded that their failure to schedule the instant claims bars them from litigating those claims in federal court, plaintiffs instead focus their argument on the fact that

5

they went back and sought to re-open the bankruptcy proceedings after learning of the deficiency. According to plaintiffs, if they can successfully re-open the case and secure an order of abandonment from the trustee with respect to the claims in this action, plaintiffs' lack of standing will be cured. They note that the trustee, in response to their motion requesting abandonment of these claims, had no objection to the request. Unfortunately for plaintiffs, however, after the filing of their opposition, the bankruptcy court affirmatively denied their motion requesting that the trustee abandon the instant claims. See, e.g., Lewis Decl ISO Defs. Reply, ¶ 1; see also June 13, 2008 Minute Order. Accordingly, plaintiffs' only basis for arguing that standing exists is now unavailable to them.

Moreover, to the extent that plaintiffs have argued that any objections to standing only bar their monetary claims, and do not affect their claims seeking declaratory relief or injunctive relief, the court remains unpersuaded. The *only* authority that plaintiffs rely on for this proposition is an Eleventh Circuit case, Barger v. City of Cartersville, 348 F.3d 1289, 1297 (11th Cir. 2003)(judicial estoppel does not prohibit Barger from pursuing any claims for injunctive relief that she may have). Not only is this case not controlling, however, it is not on point as it deals with the question of judicial estoppel, *not* standing. Accordingly, plaintiffs cannot escape the conclusion that all of their claims – whether seeking monetary, declaratory, or injunctive relief – are barred pursuant to valid and *controlling* Ninth Circuit authority.

Alternatively, defendants are also correct with regard to the applicability of judicial estoppel. Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later taking to their benefit a clearly inconsistent position. See Rissetto v. Plumbers & Steamfitters Local 343, 94 F.3d 597, 600-601 (9th Cir.1996). As defendants note, the Ninth Circuit has applied judicial estoppel in the bankruptcy context, to prevent plaintiffs from asserting relevant claims that they failed to disclose during bankruptcy proceedings. See Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 784 (9th Cir. 2001)("[t]his court has held that a debtor who failed to disclose

a pending claim as an asset in a bankruptcy proceeding where debts were permanently discharged was estopped from pursuing such claim in a subsequent proceeding").

As noted above, plaintiffs here failed to disclose the instant claims against defendants in the bankruptcy proceedings, despite having knowledge of all the facts underlying the claims well before plaintiffs filed for bankruptcy on July 20, 2007.  This failure to disclose their claims was an integral part of plaintiffs' bankruptcy claim, and the bankruptcy court's ultimate decision to issue a report of no asset case.  See Defs' Request for Judicial Notice, Ex. B.  Thus, plaintiffs' failure to disclose the instant claims as assets, ultimately worked to plaintiffs' advantage in the bankruptcy proceedings.  See also id. at Ex. C (order granting discharge of debtors).  Now, however, plaintiffs wish to take an inconsistent position, by asserting claims that should have been disclosed, and were required to be disclosed, to obtain monetary and declaratory benefits.  Accordingly, even if plaintiffs had standing, they would be estopped from proceeding on these claims against these defendants.

With regard to the non-appearing defendant, Butte County Clerk's Office, the court dismisses the claims against it for failure of timely service pursuant to Fed. R. Civ. Pro. 4(m).

**CONCLUSION**

The parties' requests for judicial notice are GRANTED.  Defendants' motion to dismiss is GRANTED.  The complaint is dismissed in its entirety with prejudice against defendants Washington Mutual, Sunlan, and Los Angeles County Sheriff's Department pursuant to Rules 12(b)(1) and 12(b)(6).  It is dismissed without prejudice against defendant Butte County Clerk's Office pursuant to Rule 4(m), although the former dismissal would likely have preclusive effect against a subsequent suit against the latter defendant.

/ / /

/ / /

/ / /

7

1  The Clerk shall close the file.
2  **IT IS SO ORDERED.**
3  Dated: June 23, 2008

_____
PHYLLIS J. HAMILTON
United States District Judge