

May 29, 2008
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0001238240

**3**

MICHAEL P. DACQUISTO
Chapter 7 Trustee
PO Box 992631
Redding, California 96099-2631

Telephone:  (530) 244-6267
Fax:        (530) 244-0907

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | NO. 07-25642-C-7 |
| MARTIN A. YACK, HELEN M. YACK | DCN:    TWO-3 |
|               Debtors      / | Date:   June 10, 2008<br>Time:   9:30 a.m.<br>Place:  Courtroom 35, Dept C<br>501 I Street, 6th Floor<br>Sacramento, CA 95814 |

RESPONSE OF MICHAEL DACQUISTO, CHAPTER 7 TRUSTEE, TO MOTION TO COMPEL ABANDONMENT WITH REQUEST TO CONSIDER LATE FILED OPPOSITION

The chapter 7 trustee, Michael Dacquisto, submits the following to this court in opposition to the motion to compel abandonment filed by the debtors.

1.    The trustee requests this court consider this opposition as timely filed, even though it is being filed and served less than 14 days before the June 10, 2008 hearing date. The trustee also requests this court consider the opposition of Washington Mutual as being timely filed and served, even though it appears to have been filed on May 28, 2008, which would be one day late under the local rules.

2.    If this late filed opposition, by a day or two, results in prejudice to the Yacks the trustee would consent to any reply being filed by them on a date closer to the

Page 1

scheduled hearing date than permitted by the local rules and/or a continuance of the scheduled hearing date.

3.   The trustee was unaware of the potential value to the bankruptcy estate of the asset for which abandonment is being sought, the Yack's claim against Washington Mutual, until the afternoon of May 28, 2008, when he returned to his office from conducting 341 meetings all morning and listened to a message left on his answering machine from an attorney for Washington Mutual. That message stated they wanted to discuss this matter and stated they wanted to see about resolving the Yack's claim against them with the trustee, as the representative of the bankruptcy estate. The message mentioned the amount of scheduled claims and mentioned a settlement that would result in a significant distribution to creditors.

4.   The day before, May 27, 2008, the trustee wrote counsel for the Yacks and stated he had no opposition to the abandonment request. This was based on the trustee's assumption, based on prior conversations with Mr. Gruber, the attorney representing the Yacks in their action against Washington Mutual, that the total value of their claim was minimal i.e. less than $1,000.00. It was also done as a personal favor to Tom Olson, counsel for the Yacks. The trustee was not aware, at that time, that the Yacks were the class representatives in the class action, or that this status might afford more value to their potential claim.

5.   After receiving the message from the Washington Mutual attorney the trustee wrote counsel for the Yacks, on May 28, 2008, and withdrew his consent to the requested abandonment.

6.   The trustee joins in the opposition filed by creditor Washington Mutual.

7.   Abandonment is only appropriate upon a showing the asset is burdensome to the estate or of inconsequential benefit to the estate. See 11 U.S.C. §554. The moving papers contain no admissible evidence showing this fact. In contrast to that, Washington Mutual has indicated to the trustee that it would consider paying sufficient money to the trustee to make a substantial distribution to unsecured creditors in return for settlement of

the estate's interest in the unscheduled claim of the debtors against Washington Mutual.

8. The trustee's duty is to maximize recovery for creditors of the estate. If this can be accomplished through settlement, rather than through protracted litigation against Washington Mutual, that would be a preferable outcome.

9. The particular asset involved, a class action lawsuit and its related claims and causes of action, is difficult to evaluate and will require some time for the trustee to do so. While the trustee is an attorney he is not an expert in class actions matters and may need outside assistance and advice to evaluate this potential asset.

10. It is the trustee's normal practice to ask debtors at the 341 meeting if they are a party to any lawsuit and/or if they are suing anyone for any reason. That question is generally posed in some fashion to all debtors. The trustee here does not recall if that question was asked of the debtors at their 341 meeting. The trustee does know the lawsuit against Washington Mutual was never scheduled by the debtors and never exempted by them.

11. Under all these facts the trustee believes the motion to compel abandonment should be denied. Alternatively it should be continued at least one month to provide the trustee an opportunity to fully investigate and analyze it.

12. I, Michael Dacquisto, am the chapter 7 trustee in this case. I have read and have prepared this opposition. The facts set forth above are based on my personal knowledge. I declare under penalty of perjury and under the laws of the State of California the facts set forth above are true and correct. Executed on May 29, 2008 at Redding, California.

/s/ Michael Dacquisto
Michael Dacquisto